**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., <br><br> Defendant. | Civil Action No. 2:21-cv-19234-JMV-JBC <br><br> *Filed Electronically* |

**BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARDS .................................................................................................... 3

    A. *Inter Partes* Review Proceedings Are an Efficient Way To Test Invalidity ............... 3

    B. Courts Routinely Stay Patent Litigation Pending IPR Proceedings ........................... 4

III. ARGUMENT ................................................................................................................... 6

    A. The Petitions for IPR, If Granted, Will Significantly Simplify the Issues in This Case and Reduce the Burden on This Court and the Parties ............................... 6

    B. A Stay Is Appropriate Because Discovery Has Not Commenced ............................. 8

    C. A Stay Will Not Unduly Prejudice or Tactically Disadvantage Plaintiff .................. 10

        1. LG Diligently Filed the Petition for IPR ...................................................... 10

        2. LG Moved to Stay Litigation Within Months of Filing the Petition for IPR ................................................................................................................. 11

        3. The Status of the Review Proceeding Favors a Stay .................................... 12

        4. The Relationship Between LG and Plaintiff Does Not Weigh Against a Stay ............................................................................................................... 12

IV. CONCLUSION .............................................................................................................. 14

**I.     INTRODUCTION**

Defendants LG Electronics, Inc. ("LGE") and LG Electronics USA, Inc. (LGE USA") (collectively, "LG") submit this brief in support of its Motion to Stay this case pending the outcome of petitions for *inter partes* review ("IPR") before the United States Patent Trial and Appeal Board's ("PTAB"). The petitions for IPR ask the PTAB to invalidate all claims of U.S. Patent Nos. 8,194,924 ("the '924 patent"), 7,933,431 ("the '431 patent"), 8,878,949 ("the '949 patent"), and 8,553,079 ("the '079 patent"), (collectively, the "Asserted Patents"), the patents Plaintiff Gesture Technology Partners, LLC ("Plaintiff") asserts in this litigation. A stay, therefore, will likely simplify the issues and reduce the burden on both the Court and the parties.

The case is in its early stages and Plaintiff will not suffer undue prejudice from a stay. While the PTAB has not yet made a decision whether to institute the review proceeding, based on the substantial evidence presented in the IPR petitions and the PTAB's institution of IPR proceedings filed by another party against a subset of the claims of the '431 patent, we submit that the PTAB will very likely institute review and invalidate the asserted claims of the Asserted Patents. Other courts in this Circuit have stayed litigation pending IPR in cases with similar facts. For example, the facts of this case are similar to those compelling a pre-institution decision stay in *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. CV 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013), where the court granted a motion to stay where no trial date had been set and no discovery had taken place. *See also Nasdaq, Inc. v. IEX Grp., Inc.*, No. CV183014BRMDEA, 2019 WL 8268544, at *2 (D.N.J. Sept. 13, 2019) (granting a motion to stay where the parties were "early in the discovery process" and "no trial date [was] set" even where three of the patents-in-suit were not under review by the PTAB). Indeed, the Supreme Court's decision in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348 (Apr. 24, 2018), encourages granting pre-institution stays of litigation pending IPR because, upon institution, "the Board *must* address *every* claim the petitioner has challenged." 138 S. Ct. at 1354

(emphasis added). In cases where every asserted claim of the asserted patent or patents is challenged in an IPR petition, like this one, the *SAS* decision requires consideration of every asserted claim in the likely event that the PTAB grants review. The efficiencies to the Court and the parties, therefore, support a stay especially where, as here, the IPR could be case dispositive.

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

1. **Transfer of this Litigation from W.D.T.X. to D.N.J.**

On February 4, 2021, Plaintiff filed its Complaint in the United States District Court for the Western District of Texas, Waco Division, alleging that certain of LG's smart phones and tablets infringe the Asserted Patents. *See* ECF No. 2. On July 2, 2021, LGE filed an Answer to Plaintiff's Complaint, and LGE USA simultaneously filed a Motion to Transfer this matter to the District of New Jersey. ECF Nos. 23-24. While LGE USA's motion was pending, the parties engaged in limited jurisdictional discovery related to that motion, specifically a single set of interrogatories and requests for production. To date, the parties have also complied with some initial case requirements under the Western District of Texas' Local Patent Rules, including (1) on July 16, 2021, Plaintiff served its preliminary infringement contentions; (2) on October 1, 2021, LGE served its preliminary invalidity contentions; and (3) on October 15, 2021, the parties exchanged proposed claim terms for construction (but not proposed constructions or any evidence to support the same). Thereafter, on October 22, 2021, the District Court for the Western District of Texas, transferred this action to the District of New Jersey.

