UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GESTURE TECHNOLOGY PARTNERS, LLC,** | : | Civil Action No. 21-19234 (JMV) (MAH) |
| **Plaintiff,** | : | |
| v. | : | |
| **LG ELECTRONICS INC., AND LG ELECTRONICS U.S.A., INC.,** | : | OPINION |
| **Defendants.** | : | |

**HAMMER, United States Magistrate Judge**

**I.      INTRODUCTION**

This matter comes before the Court on Defendants' motion to stay discovery pending the outcome of petitions for *inter partes* review ("IPR") that have been filed before the United States Patent Trial and Appeal Board ("PTAB"). Mot. to Stay, Nov. 24, 2021, D.E. 39. The Court has considered the motion on the papers pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1. For the reasons set forth herein, the Court will grant Defendants' motion and stay discovery pending outcome of the IPR proceedings.

**II.     BACKGROUND**

On February 4, 2021, Plaintiff Gesture Technology Partners, LLC ("GTP") filed a Complaint against Defendants LG Electronics, Inc. and LG Electronics, U.S.A., Inc. (collectively "LG") in the United States District Court for the Western District of Texas. Compl., Feb. 24, 2021, D.E. 1. GTP alleges that LG infringed five of GTP's patents; specifically, U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), 8,553,079 (the "'079 patent"), and 7,804,530 (the "'530 patent") (collectively, the "Asserted

Patents"). *Id.* GTP asserts that it owns all substantial rights, interest, and title in and to all five of the Asserted Patents, and has held these at all relevant times. *See id.* After filing at least five requests for extensions of time to answer that were either consented to or were unopposed, LG filed an Answer to the Complaint, along with a motion to transfer venue on July 2, 2021. D.E. 9, 12, 13, 20, 22, 23, and 24. The parties engaged in targeted venue and jurisdiction discovery, after which they filed a joint motion to transfer venue to this Court on October 21, 2021. Motion to Transfer, D.E. 26, 32. The Western District of Texas Court granted the transfer motion on October 22, 2021. Order, D.E. 33.

In the meantime, between May and June of 2021, non-party Apple, Inc. filed petitions for IPR of four of the Asserted Patents in this case: IPR2021-09922 for the '079 Patent; IPR 2021-00920 for the '431 Patent; IPR 2021-00923 for the '924 Patent; and IPR 2021-00921 for the '949 Patent ("the Apple IPRs"). Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1, at 3. The Apple IPRs request the PTAB to invalidate all claims of the '079 Patent, the '431 Patent, the '924 Patent, and the '949 Patent. *Id.* at 1. On November 5, 2021, LG filed joinders in the Apple IPRs against four of the Asserted Patents.[1] *Id.* at 3. "LG's IPR petitions challenge each and every asserted claim of the Asserted Patents in this litigation." *Id.* On November 24, 2021, LG filed the instant motion, seeking a stay pending the outcome of the IPRs. Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1. After LG filed this motion, the PTAB instituted IPR proceedings for all four of the Apple IPRs. Defs.' Reply Brief, Jan. 7, 2022, D.E. 47, at 2.

---

[1] According to LG, its petitions are "substantively identical to Apple's, and LG's joinder requests would place LG in an understudy role in Apple's IPRs, which (if granted) means that LG would adhere to all deadlines in the Apple IPRs, submit no separate substantive filings, and would not seek additional depositions or deposition time, so long as Apple remains in the case." Defs.' Reply Brief, Jan. 7, 2022, D.E. 47, at 2; *see also* Mot. for Joinder to *Inter Partes* Review, D.E. 39-11, at 2.

On March 29, 2022, LG filed a letter updating the Court on the status of the IPR proceedings. LG Letter, Mar. 29, 2022, D.E. 48. LG represents the following:

> On March 17, 2022, the PTAB instituted IPR proceedings on all the asserted claims of U.S. Patent Nos. 8,194,924, 8,553,079, and 7,933,431. The PTAB also granted LG's request for joinder with the ongoing Apple IPRs associated with the same patents, thereby making it likely that the IPR proceedings will conclude by year-end.

