**Midlige Richter**

JAMES S. RICHTER
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

December 23, 2022

**BY ECF**
Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re: *Gesture Technology Partners, LLC v. LG Electronics, Inc.*, et al.
       Civil Action No. 21 CV 19234 (JMV) (MAH)

Dear Judge Hammer:

   This firm, along with Williams Simons & Landis PLLC, represents Plaintiff Gesture Technology Partners, LLC ("GTP") in the above-referenced matter. Pursuant to the Court's April 4, 2022 Order (ECF No. 51), which provided that "the Court grants Defendants' motion to stay discovery pending outcome of the IPR proceedings" and that "within fourteen days of resolution of the IPR, the parties will submit a joint status report and a proposed amended scheduling order," Plaintiff Gesture Technology Partners LLC ("GTP") and Defendants LG Electronics Inc and LG Electronics U.S.A., Inc. ("LG") submit the following Joint Status Report.

   I.   **REPORT ON *INTER PARTES* REVIEW PROCEEDINGS**

   On April 4, 2022, at the time the Court granted LG's motion to stay pending *inter partes* review, the Patent Trial and Appeal Board ("PTAB") had previously instituted petitions for *inter partes* review filed by non-party Apple against the Asserted Patents: IPR2021-00920 for U.S. Patent No. 7,933,431 ("the '431 Patent"); IPR 2021-00921 for U.S. Patent No. 8,878,949 ("the '949 Patent"); IPR2021-00922 for U.S. Patent No. 8,553,079 ("the '079 Patent"); and IPR 2021-



T. 908.626.0622
F. 908.626.0322
www.midlige-richter.com
info@midlige-richter.com
645 Martinsville Road
Basking Ridge, NJ 07920

00923 for U.S. Patent No. 8,194,924 ("the '924 Patent") (collectively "the Apple IPRs"), each of which were then pending. The PTAB had also instituted a petition for *inter partes* review filed by non-party Unified Patents, LLC as well, IPR2021-00917 for the '431 Patent. The PTAB has now issued a Final Written Decision in each of the aforementioned IPRs. There are now no additional pending IPR proceedings on any of the asserted patents. A summary of the outcome of each of the IPRs follows:

- On November 30, 2022, the PTAB issued its Final Written Decision in IPR2021-00920, determining that Petitioner established by a preponderance of the evidence that some of the challenged claims (1-10, 12, and 14-31) in the IPR Proceeding of the '431 Patent were unpatentable, while finding that claims 11 and 13 were not shown unpatentable.

- On December 5, 2022, the PTAB issued its Final Written Decision in IPR2021-00921, determining that Petitioner established by a preponderance of the evidence that some of the challenged claims (1-3, 5-10, and 12-17) in the IPR Proceeding of the '949 Patent were unpatentable, while claims 4, 11, and 18 were not shown to be unpatentable.

- On November 28, 2022, the PTAB issued a Final Written Decision in IPR2021-00922, determining that Petitioner established by a preponderance of the evidence that some of the challenged claims (1-6, 8-16, 18-26, and 28-30) in the IPR Proceeding of the '949 Patent were unpatentable, while finding that claims 7, 17, and 27 were not shown to be unpatentable.



Honorable Michael A. Hammer, U.S.M.J.　　　　　　　　　　　　　　　　　December 23, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

- On December 2, 2022, the PTAB issued its Final Written Decision in IPR2021-00923, determining that Petitioner failed to establish by a preponderance of the evidence that any challenged claims in the IPR Proceeding of the '924 Patent were shown to be unpatentable.

The chart below shows the status of the claims asserted in this litigation now that the IPRs have concluded:

| Patent-at-Issue | IPR Number | Final Written Decision Outcome | Asserted Claims in this Litigation | Asserted Claims Not Found to Be Unpatentable |
|---|---|---|---|---|
| U.S. 7,933,431 | IPR2021- 00920 | Challenged claims 1-10, 12, and 14-31 found unpatentable.<br><br>Challenged claims 11 and 13 not found unpatentable. | 1-4, 6-9, 11-22, 25-27, 28, and 30 | 11 and 13[1] |
| U.S. 8,878,949 | IPR2021- 00921 | Challenged claims 1-3, 5-10, and 12-17 found unpatentable.<br><br>Challenged claims 4, 11, and 18 not found unpatentable. | 1, 2, 4-9, 11-14, and 16-18 | 4, 11, and 18 |
| U.S. 8,553,079 | IPR2021- 00922 | Challenged claims 1-6, 8-16, 18-26, and 28-30 | 1-6, 8, 9, 11, 14, 15, 19, 21-25, 28, and 30 | None. |

