

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

March 17, 2023

**VIA ECF**
Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *Gesture Technology Partners, LLC v. LG Electronics Inc., et al.*
      **Civil Action No: 21-cv-19234 (EP) (MAH)**

Dear Judge Hammer:

This firm, together with DLA Piper LLP, represents Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively "LGE") in the above-referenced matter.  We write to seek the Court's guidance regarding an ongoing dispute between LGE and Plaintiff Gesture Technology Partners, LLC ("GTP").  In short, and as the Court may recall when it ordered that the stay in this litigation be lifted, GTP previously informed the Court that this case—following IPR and *ex parte* reexamination proceedings—would involve just a single claim of a single asserted patent.  However, in its recent infringement contentions, GTP now asserts four patents and 26 claims.  All but one of the 26 claims that GTP now seeks to assert either (1) were invalidated by the PTO in *ex parte* reeaminations; or (2) stem from a patent that GTP dropped from this case in the Western District of Texas ("WDTX") and never informed the Court (or LGE) was part of its ongoing case.  GTP refuses to withdraw these improper contentions and has not identified a reasonable basis for asserting them.  Therefore, LGE respectfully requests the Court enter an order estopping GTP from asserting any claim but claim 4 of U.S. Patent No. 8,878,949.

A.   **Background and Case History**

1.   **Case Transfer and Initial Contentions Service**

On February 4, 2021, GTP filed this case in the WDTX, alleging infringement of five patents: U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), 8,553,079 (the "'079 patent"), and 7,804,530 (the "'530 patent").  *See* D.E. 1. Pursuant to the scheduling order entered by the WDTX court, GTP served initial infringement contentions in July 2021 for four of the five asserted patents ("Initial Contentions").  *See* Initial

Honorable Michael A. Hammer, U.S.M.J.
March 17, 2023
Page 2

Contentions, attached as Exhibit A.  GTP did not serve any infringement contentions for the '530 patent, withdrawing that patent from the case.[1]

On October 21, 2021, the WDTX court transferred this case to this District.  *See* D.E. 33.  On November 24, 2021, LGE moved to stay this case pending *inter partes* reviews ("IPRs") and *ex parte* reexaminations of the '431, '949, '079, and '924 patents.  *See* D.E. 39; *see also* D.E. 57 at 1-5.  LGE submitted that the PTAB proceedings—including the *ex parte* reexaminations—would simplify the issues in this case and avoid duplicate efforts.  *See* D.E. 39-1 at 8-10.  On April 4, 2022, Your Honor granted LGE's motion and stayed this case.  *See* D.E. 51.

### 2. Joint Status Report on PTAB Proceedings

On December 23, 2022, the parties filed a joint status report stating that the PTAB issued a Final Written Decision in each IPR and *ex parte* reexamination.  *See* D.E. 57 at 1-2.  In sum, the parties jointly advised that "[b]etween the IPR and the reexamination proceedings, a number of previously asserted claims have been found unpatentable," and provided the Court with a chart "identifying the overall status of ***the asserted claims***," (emphasis added) reproduced below:

| Patent-at-Issue | Asserted Claims in this Litigation | Asserted Claims Not Found to Be Unpatentable in IPR or Reexamination |
|---|---|---|
| U.S. 7,933,431 | 1-4, 6-9, 11-22, 25-27, 28, and 30 (25 claims) | None. |
| U.S. 8,878,949 | 1, 2, 4-9, 11-14, and 16-18 (15 claims) | 4 |
| U.S. 8,553,079 | 1-6, 8, 9, 11, 14, 15, 19, 21-25, 28, and 30 (19 claims) | None. |
| U.S. 8,194,924 | 1-10, 12, and 14 (13 claims) | None. |

*Id.* at 5.  As shown in this chart, the parties jointly stated that only one asserted claim survived IPR and reexamination proceedings.  The parties also represented that the '530 patent was *not* part of GTP's ongoing case, as indicated by the fact that the table above does not identify any asserted '530 patent claims in this litigation.  GTP also confirmed that the '530 patent was not among the asserted patents in this case in prior submissions as well, including for example *omitting* it from its list of "Asserted Patents" in opposing LGE's Motion to Stay.  *See* D.E. 46 at 1-2.

