

**JAMES S. RICHTER**
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

March 24, 2023

**BY ECF**

Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *Gesture Technology Partners, LLC v. LG Electronics, Inc.*, et al.
             Civil Action No. 21 CV 19234 (JMV) (MAH)

Dear Judge Hammer:

      This firm, along with Williams Simons & Landis PLLC, represents Plaintiff Gesture Technology Partners, LLC ("GTP") in the above-referenced matter. Please accept this letter in response to the March 17, 2023 letter by Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively "LGE"). This action was filed over two years ago and is ready to move forward, including for the reasons outlined in the January 18, 2023 Order denying the stay. LGE seeks the drastic and extreme remedy of limiting GTP's ability to enforce its patent rights by limiting its claims at the outset of this matter to just one claim, claim 4 of U.S. Patent No. 8,878,949. LGE would have this Court believe that GTP somehow misrepresented the nature of its claims and failed to comply with the Local Patent Rules and therefore, LGE is entitled to a second stay of this action and/or GTP should be limited in the claims it is entitled to pursue here.

      GTP respectfully submits that it did not misrepresent the nature or extent of its claims and fully complied with the Scheduling Order entered in this action and the Local Patent Rules. For the reasons explained below, GTP respectfully requests that LGE's request be denied and that GTP be afforded the opportunity to enforce its patent rights here.

      **A.    A Second Stay Is Not Appropriate During the Appeal Process.**

      Your Honor previously found that a stay was not appropriate during the appeals process. *See* D.I. 58 at 3, fn. 4 ("The Court therefore cannot find that staying this matter during the pendency of appeals would simplify the issues before the Court as the number of asserted claims before the Court already are far fewer.") Your Honor also noted that the inventor is 82 years old and will likely be a fact witness at trial. *Id*. ("Additionally, the patent inventor, who is likely to be a fact witness, is eighty-two years old. Accordingly, the Court concludes that an additional stay of discovery during a potentially long appeals process will prejudice Plaintiff's ability to enforce its



Honorable Michael A. Hammer, U.S.M.J.  March 24, 2023
Page 2

patent rights and afford Defendants with a tactical advantage.")  Plaintiff filed this case over two years ago and will suffer prejudice if a stay is entered for a second time.  *Id*.

  **B.**  **Joint Status Report on PTAB Proceedings**

  On December 23, 2022, the parties filed a joint status report identifying the overall status of the asserted claims with respect to the IPR and reexamination proceedings.  Included in the status report was a chart following a paragraph that started with "Between the IPR and the reexamination proceedings…" that listed claim 4 of the '949 patent as the affected claim that was "not found to be unpatentable in IPR or reexamination".  *See* D.I. 57 at 5.  Nothing in that chart limited GTP's assertion of live patent claims that may ultimately survive the proceedings currently on appeal.  Nor did the chart limit GTP's assertion of U.S. Patent No. 7,804,530, which was never subject to an invalidity determination in any IPRs or reexaminination proceedings, but was asserted in the Complaint.

  In the joint status report, the parties both recognized and discussed the status of asserted claims that had been subject to IPR and/or reexamination and that the status of those claims may change at the conclusion of the appeals.  *See* D.I. 57 at 6-9.  For example, LGE stated: "Regardless, the existing appeals of the reexaminations and the likely appeals of the IPRs will undoubtedly have a profound impact on the simplification of the issues in this case." *Id*. at 6.  And GTP asserted that a stay during the appeals of the reexaminations would be unduly prejudicial to Dr. Pryor's and GTP's interest in promptly litigating the merits of the claims.  *Id*. at 8-9.  These concerns were reiterated by the Court in its decision against a further stay.  *See* D.I. 58 at 3, fn. 4. ("Moreover, the Court finds Plaintiff will suffer prejudice if this Court enters a stay for a second time. Plaintiff filed this action nearly two years ago…")  It is true that the current "status" with respect to the IPR and reexamination proceedings is that only claim 4 of the '949 patent has survived all of the IPR and reexamination proceedings.  But that view of the claims' "status" is incomplete because it: (1) does not account for asserted U.S. Patent No. 7,804,530, which is asserted in GTP's Complaint and which was not subject to any IPR or reexamination proceedings; and (2) does not account for the law that issued patent claims in a reexamination are valid until any appeals are concluded and a reexamination certificate is issued.  *See* 35 U.S.C. § 316.

  Under 35 U.S.C. § 316, the issuance of the reexamination certificate only happens "when the time for appeal has expired or any appeal proceeding has terminated."  As explained by the Federal Circuit, § 316 "makes no distinction between appeals to the Board and to this court. And reexamination certificates are not issued piecemeal, at intermediate stages of the reexamination proceeding*."  Bettcher Indus. v. Bunzl USA, Inc.*, 661 F.3d 629, 644-45 (Fed. Cir. 2011).  Although the "status" of the IPR and reexamination proceedings was reflected in the joint status report, in fact claims 11 and 18 of the '949 patent; claims 1-10, 12, and 14 of the '924 patent; and claims 11 and 13 of the '431 patent are still live, valid, and enforceable under the law because no rexamination certificate has issued.  GTP thus has a duty to assert them in the case at this time.



Honorable Michael A. Hammer, U.S.M.J.  March 24, 2023
Page 3

### C. GTP's Infringement Claims

On February 4, 2021, GTP pled its infringement claims in the Original Complaint. *See* D.I. 1 at 4 (U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), and 8,553,079 (the "'079 patent"), and 7,804,530 (the "'530 patent")). GTP and LGE recently submitted a proposed schedule in the joint status report that included a January 18, 2023, deadline for "Disclosure of Asserted Claims and Infringement Contentions" per L. Pat. R. 3.1. *See* D.I. 57 at 12. GTP and LGE subsequently agreed to a February 17, 2023, deadline for "Disclosure of Asserted Claims and Infringement Contentions" per L. Pat. R. 3.1, which Your Honor ordered on January 30, 2023. *See* D.I. 63 at 2. GTP timely served its infringement contentions to LGE on February 17, 2023.