2. **IPR Proceedings**

Between May 21, 2021 and June 15, 2021, non-party Apple, Inc. filed a petition for IPR for the Asserted Patents. *Apple, Inc. v. Gesture Technology Partners, LLC*, IPR2021-00922 for '079 Patent (May 18, 2021); *Apple, Inc. v. Gesture Technology Partners, LLC,* IPR 2021-00920 for '431 Patent (May 21, 2021); *Apple, Inc. v. Gesture Technology Partners, LLC,* 2021-00923 for '924

2

Patent (May 26, 2021); *Apple, Inc. v. Gesture Technology Partners, LLC*, IPR 2021-00921 for '949 Patent (June 2, 2021)(collectively, the "Apple IPRs"); *See* Walsh Decl., ¶¶ 3-6, Exs. 1-4. Between August 30, 2021 and September 15, 2021, Plaintiff filed its preliminary responses to the Apple IPRs. *Id.* at ¶¶ 7-10, Exs. 5-8. On November 5, 2021, LG filed joinders in the Apple IPRs (IPR2022-00090, IPR2022-00091, IPR2022-00092, IPR2022-00093); *Id.* at ¶¶ 11-14, Ex. 9-12. LG's IPR petitions challenge each and every asserted claim of the Asserted Patents in this litigation. The Board's institution decisions on these petitions are due between November 28, 2021 and December 15, 2021. *See* 35 U.S.C. § 316(a)(11).

In addition to the IPRs filed by Apple and to which LG has filed joinders, two other sets of proceedings are relevant here. First, an unrelated third party, Unified Patents LLC, also filed an IPR petition challenging the validity of claims 7-13 of the '431 patent. *See* Walsh Decl. at ¶ 15, Ex. 13. Following a preliminary response on August 26, 2021, *Id.* at ¶ 16, Ex. 14, the PTAB issued a decision to institute IPR proceedings against the challenged claims on November 22, 2021. *Id.* at ¶ 17, Ex. 15. Second, unrelated third-party Samsung Electronics Co. Ltd., which has been sued for infringement of the Asserted Patents in the Eastern District of Texas (*see Gesture Technology Partners, LLC v. Samsung Electronics Co. Ltd.*, Case No. 6:21-cv-00040 (E.D. Tex.)), filed requests for reexamination of the Asserted Patents on November 11, 2021. See U.S.P.T.O. Patent Reexamination Control Nos. 90/014,900 ('079 Patent), 90/014,901 ('431 Patent), 90/014,902 ('924 Patent), and 90/014,903 ('949 Patent). Thus, in addition to the Apple and LG IPRs, the validity of the asserted claims of the Asserted Patents is simultaneously being challenged by multiple third parties in multiple proceedings before the PTAB and PTO.

## II.   LEGAL STANDARDS

### A.   *Inter Partes* Review Proceedings Are an Efficient Way To Test Invalidity

An *inter partes* review is a procedure introduced by the America Invents Act ("AIA")

3

that permits the PTAB to review the patentability of one or more claims of a patent under 35 U.S.C. §§ 102 and/or 103. *See* 35 U.S.C. § 311(b). Congress established the *inter partes* review as an "effective and efficient alternative to often costly and protracted district court litigation." *MCM Portfolio LLC v. Hewlett- Packard Co.*, 812 F.3d 1284, 1291–92 (Fed. Cir. 2015) (quoting H.R. Rep. No. 112–98, 2011 U.S.C.C.A.N. 67, 75, at 45). The AIA replaced the previous reexamination procedure with "IPRs[, which] are 'adjudicatory in nature.'" *Celgene Corp. v. Peter*, 931 F.3d 1342, 1361 (Fed. Cir. 2019), *cert. denied*, 141 S. Ct. 132 (2020) (citing *Return Mail, Inc. v. United States Postal Serv.*, 139 S. Ct. 1853, 1860 (2019)).

Importantly, if the PTAB issues a final decision affirming the validity of a claim, the petitioner is estopped from raising in civil litigation the same prior art "raised or that reasonably could have been raised during [the] *inter partes* review." 35 U.S.C. § 315(e)(2). Further, statements made by a patent owner during IPR proceedings may be used to support a finding of prosecution disclaimer during claim construction proceedings. *See Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1359–62 (Fed. Cir. 2017).