*Id.*; *see also LG Electronics, Inc. and LG Electronics U.S.A., Inc. v. Gesture Technology Partners, LLC*, IPR2022-000993 Decision (Patent 8,194,924 B2), IPR2022-00090 Decision (Patent 8,553,079 B2), IPR 2022-00091 Decision (Patent 7,933,431 B2), D.E. 48-1. LG's IPR petition for the '949 Patent is also pending before the PTAB.[2] LG Letter, Mar. 29, 2022, D.E. 48.

LG argues that a stay would not unduly prejudice GTP, would simplify the issues before the Court, and is appropriate considering the status of this case. Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1. In its reply brief, LG further argues that the need for a stay is strengthened because the PTAB instituted the Apple IPRs for four of the five Asserted Patents, and because of developments in other related cases in which the proceedings have been stayed. *See* Defs.' Reply Brief, Jan. 7, 2022, D.E. 47, 2, 6-7. LG forecasts that it is "very likely" that the PTAB will invalidate the asserted claims of the Asserted Patents.[3] Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1, at 1.

---

[2] On April 1, 2022, GTP responded to LG's update, asserting that the PTAB's decision to institute IPR proceedings on the asserted claims of three of the four patents and to grant LG's joinder request does not affect the analysis of LG's motion to stay. Letter, Apr. 1. 2022, D.E. 49.

[3] In support of this assertion, LG cites a similar case involving GTP in the Western District of Texas (WDTX). Defs.' Reply Brief, Jan. 7, 2022, D.E. 47, at 2. In that case, the Court granted a stay of GTP's litigation against Apple, Inc. pending the outcome of the IPR petitions, which are "substantively identical" to the petitions at issue in this case. *Id.* at 2, 7 (citing *Gesture Technology Partners, LLC v. Apple Inc.*, Case No. 6:21-cv-00121 (W.D. Tex.). Additionally, in

GTP opposes a stay, contending that LG's motion is premature because its requests for joinder to the Apple IPRs are still pending, LG was not diligent in filing its joinder requests in the Apple IPRs, it is impossible to predict whether the granting of the motion will simplify the issues before the Court, and GTP will suffer prejudice from further delay of this litigation. Pl.'s Mem. in Opp'n, Dec. 31, 2021, D.E. 46, at 1.

## III.   ANALYSIS

A district court has the inherent authority to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When determining whether to grant a stay pending reexamination, courts in this District generally consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Stryker Trauma S.A. v. Synthes (USA)*, No. 01-3879, 2008 WL 877848, at *1 (D.N.J. Mar. 28, 2008) (quoting *Xerox Corp. v. 3Com Corp.*, F. Supp. 2d 404, 406 (W.D.N.Y. 1999)). The party requesting a stay bears the burden of establishing that a stay is justified. *Clinton*, 520 U.S. at 709.

### A.   A Stay Will Not Unduly Prejudice or Tactically Disadvantage GTP

In determining whether undue prejudice or an unfair tactical advantage would result from a stay, courts consider the following subfactors: (1) the timing of the request for reexamination; (2) the timing of the request for a stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties. *Depomed Inc. v. Purdue Pharma L.P.*, No. 13-571, 2014 WL 3729349,

---

a parallel case involving GTP in the Eastern District of Texas, the USPTO instituted reexamination proceedings for three of the asserted patents in which the court acknowledged a "substantial new question of patentability" was raised by Samsung, Inc. *Id.* at 2-3 (citing *Gesture Technology Partners, LLC v. Samsung Electronics Co. Ltd.*, Case No. 6:21-cv-00040 (E.D. Tex.)).

at *2 (D.N.J. July 25, 2014). While the Court is mindful that any delay in the final resolution of a case pending IPR proceedings may result in some inherent prejudice to GTP, the fact of a "delay inherent to the review process is, itself, insufficient to establish undue prejudice." *Id.* (citing *Brass Smith, LLC v. RPI Indus., Inc.*, No. 09-6344, 2010 WL 4444717, *4 (D.N.J. Nov. 1, 2010)).