---

[1] *Unified Patents, LLC v. Gesture Technology Partners, LLC*, IPR2021-00917, was also instituted by the PTAB, and challenged asserted claims of the '431 Patent. Claims 10, 11, and 13 were not found unpatentable in that case in a Final Written Decision that issued on November 21, 2022.



Honorable Michael A. Hammer, U.S.M.J.  December 23, 2022
Page 4

| | | found unpatentable.  Challenged claims 7, 17, and 27 not found unpatentable. | | |
| --- | --- | --- | --- | --- |
| U.S. 8,194,924 | IPR2021- 00923 | No challenged claims found unpatentable | 1-10, 12, and 14 | 1-10, 12, and 14 |

In addition to the IPRs, all four asserted patents have also been in ex parte reexamination initiated by Samsung. Those proceedings have now concluded. The following chart identifies the status of the outcomes of the ex parte reexaminations.

| Patent-at-Issue | Reexamination Number | Final Outcome | Asserted Claims in this Litigation | Asserted Claims Not Found to Be Unpatentable |
| --- | --- | --- | --- | --- |
| U.S. 8,878,949 | 90/014,903 | Claims 8-18 finally rejected as unpatentable.  Claims 1-7 confirmed. | 1, 2, 4-9, 11-14, and 16-18 | 1, 2, 3-7 |
| U.S. 8,553,079 | 90/014,900 | All claims finally rejected as unpatentable except for claims 10 and 13. | 1-6, 8, 9, 11, 14, 15, 19, 21-25, 28, and 30 | None. |
| U.S. 8,194,924 | 90/014,902 | All claims finally rejected as unpatentable. | 1-10, 12, and 14 | None. |
| U.S. 7,933,431 | 90/014,901 | All claims finally rejected as unpatentable | 1-4, 6-9, 11-22, 25-27, 28, and 30 | None. |



Honorable Michael A. Hammer, U.S.M.J.  December 23, 2022
Page 5

Between the IPR and the reexamination proceedings, a number of previously asserted claims have been found unpatentable. The below chart identifies the overall status of the asserted claims.

| Patent-at-Issue | Asserted Claims in this Litigation | Asserted Claims Not Found to Be Unpatentable in IPR or Reexamination |
|---|---|---|
| U.S. 7,933,431 | 1-4, 6-9, 11-22, 25-27, 28, and 30 (25 claims) | None. |
| U.S. 8,878,949 | 1, 2, 4-9, 11-14, and 16-18 (15 claims) | 4 |
| U.S. 8,553,079 | 1-6, 8, 9, 11, 14, 15, 19, 21-25, 28, and 30 (19 claims) | None. |
| U.S. 8,194,924 | 1-10, 12, and 14 (13 claims) | None. |

II.  **PROPOSED CASE SCHEDULE**

At the time of the Court's Order granting LG's motion to stay, no scheduling order was in effect in this case. Magistrate Judge James Clark ordered on October 27, 2021, that a scheduling conference be conducted on January 20, 2022 (D.E. 37), which did not take place as Judge Clark subsequently recused himself from the case on December 6, 2021 (D.E. 41). The Parties respectfully submit the Proposed Case Schedule attached as Exhibit A. However, as discussed below, the parties dispute whether this case should remain stayed.