In the joint status report letter, GTP opposed a continued stay.  *See* D.E. 57 at 8-9.  It argued, in part, that "[t]his case has already been simplified by the Patent Office proceedings," and that "[t]he pending" IPR and *ex parte* reexamination "appeals are unlikely to simplify the case further."  *Id.* at 8.  And importantly, GTP *did not rebut* LGE's express statement that "only one patent with a single valid claim remains: the '949 patent (claim 4)."  *Id.* at 5-6.

---

[1] On August 13, 2021, LGE sent GTP a letter setting forth numerous deficiencies with its Initial Contentions and asking GTP to amend or supplement them.  *See* Aug. 13, 2021, Letter, attached as Exhibit B.  GTP refused to do so.  *See* Sept. 15, 2021, Letter, attached as Exhibit C.  GTP's Second Contentions, recently served in this case, suffer from the exact substantive deficiencies.  LGE has raised those deficiencies with GTP, and will address those deficiencies with GTP (and if necessary the Court) in due course.

Honorable Michael A. Hammer, U.S.M.J.
March 17, 2023
Page 3

On January 18, 2023, Your Honor removed this case's stay in part because "a stay is [un]likely to simplify the issues in this matter." D.E. 58 at 3. That Order relied on GTP's representations that only one valid claim remained at issue in this case, noting that, "[f]rom a review of the parties' joint status report, it appears that there is **only one remaining claim of the seventy-two originally asserted claims**." *Id.* at n.4 (emphasis added); *see also id.* ("This is particularly true where, as here, the **one remaining asserted claim** has survived both IPR and reexamination proceedings." (emphasis added)).

### 3. GTP's Second Contentions

In a stark, unexpected reversal of its prior position and representations to the Court, GTP recently served Infringement Contentions that do not assert only "one remaining asserted claim," but 26 claims over four patents.

Specifically, on February 17, 2023, GTP served LGE with its Disclosure of Asserted Claims and Infringement Contentions ("Second Contentions"). *See* Second Contentions, attached as Exhibit D. These Second Contentions, however, include claims that the U.S. Patent and Trademark Office ("USPTO") invalidated during *ex parte* reexamination and claims from the '530 patent GTP previously dropped from the case. Specifically, GTP now asserts the following claims:

- Claims 1-10, 12, and 14 of the '924 patent;

- Claims 11 and 13 of the '431 patent;

- Claims 11 and 18 of the '949 patent; and

- Claims 1-2, 4, 7-8, 14-15, 18, and 20 of the '530 patent.

For the '924, '431, and '949 patents, GTP asserts claims already found invalid during *ex parte* reexamination proceedings at the USPTO. These are the exact same claims (save one) that GTP previously informed the Court were invalidated when it urged that continuing a stay would not simplify the case. *See* D.E. 57 at 1-2. Moreover, GTP now also asserts claims from the '530 patent, all of which are entirely new because GTP dropped that patent while the case was still pending in Texas, excluding that patent from its Initial Infringement Contentions served in the WDTX phase of the case.

On March 7, 2023, LGE sent GTP a letter asking it to amend its contentions to only address claim 4 of the '949 patent (the only remaining valid claim of a patent not already dropped from the case). Despite LGE's offer, and after meeting and conferring on this issue, GTP has refused to withdraw or amend its contentions.

Overall, GTP's actions betray its representations to this Court, undermine Your Honor's and LGE's understandings of the patents and claims at issue, and prejudice LGE. At minimum, GTP's decision to assert invalid claims on the basis that the invalidation decision is not yet final contradicts its argument against continuing the stay of the case and demonstrates the inefficient litigation LGE sought to avoid. LGE therefore respectfully requests Your Honor enter an order

Honorable Michael A. Hammer, U.S.M.J.
March 17, 2023
Page 4

estopping GTP from asserting claims other than claim 4 of the '949 patent.[2] As discussed below, there is sound legal precedent for such relief, and at least one other federal judge, just this week, has administratively closed a parallel GTP case on identical facts and grounds.