GTP has properly advanced its infringement claims and contentions in accordance with the law, including by providing notice in the complaint and the infringement contentions. *See, e.g.*, *LT v. Bright Data Ltd.*, No. 2:22-cv-011-JRG-RSP, 2022 U.S. Dist. LEXIS 236653, at *7 (E.D. Tex. 2022) ("For these reasons, the first amended complaint and the infringement contentions provide sufficient notice of MC's infringement claims.") Under L. Pat. R. 3.1, GTP properly asserted claims 1-10, 12, and 14 of the '924 patent; claims 11 and 13 of the '431 patent; claims 4, 11, and 18 of the '949 patent; and claims 1-2, 4, 7-8, 14-15, 18, and 20 of the '530 patent.

LGE now argues that the '530 patent should be removed from this case because the '530 patent was not discussed in GTP's response to LGE's motion to stay pending resolution of the IPRs. *See* D.I. 46. The '530 patent was not discussed in GTP's response because the '530 patent was not subject to an IPR, and LGE never mentioned the '530 patent in its Brief in Support of Defendant's Motion to Stay Pending *Inter Partes* Review. *See* D.I. 39-1.

GTP's infringement contentions comply with New Jersey Local Patent Rule 3.1 and were served on February 17, 2023. LGE's reference to case law about amending initial infringement contentions is misplaced. *See* LGE's Letter at 6 (citing L. Pat. R. 3.7, *In re Katz*, *Keranos*, *Informatica*, *Realtime Data*, and *NetAirus*). LGE fails to cite a single case that supports its proposition that GTP's infringement contentions in the Western District of Texas are effectively initial infringement contentions under the New Jersey Local Patent Rules.

LGE's argument here does not make logical sense. If GTP was limited to the infringement contentions served in the Texas action, then there would be no need to serve infringement contentions in this action or otherwise comply with New Jersey Local Patent Rule 3.1.

LGE agreed, however, to a schedule that was entered by the Court which expressly provided the parties would comply with the requirements of the New Jersey Local Patent Rules, including L. Pat. R. 3.1 (Disclosure of Asserted Claims and Infringement Contentions). If the parties were simply going to just take what was done in Texas and use it in this action, and thereby



Honorable Michael A. Hammer, U.S.M.J.                                                    March 24, 2023
                                                                                                   Page 4

agree to be bound to what was previously served, there would be no need for such provisions. LGE did not raise this when the schedule was being negotiated and agreed upon, or when the Court entered the scheduling order.

LGE then argues, though, that GTP did not seek leave to amend its contentions under L. Pat. R. 3.7.  This rule, however, expressly applies to contentions served pursuant to the New Jersey Local Patent Rules. GTP's Infringement Contentions were the first contentions served in this action pursuant to the schedule entered. There were no prior contentions served by GTP under the New Jersey Local Patent Rules that needed to be amended, and therefore, there would be no need to seek leave to amend under L. Pat. R. 3.7.

When this matter was transferred to this Court, this Court's rules became applicable to all proceedings moving forward.  GTP complied with these rules and the scheduling order entered by Your Honor.  As noted previously, the deadline for infringement contentions in this case was per L. Pat. R. 3.1—not L. Pat. R. 3.7.  *See* D.I. 57 at 12 and D.I. 63 at 2. (Disclosure of Asserted Claims and Infringement Contentions" per "L. Pat. R. 3.1").

LGE also argues that GTP should be limited to litigating claim 4 of the '949 patent based on LGE's mischaracterization of the joint status report and citation to two inapposite cases from 1895[1] and 2000.[2]  As discussed above, GTP has properly asserted claims 1-10, 12, and 14 of the '924 patent; claims 11 and 13 of the '431 patent; claims 4, 11, and 18 of the '949 patent; and claims 1-2, 4, 7-8, 14-15, 18, and 20 of the '530 patent.

     **D.**      **The Stay in the Northern District of California**

The recent stay in *Gesture Tech. Partners v. Apple, Inc.*, No. 4:22-cv-04806 (N.D Cal. Mar. 13, 2023), should not disturb Your Honor's Order to resume this litigation, including because "an additional stay of discovery during a potentially long appeals process will prejudice Plaintiff's ability to enforce its patent rights and afford Defendants with a tactical advantage." *See* D.I. 58 at 3, fn. 4.  The advanced age of the inventor (GTP's likely fact witness at trial) weighs against a second stay of this litigation.  Your Honor is not bound by a stay of litigation in another district with a different defendant.

---

[1] *Davis v. Wakelee*, 156 U.S. 680 (1895) (discussing fraud and reliance on assertions from a former trial).

[2] *Pegram v. Herdrich*, 530 U.S. 211 (2000) (discussing reliance on a contradictory fiduciary duty argument).



Honorable Michael A. Hammer, U.S.M.J.            March 24, 2023
                                                                                                    Page 5

       Accordingly, GTP respectfully requests that LGE's application be denied and that this litigation proceed in accordance with the Court's January 30, 2023 Scheduling Order.

       We thank Your Honor for your continued attention to this matter. Should Your Honor have any questions, we are available at your convenience.

                                           Respectfully submitted,

                                           s/ James S. Richter

                                           James S. Richter

Cc:      All Counsel of Record (via ECF and Email)