**B.     Courts Routinely Stay Patent Litigation Pending IPR Proceedings**

A district court has the inherent authority to manage its docket and to stay an action pending IPR. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). "Courts in this district generally consider three factors when determining to grant a stay: '[(]1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Horizon Pharma, Inc. v. Dr. Reddy's Lab'ys, Inc.*, No. CV 15-3324 (SRC), 2018 WL 3574878, at *2 (D.N.J. July 25, 2018) (quoting *Stryker Trauma S.A. v. Synthes (USA)*, 2008 WL 877848, at *1 (D.N.J. 2008)). Here, all three factors support the requested stay.

4

Recognizing the potential for IPR to streamline and inform a patent case, courts often stay proceedings before the PTAB decides whether to institute *inter partes* review. *See, e.g.*, *Miics & Partners Am. Inc. v. Toshiba Corp.*, C.A. No. 14-803-RGA, 2015 WL 9854845, at *1 (D. Del. Aug. 11, 2015) (granting pre-institution stay for post-grant review); *see also Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 1:12–CV–1744–GMS, 2013 WL 3353984, at *4–5 (D. Del. July 2, 2013) (granting pre-institution stay where parties were indirect competitors); *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *3 (W.D. Tex. June 16, 2015) (explaining, when granting a pre-institution stay where parties are competitors, that "even where parties are competitors, courts have found a stay is not unduly prejudicial to the patentee"); *Hansen Mfg. Corp. v. Enduro Sys., Inc.*, No. 11–4030, 2012 WL381238, at *5 (D. S.D. Feb. 6, 2012) (granting a stay pending IPR despite parties being competitors). Indeed, the Supreme Court's decision in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348 (Apr. 24, 2018), has made this approach even more appropriate because, upon institution, "the Board must address every claim the petitioner has challenged." 138 S. Ct. at 1354. Similarly, "the PTAB must complete its review and issue a final determination on the three petitions for IPR within eighteen months." *Depomed Inc. v. Purdue Pharma L.P.*, No. CIV.A. 13-571 JAP, 2014 WL 3729349, at *3 (D.N.J. July 25, 2014). Courts in this district have similarly stayed litigation pending IPRs when parties stipulate to the stay. *Watlow Elec. Manuf. Co. v. Volvo Cars of North Am. LLC.*, No. 2:18-cv-10673-MCS-JAD (D. N.J. May 20, 2019) (granting a stay prior to institution explaining that "[w]ithin thirty (30) days of the receipt of a PTAB decision denying institution of IPR proceedings, or final resolution of the IPR proceedings, including any appeals therefrom, the Parties shall file a joint status report with the Court"); *see also ABM Int'l, Inc. v. Juki America, Inc. et al.*, Civil Action No. 20-687(BRM)(JAD), (D.N.J. Sept. 4, 2020) (Stipulation and Order Staying Litigation). Nevertheless, "either party may file a motion to lift the stay if any part of the petitions for IPR are

5

denied by the PTO—so 'any concern that the motion[ ][is] premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if *inter partes* review is not instituted for all of the asserted claims.'" *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-HSG, 2015 WL 1967878, at *3 (N.D. Cal. May 1, 2015) (quoting *Evolutionary Intelligence, LLC v. Facebook*, Inc., No. C 13-4202 SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014)).

## III.   ARGUMENT

### A.   The Petitions for IPR, If Granted, Will Significantly Simplify the Issues in This Case and Reduce the Burden on This Court and the Parties

This Court has recognized that there are "several ways in which a stay pending IPR proceedings can simplify" a case:

> (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent be found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial from the PTO proceedings which would reduce the complexity and length of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court.

*Canfield Sci., Inc. v. Drugge*, No. CV 16-4636 (JMV), 2018 WL 2973404, at *4 (D.N.J. June 13, 2018) (citing *Eberle v. Harris*, No. CIV.03-5809SRC, 2005 WL 6192865 (D.N.J. Dec. 8, 2005) (citation omitted). *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. CV 15-7025 (RBK/JS), 2016 WL 7165695, at *6 (D.N.J. Dec. 7, 2016) (citations omitted). Similarly, "the 'issue simplification' factor" does not require a complete invalidation of all asserted claims by the IPR proceedings and simplification can occur even where "some or all of the claims are found not invalid." *Depomed Inc. v. Purdue Pharma L.P.*, No. CIV.A. 13-571 JAP, 2014 WL 3729349, at

6

\*5–6 (D.N.J. July 25, 2014)); *see id.* at \*5 ("The more the scope of the litigation exceeds the scope of the IPR proceedings, the less likely the IPR proceedings and requested stay will simplify the issues.").