### 1. Timing of Request for Reexamination Favors a Stay

LG contends that its requests to join the Apple IPRs were diligently filed because Apple filed IPR petitions within four months of the initiation of this case, and LG sought joinder within four months of Apple filing those petitions. Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1, at 10. LG further contends that it diligently filed its joinder requests because they were submitted just two weeks after the case was transferred to this Court. Defs.' Reply Brief, Jan. 7, 2022, D.E. 47, at 3-4. GTP, on the other hand, argues LG did not file its own IPR petitions, or request to join the Apple IPRs, until nine months after the commencement of this litigation, and five months after Apple filed its IPR petitions. Pl.'s Mem. in Opp'n, Dec. 31, 2021, D.E. 46, at 4. GTP further contends that LG used dilatory tactics in seeking multiple extensions, during which time LG was aware of the Apple IPRs, rendering their requests for reexamination untimely. *Id.*

A petition for *inter partes* review must be filed within one year of the date on which the complaint is served. 35 U.S.C. § 315(b). Courts have found IPR petitions filed before any significant occurrences and proceedings in the underlying district court actions timely. *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-1107, 2014 WL 1369721, at *3 (D. Del. Apr. 7, 2014). Here, LG filed requests to join the Apple IPRs nine months after GTP commenced this litigation, and not long after the transfer issue had been resolved in the Western District of Texas. Thus, LG acted within the statutory one-year deadline for doing so. Moreover, LG made that request before any significant occurrences and proceedings took place in the instant

litigation. Other than limited venue and jurisdiction discovery and the motion to transfer venue, no significant substantive actions have occurred. Thus, the Court finds that the timing of LG's requests for IPR favors a stay in this case.

The Court is not persuaded by GTP's contention that the Court should deny a stay because LG engaged in dilatory tactics. GTP's assertion that LG delayed filing its joinder requests by seeking multiple extensions of time to file an answer in this action is speculative at best. First, GTP either consented to, or did not oppose, those motions to extend LG's time to answer. If GTP had a legitimate concern with respect to LG's requests to extend time to answer, it could have voiced them instead of consenting to or not opposing those requests. Second, GTP seems to conflate two different issues. A request to extend time to answer in this case seems inconsequential to determining whether LG sought to join the Apple IPRs in a timely manner.

Finally, the Court is convinced that LG has taken steps to speed up the IPR process rather than attempt to delay those proceedings. For example, because LG will step into an understudy position in the Apple IPRs if its motion for joinder is granted, LG will comply with all deadlines in the Apple IPRs, will make no separate substantive filings, and will not seek any additional depositions. It is not unreasonable to predict that LG's understudy approach will streamline the process before the PTAB. Accordingly, the Court finds that a stay will not tactically disadvantage or unduly prejudice GTP.

### 2. LG Moved to Stay Litigation in a Timely Manner

GTP similarly contends that LG improperly delayed moving to stay until nine months after GTP filed the Complaint. Pl.'s Mem. in Opp'n, Dec. 31, 2021, D.E. 46, at 4. In support of this assertion, GTP maintains that LG waited to file the motion to stay until after the case was transferred to this Court from the Western District of Texas "in a clear attempt to gain [a] tactical

advantage, and employ yet another dilatory tactic." *Id.* LG contends that it moved to stay the litigation only three weeks after moving to join the Apple IPRs. Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1, at 11. LG further argues that the delay in moving to stay was not due to a dilatory motive, but rather was due to its need to investigate and analyze the prior art before filing its IPR petitions and the instant motion. *Id.*

The Court finds that it was reasonable for LG to undertake an investigation into the allegations against it, the claims of the Asserted Patents, as well as the prior art before deciding to file IPR petitions, joinder requests, and moving to stay this litigation. LG moved to stay this action only three weeks after filing its IPR petitions and joinder requests. That is not an unreasonable amount of time. *See, e.g.*, *Canfield Scientific, Inc. v. Drugge*, No. 16-4636, 2018 WL 2973404 at *2 (D.N.J. June 13, 2018) (finding that a "less than two-month delay between the filing of the petition and the present motion [to stay]" does not demonstrate a dilatory motive.); *Nestle Oil OYJ v. Dynamic Fuels LLC*, No. 12-1744, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) ("Given the prompt filing of both the petition for *inter partes* review and the motion to stay, the court cannot discern an improper dilatory motive."). Additionally, the parties were engaged in targeted jurisdictional discovery and the venue transfer motion was pending for more than three months between the time that GTP filed its Complaint and LG filed its IPR petitions and joinder requests. Under these circumstances, the Court concludes that any delay in filing the IPR petitions and stay request was not due to dilatory motive on LG's part. Thus, the timing of the request to stay the litigation does not support a finding that a stay will unduly prejudice GTP.