III.  **LG'S POSITION REGARDING STAY**

The existing stay should continue. The Apple IPRs and the Samsung reexaminations resulted in the PTAB invalidating all but one of the asserted claims, and where previously there had been four patents asserted against LG in this litigation, only one patent with a single valid



claim remains: the '949 patent (claim 4). LG expects the IPR Petitioners (i.e., Apple, with LG joining) to appeal the decision not to invalidate the one claim that remains in this litigation, among others. Furthermore, GTP has noticed its intent to appeal the USPTO's rejection of claims from the patents that had previously been asserted. Because the IPR and reexamination outcomes do not overlap in all circumstances (e.g., the IPRs and reexaminations resulted in opposite validity findings for the '924 patent), the final status of the claims and patents in this litigation remain in flux. For example, it could be the case that this litigation restarts with respect to the patent and claim identified above, only for that sole remaining claim to be invalidated on appeal of the IPR decisions while this litigation is ongoing. Conversely, and adding a further layer of complexity, GTP might be successful (in whole or in part) in its appeals of the Samsung reexaminations, and GTP may attempt to expand the scope of this case in the middle of proceedings to cover claims that are currently considered invalid. Adding a third concurrent proceeding which will have jurisdiction over the validity of the '949 patent claim only exacerbates the risk of inconsistent rulings at this time.

  Each of the factors relevant to the stay determination continue to strongly favor a stay through the exhaustion of all appeals. First, there is no question that the IPRs and reexaminations have already dramatically simplified the case—all but one of the 72 previously asserted claims have been invalidated. And given the appeals by the parties to this litigation, the remaining claim may ultimately be invalidated as well, disposing of the entire case. Regardless, the existing appeals of the reexaminations and the likely appeals of the IPRs will undoubtedly have a profound impact on the simplification of the issues in this case.

Honorable Michael A. Hammer, U.S.M.J.                                          December 23, 2022
                                                                                                                                                                                  Page 7

Second, continuing the stay will substantially reduce the burden of litigation on the parties and the Court, as evidenced by the percentage of asserted claims already invalidated. No trial date has been set, no discovery has been conducted, the parties have not begun the claim construction process, and no substantive motions have been filed. As this Court recognized in its original order granting a stay, other than limited venue and jurisdiction discovery and the motion to transfer venue, no significant substantive actions have occurred. *See* ECF 50 at 6. Continuing to stay the case ensures that neither the Court nor the parties will spend resources litigating invalid claims.

Third, granting a stay will not unduly prejudice or tactically disadvantage GTP. As explained in LG's original motion to stay, GTP has not demonstrated any urgency in prosecuting this case. *See* ECF 47 at 4-6. Indeed, the parties were forced to seek extension of the time to submit this status report because GTP waited until the final day to file before it set LG a proposed draft. Moreover, GTP seeks only money damages (it does not make any products and thus cannot seek an injunction), and courts consistently hold that a delay of potential monetary relief is not unduly prejudicial. Given GTP's own delay and demonstrated lack of urgency, continuing the stay in this case pending the appeals of proceedings that invalidated nearly all claims asserted in this case will not prejudice GTP.

For these reasons, the Court should continue to stay this case until all appeals for both the IPRs and the ex parte reexaminations have been exhausted.

### IV.  GTP'S POSITION REGARDING STAY

LG frames the stage of the proceedings as if the Court's stay were still in effect, but the Court specifically granted the stay "pending outcome of the IPR proceedings," and ordered the Parties to submit a "proposed amended scheduling order." ECF 51. LG is in actuality requesting another stay of this case pending Federal Circuit appeals of the *ex parte* reexaminations (and potential appeals of the IPR final written decisions). But "the pendency of an appeal from an IPR, 'and the possibility that the Federal Circuit may reverse the PTO . . . is not, in and of itself, a sufficient basis to make the patentee . . . continue to wait to enforce patent rights that it currently holds.'" *Ioengine, LLC v. Paypal Holdings, Inc.*, 2020 U.S. Dist. LEXIS 198388, *18 (D. Del. Oct. 26, 2020) (quoting *Zoll Med. Corp. v. Respironics, Inc.*, No. 12-1778, 2015 U.S. Dist. LEXIS 92000, 2015 WL 4126741 (D. Del. July 8, 2015)). The possibility that asserted claims might be invalidated on appeal is speculative, because "by the time the Federal Circuit reviews an appeal of an [final written decision], the patent claims at issue have undergone an adversarial process concerning their validity. In other words, all things being equal, the prospect for simplification of patent matters in a case wanes after the PTAB has issued the [final written decision]." *Oyster Optics, LLC v. Ciena Corp.*, 2019 U.S. Dist. LEXIS 171223, *7, 2019 WL 4729468 (N.D. Cal. Sept. 23, 2019).