### B. GTP Is Judicially Estopped From Asserting Any Claims Besides Claim 4 of the '949 Patent

GTP led the Court and LGE to believe this is a one claim, one patent case. On that basis the Court entered its Order lifting the stay and restarting this litigation. Under the doctrine of judicial estoppel, GTP cannot reverse course and allege 26 claims across four patents.

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689 (1895). This judicial estoppel rule, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227, n. 8 (2000).

GTP has taken positions—in party communications and Court filings—that only one claim now is at issue in this case. Therefore, GTP is judicially estopped from asserting either (1) claims rejected by PTAB or (2) claims in the '530 patent that it repeatedly has not asserted.

#### 1. It is Improper for GTP to Assert Claims Rejected by PTAB

In its Second Contentions, GTP asserts claims across three patents invalidated during *ex parte* reexamination. *See* Ex. D. By asserting these claims, GTP contradicts both its prior representation to the Court that this case now involves just a single claim from the '949 patent, and the Court's acknowledgement of GTP's representation in the Order lifting the stay. GTP will argue that the rejections during *ex parte* reexamination are being appealed, but the fact remains that those patents' claims—except claim 4 of the '949 patent—currently are invalid and therefore not properly asserted in this case.

As set forth above, GTP jointly submitted a statement that only claim 4 of the '949 patent remained at issue in this case, and then did not correct either this Court or LGE when both expressly stated that only one claim remains at issue in this case. Indeed, GTP's individual submission in the joint statement acknowledged that "at least one asserted claim has survived all IPR and *ex parte* reexaminations," meaning any "pending appeals are unlikely to simplify the case further." D.E. 57 at 8. GTP's assertion of invalid claims begs the question of what it believes has been simplified for this litigation. Its changed position, at best, seriously undermines its prior representations to the Court and LGE.

---

[2] Alternatively, should the Court decline to estop GTP from asserting claims other than claim 4 of the '949 patent, LGE respectfully requests the Court stay the entire case pending the final adjudication of the validity of the (all but one) "asserted" claims currently subject to appeal of the *ex parte* reexamination decisions. At minimum, LGE requests a forty five-day extension to disclose non-infringement contentions and invalidity contentions, currently due by April 3, 2023.

Additionally, the Court previously stayed this case based, in part, on LGE's argument that the relevant PTAB proceedings—including the *ex parte* reexaminations—will simplify the issues in this case and avoid duplicate efforts. *See* D.E. 39-1 at 8-10; D.I. 51. In reinstating this case, the Court noted that issues are unlikely to be simplified because only one claim—which is not on appeal—is left in this case. *See* D.E. 58 at 3. Proceeding with claims subject to PTAB appeals defeats this rationale. When the PTAB—and possibly the Federal Circuit—affirms the *status quo*, any proceedings before the Court on the already invalidated claims will have been wasted, causing great and unnecessary expenditure of time and resources. *See Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1339-40 (Fed. Cir. 2013) (holding decision affirming rejected claims is binding on district court). Given only one claim in one patent is *not* subject to appeal, most of the Court's and parties' efforts likely will be obviated.

Courts routinely acknowledge this problem by staying proceedings—and renewing stays—during PTAB appeals after Final Office Actions reject claims subject to *ex parte* reexaminations. *See Performance Sols. LLC v. Sea Ties, LLC*, No. 20-797, 2022 WL 501389, at *3 (M.D. La. Feb. 18, 2022); *JuxtaComm-Texas Software, LLC v. Lanier Parking Sys. of Va., Inc.*, No. 11-299, 2011 WL 3322554, *2-*3 (E.D. Va. Aug. 2, 2011); *Ohio Willow Wood Co. v. Alps S. LLC*, Nos. 05-1039, 09-1027, 2011 WL 2358649, *2 (S.D. Ohio June 9, 2011); *Alps S., LLC v. Ohio Willow Wood Co.*, No. 09-389, 2011 WL 899627, *1-*2 (M.D. Fla. Mar. 15, 2011). As some courts have acknowledged, it does not serve judicial economy to litigate claims that appear likely invalidated by PTAB. *See, e.g.*, *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. 07-06053, 2010 WL 545855, at *4 (N.D. Cal. Feb. 11, 2010). Accordingly, considering the Court's previous stay of this case pending, *inter alia*, *ex parte* reexamination, the Court's same rationales undergirding the prior stay apply if GTP continues to push rejected claims.