LG filed an IPR petition on each of the Asserted Patents challenging all asserted claims. The petitions challenge each of the asserted claims on multiple independent grounds, any one of which is likely to invalidate the asserted claims. Thus, the IPRs have great potential to be case dispositive, particularly in light of the Supreme Court's *SAS* decision, because if the Board institutes an IPR "the Board must address every claim the petitioner has challenged." 138 S. Ct. at 1354; *see Canfield*, 2018 WL 2973404, at \*4 ("Issue simplification can occur where the number of asserted claims and patents are reduced due to invalidation or the estoppel effect of the IPR proceedings."). "The 'issue simplification' factor does not require a complete invalidation of all asserted claims by the IPR proceedings and simplification can occur even where 'some or all of the claims are found not invalid.'" *Canfield Sci., Inc. v. Drugge*, No. CV 16-4636 (JMV), 2018 WL 2973404, at \*4 (D.N.J. June 13, 2018) (citing *Depomed*, 2014 WL 3729349, at \*5). The Court would benefit even if the PTAB does not invalidate every claim. An IPR that invalidates only some of the challenged claims still simplifies the issues for litigation because it reduces the number of asserted claims left to be litigated. *Princeton Digital*, 2014 WL 3819458, at \*2. Furthermore, the statutory estoppel provisions would prevent re-litigation of invalidity grounds at issue in the IPR. *See id.*; *see also* 35 U.S.C. § 315(e)(2).

Importantly, Plaintiff's statements, including any pre-institution statements, will become part of the patent's prosecution history and may affect claim construction, noninfringement, and invalidity issues. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359–62 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding can be considered during claim construction and relied upon to support a finding of prosecution disclaimer.");

7

*Batinkoff v. Church & Dwight Co.*, No. 318CV16388BRMLHG, 2020 WL 5627252, at *3–4 (D.N.J. Sept. 21, 2020) (granting a stay after parties had exchanged proposed claim constructions and where the parties are competitors). Therefore, in addition to the likelihood that many disputes regarding claim construction will be mooted, the prosecution history may substantively change for any remaining disputed terms.

Moreover, granting a stay avoids the risk of inconsistent results between the PTO and this litigation (and with respect to the simultaneous IPR and reexamination proceedings initiated by Unified Patents and Samsung, respectively). The PTO should issue final written decisions for the four IPRs no later than December 15, 2022. As such, the risk of inconsistent results exists. Staying litigation pending resolution of the IPR "allow[s] the PTO to adjudicate the validity of the claims before it [and] reduces what otherwise could be duplication of effort and possibly inconsistent results between the administrative agency and this Court." *Ioengine*, 2019 WL 3943058, at *10 (citing *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014)).

Accordingly, staying this case will simplify the issues and reduce the burden on both the Court and the parties.

**B.    A Stay Is Appropriate Because Discovery Has Not Commenced**

"Courts are more willing to stay a case in its early stages pending IPR proceedings because it can advance judicial efficiency by conserving resources expended by the parties and the Court on claims that may subsequently be found invalid." *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. CV 15-7025 (RBK/JS), 2016 WL 7165695, at *8 (D.N.J. Dec. 7, 2016); *see Canfield Sci., Inc. v. Drugge*, No. CV 16-4636 (JMV), 2018 WL 2973404, at *5 (D.N.J. June 13, 2018) (granting a motion to stay where "written discovery is still ongoing, depositions have not yet begun, and no trial date has been set. Although the parties have certainly

8

expended time and resources in this matter, it appears that the bulk of the expenses and time to be invested by the parties in this matter is still to come"). Courts often grant stays pending IPR even though discovery has started and a trial date is set when other major case events such as depositions, claim construction briefing, and expert discovery have not yet begun. *Canfield*, 2018 WL 2973404, at *5; *see Miics & Partners Am. Inc.*, 2015 WL 9854845, at *1 ("While discovery has started and there are trial dates, there have been no depositions, claim construction briefing has not started (although it is about to), and expert discovery is a long way off. The case is relatively young.").

Here, this case is in its infancy. Plaintiff's complaint was transferred to this Court on October 22, 2021 and discovery in this District has not begun. Indeed, the parties have yet to prepare a proposed Joint Discovery Plan. As such, limited written discovery has been exchanged[1], no depositions have occurred, claim construction has not begun apart from a preliminary identification of potential claim terms for construction, and expert discovery is many months away.[2] These circumstances strongly favor staying this litigation pending resolution of the IPR.