### 3. The Status of the IPR Proceedings Favors a Stay

GTP argues that LG's request for a stay is premature because the PTAB has not yet rendered a decision as to LG's joinder requests. GTP explains that courts have denied stays

pending IPR where the PTAB has not yet ruled on a pending joinder motion. Pl.'s Mem. in Opp'n, Dec. 31, 2021, D.E. 46, at 6. Further, GTP argues, even if the PTAB grants joinder, the average length of time that it takes to resolve IPR proceedings weighs against granting a stay. *Id.* LG counters that the status of the IPR proceedings favors a stay because even though LG's joinder requests have not been granted, the PTAB has instituted IPRs for four of the Asserted Patents. Defs.' Reply Brief, Jan. 7, 2022, D.E. 47.

GTP's reliance on the question of whether the PTAB will grant LG's joinder request is now moot. *See* LG Letter, Mar. 29, 2022, D.E. 48. Since the filing of this motion, the PTAB has granted LG's joinder request and instituted proceedings on three of the five Asserted Patents. *LG Electronics, Inc. and LG Electronics U.S.A., Inc. v. Gesture Technology Partners, LLC*, IPR2022-000993 Decision (Patent 8,194,924 B2), IPR2022-00090 Decision (Patent 8,553,079 B2), IPR 2022-00091 Decision (Patent 7,933,431 B2), D.E. 48-1. The Court therefore cannot conclude that LG's request for a stay is premature. Moreover, because the PTAB granted LG's joinder petitions, the IPR proceedings will likely conclude by the end of 2022. LG Letter, Mar. 29, 2022, D.E. 48; *see also* Pl.'s Mem. in Opp'n, Dec. 31, 2021, D.E. 46, at 2 ("LG would be seeking to delay the case until at least December 2022, when the Board is scheduled to provide its final written decision in Apple's *inter partes* review petitions."). Accordingly, the Court finds that the status of the IPR proceedings weighs heavily in favor of a stay.

### 4. The Relationship of the Parties Favors a Stay

LG contends that the relationship of the parties weighs in favor of a stay because the parties are not direct competitors, and GTP is a "non-practicing entity." Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1, at 12-13. GTP responds that even though GTP does not manufacture products or engage in direct competition with LG, the inventor does "routinely seek to license his patented

8

technology, and prefers to do so at this time given his seniority." Pl.'s Mem. in Opp'n, Dec. 31, 2021, D.E. 46, at 6-7.

It is true that inventors may seek to license their technology rather than bring works to market themselves. *Id.* at 7; *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006). However, it remains that GTP does not engage in direct competition with LG. GTP does not allege that it is a direct competitor of LG, nor does it assert that it "designs, produces, sells and/or markets smart phones, tablets or other devices that employ the features and functionalities that are covered by [the] Asserted Patents." Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1, at 13. Where, as here, the plaintiff is a non-practicing entity, any prejudice suffered as a result of a delay in the proceedings can be remedied by monetary damages. *See, e.g.*, *Bonutti,* 2014 WL 1369721, at *3 (plaintiff's status as "a non-practicing entity composed solely of the [patent]'s inventor" diminished its assertions of prejudice); *Walker Digital, LLC v. Google, Inc.*, No. 11-309, 2013 U.S. Dist. LEXIS 52176, at *7 (D. Del. Apr. 11, 2013) (finding that because the plaintiff was a non-practicing entity, an award of damages would be sufficient to cure any prejudice resulting from the stay). Because GTP is a non-practicing entity that does not directly compete with LG, and can be compensated by money damages, the Court finds the relationship of the parties favors granting a stay.

### B. A Stay Would Likely Simplify the Issues in this Case

Courts have identified "several ways in which a stay pending IPR proceedings can simplify" a case:

> (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent be found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial

> from the PTO proceedings which would reduce the complexity and length of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court.