This case has already been simplified by the Patent Office proceedings, as LG notes. At least one asserted claim has survived all IPR and *ex parte* reexaminations. The pending appeals are unlikely to simplify the case further, because "an appeal of the USPTO's decisions during re-examination proceedings to the Federal Circuit is less likely to result in any further streamlining



of an infringement claim. In fact, 'the mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal an[d] then result in simplification is too speculative to be given much weight." *Puget BioVentures, LLC v. Med. Device Bus. Servs., Inc.*, No. 3:17-CV-503, 2017 U.S. Dist. LEXIS 221953, 2017 WL 6947786, at *2-3 (N.D. Ind. Sept. 22, 2017) (citation omitted) (emphasis in original).

The undue prejudice to GTP from LG's request for another stay, based on mere speculation, is clear. GTP has been litigating with LG since February 2021, and a delay for the sake of the *ex parte* reexamination appeals "would be unduly prejudicial to [patent owner's] interest in the timely enforcement of its patent rights." *Ioengine, LLC*, 2020 U.S. Dist. LEXIS 198388, *18. Furthermore, Dr. Timothy Pryor—the sole inventor of the asserted patents, owner of GTP, and likely GTP's sole fact witness at trial—is 82 years old. The appellate process for the *ex parte* reexamination appeals will take over a year, a delay that would certainly be unduly prejudicial to Dr. Pryor's and GTP's interest in promptly litigating the merits of the claims.

We thank Your Honor for your continued attention to this matter and we look forward to discussing this matter and a proposed schedule with you. Should Your Honor have any questions, we are available at your convenience.

                                                            Respectfully submitted,

                                                            s/ James S. Richter

                                                            James S. Richter

Honorable Michael A. Hammer, U.S.M.J.                           December 23, 2022
                                                                Page 10


Cc:     All Counsel of Record (via ECF and Email)



**EXHIBIT A**

| Deadline | Document/Event | Local Patent Rule |
|---|---|---|
| January 13, 2023 | Submit Discovery Confidentiality Order | L. Pat. R. 2.2: |
| January 18, 2023 | Disclosure of Asserted Claims and Infringement Contentions | L. Pat. R. 3.1 |
| March 2, 2023 | Disclosure of Non-Infringement Contentions and Invalidity Contentions | L. Pat. R. 3.2A and 3.3 |
| March 16, 2023 | Response to Invalidity Contentions | L. Pat. R. 3.4A |
| March 30, 2023 | Exchange Proposed Claim Terms for Construction | L. Pat. R. 4.1 |
| April 20, 2023 | Exchange of Preliminary Claim Constructions and Disclose Extrinsic/ Intrinsic Evidence for Claim Construction | L. Pat. R. 4.2 |
| May 19, 2023 | Joint Claim Construction and Prehearing Statement | L. Pat. R. 4.3 |
| June 16, 2023 | Completion of Claim Construction Discovery | L. Pat. R. 4.4 |
| June 29, 2023 | Claim Construction Submissions, Opening briefs and expert declarations | L. Pat. R. 4.5 |
| July 28, 2023 | Complete Expert Claim Construction Discovery | L. Pat. R. 4.5(b) |
| August 24, 2023 | Responsive Claim Construction Briefs – including responsive expert declarations | L. Pat. R. 4.5(c) |
| September 7, 2023 | Propose Date for Claim Construction Hearing | L. Pat. R. 4.6 |
| September 21, 2023 | Markman Hearing | |

| **Deadline** | **Document/Event** | **Local Patent Rule** |
|---|---|---|
| March 21, 2024 | Close of Fact Discovery | |
| March 28, 2024 | Opening Expert Reports | |
| April 25, 2024 | Responsive Expert Reports | |
| May 9, 2024 | Reply Expert Reports | |
| May 23, 2024 | Close of Expert Discovery | |
| June 6, 2024 | File Dispositive Motions | |
| August 8, 2024 | Final Pretrial Conference | |
| August 29, 2024 | Trial | |