Moreover, at least one other court has rejected GTP's improper strategy. Earlier this week, the Northern District of California administratively closed GTP's entire case against Apple, Inc. under identical circumstances and for the very reasons discussed here. *See* Order at 1, *Gesture Tech. Partners v. Apple, Inc.*, No. 4:22-cv-04806 (N.D Cal. Mar. 13, 2023), D.E. 68, attached as Exhibit E. Like this case, GTP submitted contentions against Apple that asserted the same invalidated '949, '431, and '924 patent claims that LGE identified above. It also argued similarly that the case should proceed during the appeals at issue here. *See* Second Joint Case Management Statement at 10-13, *Gesture Tech. Partners v. Apple, Inc.*, No. 4:22-cv-04806 (N.D Cal. Mar. 13, 2023), D.E. 63, attached as Exhibit F. However, that court rejected GTP's argument and extended its stay until September 2023, reasoning these appeals may simplify the case. *See* Ex. E at 1.

Finally, in its Second Contentions, GTP largely reasserts its Initial Contentions, which LGE twice requested GTP amend and supplement to cure deficiencies, to no avail. *Compare* Ex. A *with* Ex. D. Therefore, not only are the Second Contentions improper, but they also prevent LGE from understanding GTP's accusations. All told, GTP's shifting allegations have prejudiced LGE.

### 2. GTP Cannot Revive the '530 Patent That It Dropped From This Case

GTP wrongly seeks to revive the '530 patent. This defies its prior, numerous omissions of this patent and this District's Local Patent Rules. Accordingly, LGE requests the Court estop GTP from pursuing Contentions concerning the '530 patent.

Honorable Michael A. Hammer, U.S.M.J.
March 17, 2023
Page 6

  After asserting the '530 patent in its original Complaint, GTP did not serve contentions for this patent in its Initial Contentions while the case was pending in WDTX.  *See* Ex. A.  Likewise, it did not mention the '530 patent during the October 15, 2021, claim term exchange and did not dispute that it dropped the '530 patent from the case during motion to stay proceedings in this District, omitting it from its list of "Asserted Patents."  *See* D.E. 46 at 6.  Now, GTP attempts to revive this patent after clearly having withdrawn it from the scope of the case under the rules of both this District and WDTX.

  Adding an additional patent and claims *omitted* in prior contentions and filings, at the very least, requires a showing of good cause.  *See* L. Pat. R. 3.7; *see also In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313-14 (Fed. Cir. 2011).  In analyzing other District Courts' analogous local patent rules, the Federal Circuit has stated, "[t]he purpose of [Local Patent] rule [3.1], and the local patent rules in general, is to require parties to crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (internal quotation marks and citation omitted).  GTP has dropped the '530 patent from this case, and its efforts to revive it thwart this rationale.  *Informatica Corp. v. Bus. Objects Data Integration, Inc.*, No. 02-3378, 2006 WL 463549, *1 (N.D. Cal. Feb. 23, 2006) (striking newly-added claims from final infringement contentions that were omitted in initial contentions); *Realtime Data, LLC v. Packeteer, Inc.*, No. 08-114, 2009 WL 2590101, *2-*9 (E.D. Tex. Aug. 18, 2009) (denying leave to amend to assert additional patents in infringement contentions); *NetAirus Techs., LLC v. Apple, Inc.*, No. 10-03257, 2012 WL 12124908, at *5 (C.D. Cal. Dec. 5, 2012) (denying leave to amend as to certain patent claims where "Plaintiff ha[d] offered no good cause to resurrect claims that it either had not asserted or withdrawn earlier in the case").

  GTP's actions estop it from asserting the '530 patent at this stage.  Reversing course misleads the Court and prejudices LGE.

* * * * *

  LGE thanks Your Honor for Your committed attention to this matter and looks forward to discussing this matter with You, should You so request.  Should Your Honor have any questions, we are available at Your convenience.

               Respectfully submitted,

               *s/Liza M. Walsh*

               Liza M. Walsh

cc: Counsel of Record (via ECF and Email)