Courts have even stayed cases farther along than this one. *See Batinkoff*, 2020 WL 5627252, at *3–4 (granting a stay after parties had exchanged proposed claim constructions and where the parties are competitors); *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. 15CV4431SRCCLW, 2015 WL 7012747, at *8 (D.N.J. Nov. 12, 2015) (granting a stay where fact discovery was in progress); *Canfield*, 2018 WL 2973404, at *5 (granting a stay where written

---

[1] The parties have only engaged in limited jurisdictional discovery and service of requests for production.
[2] While Plaintiff and LGE *only*, have engaged in limited discovery, including the service of preliminary contentions pursuant to the W.D.T.X. Local Patent Rules, as Your Honor knows, this Court's Local Patent Rules ("LPRs") only permit a single date for the service of Infringement, Invalidity and Non-Infringement Contentions. *See* L. Pat. R. 3, et seq. Thus, LG respectfully submits that parties will need to start discovery from scratch and prepare sets of comprehensive contentions consistent with this Court's LPRs.

9

discovery is ongoing); *Princeton Digital*, 2014 WL 3819458, at *3-4 (granting a stay despite having already held an early *Markman* on two claim terms, a motion to dismiss, and a discovery dispute); *see also Ioengine*, 2019 WL 3943058, at *5 (granting a stay despite completion of claim construction briefing because "completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future"). Thus, the stage of litigation here strongly favors granting a stay pending IPR.

### C. A Stay Will Not Unduly Prejudice or Tactically Disadvantage Plaintiff

Plaintiff cannot credibly claim that it will suffer undue prejudice or a tactical disadvantage if this case is stayed. To determine whether undue prejudice or unfair tactical advantage results from a stay, the courts consider the following four factors: "the timing of the request for reexamination, the timing of the request for [a] stay, the status of the reexamination proceedings and the relationship of the parties." *Depomed*, 2014 WL 3729349, at *2 (citation omitted).

#### 1. LG Diligently Filed the Petition for IPR

As an initial matter, the timing of the filing of the IPR petitions imposes no prejudice. "The more diligent a defendant is in seeking *inter partes* review, the less likely it is that the non-movant will be prejudiced by a stay or that the court will find the defendant's filing of the IPR petition to be a dilatory tactic." *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-CV-1107 (GMS), 2014 WL 1369721, at *2 (D. Del. Apr. 7, 2014). Apple, Inc. filed its petitions within four months of the filing of the complaint in the present case. LG joined in those petitions four months later, eliminating any assertion that the timing of the IPR petitions is prejudicial. *See OANDA Corp. v. GAIN Cap. Holdings, Inc.*, No. 320CV05784BRMDEA, 2021 WL 1186778, at *7 (D.N.J. Mar. 30, 2021) (citing *Ioengine, LLC v. PayPal Holdings, Inc.*, No.

10

18-452-WCB, 2019 WL 3943058, at *11 (D. Del. Aug. 21, 2019) (Bryson, J. sitting in designation). This factor, therefore, favors granting a stay.

### 2. LG Moved to Stay Litigation Within Months of Filing the Petition for IPR

Lack of a "dilatory motive" favors granting a stay. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014); *see Canfield*, 2018 WL 2973404, at *2 (explaining that "the Court does not find that the approximately three-month delay between Plaintiff's assertion of its invalidity claim and the filing of its IPR petition or the less than two-month delay between the filing of the petition and the present motion [to stay] demonstrates a dilatory motive"); *see also Ioengine, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *6 (D. Del. Aug. 21, 2019) (Bryson, J. sitting in designation) (explaining that when a party filed its IPR petition before the court ruled on a pending motion to dismiss, "the facts do not suggest a dilatory motive behind the timing of the petition"). LG filed the instant motion to stay within weeks of filing its joinder in the petitions for IPR. LG did not seek any inappropriate tactical advantages in seeking a stay following, for example, an adverse case event. *Depomed*, 2014 WL 3729349, at *3 (finding the timing of IPR sub-factor to be neutral despite the movant filing its IPR petitions just two weeks short of the one-year statutory deadline); *Neste Oil OYJ*, 2013 WL 3353984, at *2 ("Given the prompt filing of both the petition for *inter partes* review and the motion to stay, the court cannot discern an improper dilatory motive."); *see also Princeton Digital*, 2014 WL 3819458, at *4-5 ("The instant cases are not at the very late stages of litigation . . . nor did these filings come after [either party] suffered an adverse case event."). As such, the timing of LG's filing of its joinder in the IPR petitions and the instant motion to stay litigation is the result of a reasonable investigation into and analysis of the prior art. In light of the lack of a dilatory motive, this factor weights in favor

of granting a stay.