*Canfield*, 2018 WL 2973404, at *4 (citing *Eberle v. Harris*, No. 03-5809, 2005 WL 6192865 (D.N.J. Dec. 8, 2005)) (citation omitted). It is well settled that "issue simplification" does not require a complete invalidation of all claims in the IPR proceedings. It is equally well-settled that where the scope of the civil litigation exceeds the scope of the IPR proceedings, it is less likely that resolution of the IPR proceedings will simplify the civil litigation's issues. *Depomed*, 2014 WL 3729349, at *5.

LG argues that a stay will simplify the issues in this matter because "the petitions challenge each of the asserted claims on multiple independent grounds[,]" and that even if the PTAB does not invalidate every claim, invalidation of some of the claims would reduce the number of asserted claims to be litigated. Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1, at 7. LG also argues that statutory estoppel would prevent re-litigation of claims at issue in the IPR proceeding, and that the risk of inconsistent proceedings weighs in favor of a stay. *Id.* GTP responds that statutory estoppel "would not fully limit the issues to be argued before the court because LG is not currently estopped from presenting the grounds included in non-party Apple's *inter partes* review proceedings or those that could reasonably have been raised." GTP further argues that LG has not shown that the Asserted Patents will be found unpatentable. Pl.'s Mem. in Opp'n, Dec. 31, 2021, D.E. 46, at 7-8.

The Court finds that this factor favors granting a stay. The PTAB has now instituted IPR proceedings for the '924, '079, and '431 patents, and granted LG's joinder request. A stay may reduce the risk of inconsistent and duplicative results between this litigation and the PTO/PTAB in the various proceedings challenging the validity of the Asserted Patents by allowing the

PTO/PTAB to adjudicate the validity of the claims in the Asserted Patents first. *Ioengine*, 2019 WL 3943058, at *10; Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1, at 8. This can "minimize the risk of inconsistent results and conserve resources," as there is "little benefit to be gained from having two forums review the validity of the same claims at the same time." *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. 13-04201, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014).

The possibility of estoppel further supports this finding because "[i]ssue simplification can occur where the number of asserted claims and patents are reduced due to the invalidation or the estoppel effect of the IPR proceedings." *Canfield*, 2018 WL 2973404 at *4. The Court would benefit from the PTAB's decision because the IPR proceedings challenge all claims as to four of the Asserted Patents; even if the PTAB invalidates only some of the claims, it would simplify the issues for litigation and reduce the burden on both the Court and the parties.

### C. The Stage of this Case

LG argues that because this case is in its early stages a stay is appropriate. Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1, at 9. GTP responds that the litigation is not in as early a stage as LG contends, but rather that the litigation has been active for nearly a year. Pl.'s Mem. in Opp'n, Dec. 31, 2021, D.E. 46, at 10. Further, GTP argues that even if the case is in its nascent stages, this fact weighs against a stay, "as it prolongs the prejudice that would be suffered by GTP given LG's deliberate litigation tactics to delay the case." *Id.*

As LG aptly mentions in its brief, "courts are more willing to stay a case in its early stages pending IPR proceedings because it can advance judicial efficiency by conserving resources expended by the parties and the Court on claims that may subsequently be found invalid." *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. 15-7025, 2016 WL 7165695, at *8 (D.N.J. Dec. 7, 2016); Defs.' Brief in Supp., Nov. 24, 2021, D.E. 39-1, at 9. This action was only transferred to

11

this District in October 2021. Moreover, the Court has not yet scheduled a Rule 16 conference and the parties have only exchanged requests for production and engaged in limited discovery related to venue and jurisdiction. *See id.* In addition, no depositions have been conducted, claim construction has not been scheduled, and no trial date has been set. Thus, this Court finds that because this litigation is in its infancy, a stay is appropriate.

### IV.     CONCLUSION

Accordingly, the Court will grant LGs' motion, D.E. 39, and stay discovery pending outcome of the IPR proceedings. If circumstances change, either party may move before this Court to lift or modify the stay. Within fourteen days of resolution of the IPR, the parties will submit a joint status report and a proposed amended scheduling order.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated: April 4, 2022