### 3.     The Status of the Review Proceeding Favors a Stay

The potential for inconsistent findings if litigation is not stayed favors granting a stay pending IPR. If the IPR and district court litigation proceed in parallel, to say nothing of the simultaneously pending Unified Patents IPR and Samsung reexamination proceedings, "potential exists for an undesired duplication of effort and inconsistent outcomes from two different forums." *RetailMeNot, Inc. v. Honey Sci. LLC*, No. CV 18-937-CFC-MPT, 2020 WL 373341, at *8 (D. Del. Jan. 23, 2020). Institution decisions on all petitions for IPR will publish no later than December 15, 2021; with final written decisions on any instituted IPRs issuing no later than one year after the date of institution. The parties do not have a scheduled trial date in this case and the Initial Conference is set for January 20, 2021. As such, the "potential for the IPR[s] to significantly affect the litigation is high. If a stay is not granted, a decision as to the validity of the [asserted patent] could come at the time of the trial[s] in the district court action[s] or during post-trial motions practice." *Ioengine*, 2019 WL 3943058, at *6 (Bryson, J. sitting in designation). "That potential, coupled with the likelihood the PTAB will initiate review, weighs against the disruption to case schedule should the PTAB deny review." *RetailMeNot, Inc.* 2020 WL 373341, at *8. This factor, therefore, weighs in favor of granting a stay pending IPR.

### 4.     The Relationship Between LG and Plaintiff Does Not Weigh Against a Stay

The relationship between LG and Plaintiff further supports the granting of a stay because Plaintiff is non-practicing entity. "The relationship between the parties is no impediment to a stay, however, where the plaintiff is a non-practicing entity." *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-CV-1107 (GMS), 2014 WL 1369721, at *4 (D. Del. Apr. 7,

2014)(*citing In re Bear Creek Techs.*, MDL No. 12–md–2344, 2013 U.S. Dist. LEXIS 103636, at *18 (D.Del. Jul. 17, 2013) (Explaining that the plaintiffs status as "a non-practicing entity composed solely of the [patent]'s inventor" undermined its prejudice assertions.); *Walker Digital, LLC v. Google, Inc.*, No. 11–309–SLR, 2013 U.S. Dist. LEXIS 52176, at *7 (D.Del. Apr. 11, 2013) (Concluding that "because [the plaintiff] is a non-practicing entity, any prejudice that may result from a stay can be remedied by monetary damages."); *Mission Abstract Data LLC v. Beasley Broad. Grp.*, No. 11–176–LPS, 2011 U.S. Dist. LEXIS 130934, at *12–13 (D.Del. Nov. 14, 2011) (Concluding that the relationship between the parties favored a stay because the plaintiff was "a non-practicing entity, which does not manufacture or sell the products covered by the patents in suit and seeks to collect licensing fees.") Indeed, Plaintiff has not alleged that it designs, produces, sells and/or markets smart phones, tablets or other devices that employ the features and functionalities that are covered by Asserted Patents nor has it asserted that it is a direct competitor of LG. Thus, the relationship between Plaintiff and LG favors the granting of a stay.

## IV. CONCLUSION

LG respectfully requests that the Court stay this case pending *inter partes* review of the Asserted Patents, including staying the case pending institution decisions on the petitions for *inter partes* review that LG has joined. Although we respectfully submit the case should be stayed now prior to the institution decisions (like many Courts have done), in the event this Court finds that a stay should not be granted prior to the institution decision, LG respectfully asks that the Court deny the motion without prejudice to LG's renewing its request after the PTAB institutes IPR as to any asserted claim.

Dated:  November 24, 2021

Respectfully submitted:

*/s/ Liza M. Walsh*
Liza M. Walsh
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
 (973) 757-1100

*Of Counsel:*

Matthew Satchell (*pro hac vice forthcoming*)
DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606
(312) 368-4000

Martin Ellison (*pro hac vice forthcoming*)
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
(310) 595-3000

*Attorneys for Defendants
LG Electronics, Inc.
and LG Electronics USA, Inc.*