

**JAMES S. RICHTER**
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

October 13, 2023

**BY ECF**
Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re: *Gesture Technology Partners, LLC v. LG Electronics, Inc.*, et al.
       Civil Action No. 21 CV 19234 (EP) (MAH)

Dear Judge Hammer:

  This firm, along with Williams Simons & Landis PLLC, represents Plaintiff Gesture Technology Partners, LLC ("GTP") in the above-referenced matter. Please accept this letter on behalf of GTP and Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG") (collectively, the "Parties") as a joint status report pursuant to Your Honor's April 13, 2023 Order (Dkt. No. 86). The parties disagree as to whether the stay should be lifted.

  **I.** **Status of the Appeals**

  The Parties explain the status of each of the appeals. Appeals were filed against four patents, U.S. Patent Nos. 8,194,924 ("the '924 patent"), 7,933,431 ("the '431 patent"), 8,878,949 ("the '949 patent"), and 8,553,079 ("the '079 patent").

  *Inter partes* review ("IPR") petitions were filed by LG, Apple Inc. ("Apple"), and Google LLC ("Google") with the U.S. Patent and Trademark Office Patent Trial and Appeal Board ("PTAB") covering all asserted claims of all asserted patents on April 18, 2021 ('079 patent), May



Honorable Michael A. Hammer, U.S.M.J.  
October 13, 2023  
Page 2

21, 2021 ('431 patent), May 26, 2021 ('924 patent), and June 2, 2021 ('949 patent). The PTAB granted institution of the IPR petitions on all grounds on November 29, 2021 ('079 patent), December 6, 2021 ('924 and '431 patents), and December 13, 2021 ('949 patent).

The following chart shows the results of each IPR and status of the appeals.

| Patent-at-Issue | CAFC Appeal Number (IPR Number) | Final Written Decision Outcome | Asserted Claims in this Litigation | Asserted Claims Not Found to Be Unpatentable | Current Status of the Appeal to the CAFC |
|---|---|---|---|---|---|
| U.S. 7,933,431 | CAFC 23-1475 (IPR2021-00920) and CAFC 23-1444 (IPR2021-00917) | Challenged claims 1-10, 12, and 14-31 found unpatentable. Challenged claims 11 and 13 not found unpatentable. | 1-4, 6-9, 11-22, 25-27, 28, and 30 | 11 and 13[1] | Opening Appellate Briefs Filed |
| U.S. 8,878,949 | CAFC 23-1501 (IPR2021-00921) | Challenged claims 1-3, 5-10, and 12-17 found unpatentable. Challenged claims 4, 11, and 18 not found unpatentable. | 1, 2, 3-9, 11-14, and 16-18 | 4, 11, and 18 | Opening Appellate Brief Filed |
| U.S. 8,553,079 | CAFC 23-1463 (IPR2021-00922) | Challenged claims 1-6, 8-16, 18-26, and 28-30 found unpatentable. Challenged claims 7, 17, and 27 not found unpatentable. | 1-6, 8, 9, 11, 14, 15, 19, 21-25, 28, and 30 | None. | Opening Appellate Brief Filed |

---

[1] *Unified Patents, LLC v. Gesture Technology Partners, LLC*, IPR2021-00917, was also instituted by the PTAB, and challenged asserted claims of the '431 Patent. Claims 10, 11, and 13 were not found unpatentable in that IPR in a Final Written Decision that issued on November 21, 2022.



Honorable Michael A. Hammer, U.S.M.J.  October 13, 2023
Page 3

| | | | | | |
|---|---|---|---|---|---|
| U.S. 8,194,924 | CAFC 23-1494 (IPR2021-00923) | No challenged claims found unpatentable | 1-10, 12, and 14 | 1-10, 12, and 14 | Opening Appellate Brief Filed, Response Brief Filed |

In addition to the appeals of the IPRs, all four asserted patents have also been subject to *ex parte* reexamination initiated by Samsung Electronics Co., Ltd. ("Samsung"). A Final Office Action has issued in each of those proceedings, and Examiner's rejections have been appealed to the PTAB. The following chart shows the outcomes of those Final Office Actions, decision on appeal to PTAB, and the status of appeal to the CAFC:

| Patent-at-Issue | Reexamination Number | Claim Status in Final Office Action | Asserted Claims in this Litigation | Asserted Claims Not Found to Be Unpatentable | Decision on Appeal to PTAB |
|---|---|---|---|---|---|
| U.S. 8,878,949 | 90/014,903 | Claims 8-18 finally rejected as unpatentable. Claims 1-7 confirmed. | 1, 2, 4-9, 11-14, and 16-18 | 1, 2, 3-7 | Affirmed. GTP appealed to CAFC on October 6, 2023. |
| U.S. 8,553,079 | 90/014,900 | All claims finally rejected as unpatentable except for claims 10 and 13. | 1-6, 8, 9, 11, 14, 15, 19, 21-25, 28, and 30 | None. | Affirmed. GTP appealed to CAFC on October 6, 2023. |
| U.S. 8,194,924 | 90/014,902 | All claims finally rejected as unpatentable. | 1-10, 12, and 14 | None. | Awaiting decision. Deadline to appeal to CAFC is 63 days from decision. |
| U.S. 7,933,431 | 90/014,901 | All claims finally rejected as unpatentable | 1-4, 6-9, 11-22, 25-27, 28, and 30 | None. | Awaiting decision. Deadline to appeal to |



Honorable Michael A. Hammer, U.S.M.J.                                           October 13, 2023
                                                                                                                          Page 4

| | | | | CAFC is 63 days from decision. |
|---|---|---|---|---|
| | | | | |

On October 22, 2021, the Western District of Texas Court transferred the case to this District. Dkt. Nos. 33, 34. On November 24, 2021, LG moved to stay the case until resolution of the IPRs and reexaminations (Dkt. No. 39), and the Court granted LG's motion on April 4, 2022. Dkt. No. 51. At the conclusion of the IPRs and reexaminations, LG requested a continuance of the stay pending appeals. Dkt. No. 57. The Court denied LG's request and lifted the stay on January 18, 2023. Dkt. No. 58. On March 17, 2023, LG filed a letter requesting the Court to reconsider its decision to lift the stay in light of GTP's infringement contentions. Dkt. No. 72. On April 13, 2023, after hearing oral argument on the dispute (*see* Dkt. No. 87 for transcript), the Court ordered this case to be stayed again and ordered the parties to submit, on October 13, 2023, a joint status report that "(1) explains the status of each of the appeals; and (2) if not all appeals have been decided at that time, each party's position on whether this Court should lift the stay in whole or part." Dkt. No. 86. The status of the appeals is provided above.

        **II.**        **Each Party's Position on Whether to Lift the Stay in Whole or Part**

The parties disagree on whether the stay should be lifted as follows:

**GTP's Position**

GTP believes the stay should be lifted in part to determine whether LG has infringed and/or is infringing, directly or indirectly, the following patent claims: (1) claim 4 of the '949 patent; and (2) claims 1-2, 4, 7-8, 14-15, 18, and 20 of the '530 patent, including whether that infringement was willful; whether claim 4 of the '949 patent is invalid; whether claims 1-2, 4, 7-8, 14-15, 18,



Honorable Michael A. Hammer, U.S.M.J.  October 13, 2023
Page 5

and 20 of the '530 patent are invalid; and whether GTP is entitled to damages, and if so, the amount of damages to which GTP is entitled.

Of the claims that GTP seeks to litigate at this time, only one is subject to an appeal— is claim 4 of the '949 patent. There are no pending appeals on the '530 patent.

In the past six months, two courts have granted GTP's request to unstay litigation proceed with litigation of claim 4 of the '949 patent. On May 11, Judge Jenkins in the Northern District of Illinois ordered that the litigation will proceed on claim 4 of the '949 patent. *Gesture Technology Partners, LLC v. Motorola Mobility LLC*, Case No. 1:22-cv-03535 (N.D. Ill.) at Dkt. No. 66 ("The case will proceed on Claim 4 of the '949 Patent, and the remaining claims raised by the remaining patents are severed and stayed.") On September 19, 2023, Judge Gonzales Rogers in the Northern District of California ordered that the litigation will proceed with claim 4 of the '949 patent. *Gesture Technology Partners, LLC v. Apple, Inc.*, Case No. 4:22-cv-04806 (N.D. Cal.) at Dkt. No. 74 ("The case will proceed on Claim 4 of U.S. Patent No. 8,878,949 and the remaining claims raised by the remaining patents are severed and stayed.") At the April 13 hearing in this case, the Court noted that "it's prudent to adopt Judge Gonzalez Rogers' approach" in the Northern District of California. *See* Dkt. No. 87 at 26:12-27:1. GTP, therefore, believes this case should similarly proceed with claim 4 of the '949 patent at this time.

GTP also believes this case should proceed on claims 1-2, 4, 7-8, 14-15, 18, and 20 of the '530 patent because there are no pending appeals on any of these claims. Further, claims 1-2, 4, 7-8, 14-15, 18, and 20 of the '530 patent were properly disclosed in GTP's February 17, 2023 infringement contentions. GTP pled infringement of the '530 patent in the complaint and timely



disclosed the '530 patent in its February 17 infringement contentions. *See* Scheduling Order, Dkt. 63 at 2 (requiring GTP to disclose infringement contentions on February 17). That is all that was required.

GTP's prior failure to discuss the '530 patent in arguments related to the briefing of the stay may be portrayed as a strategic mistake but it does not change the fact that the '530 patent has been properly asserted against LG. Additionally, the infringement contentions served in another district before transfer to this District are of no consequence. Once a case is transferred, this Court's patent local rules govern the case moving forward. *See Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-00852 WHA, 2012 U.S. Dist. LEXIS 69976, 2012 WL 1831595, at *2 (N.D. Cal. May 18, 2012) (applying the Northern District of California's patent local rules to infringement contentions after the case transferred from the Eastern District of Texas). LG would like the Court to believe that GTP did not properly assert the '530 patent, but LG fails to provide a single legal authority that is on point to support its attorney argument. It is regrettable that LG mischaracterizes the Court's April 13 guidance by suggesting that it required GTP to file a motion to amend infringement contentions to add the '530 patent back into the case. As previously shown, the '530 patent was timely included in GTP's February 17 infringement contentions.

"[T]he pendency of an appeal from an IPR, 'and the possibility that the Federal Circuit may reverse the PTO . . . is not, in and of itself, a sufficient basis to make the patentee . . . continue to wait to enforce patent rights that it currently holds.'" *Ioengine, LLC v. Paypal Holdings, Inc.*, 2020 U.S. Dist. LEXIS 198388, *18 (D. Del. Oct. 26, 2020) (quoting *Zoll Med. Corp. v. Respironics, Inc.*, No. 12-1778, 2015 U.S. Dist. LEXIS 92000, 2015 WL 4126741 (D. Del. July 8,



Honorable Michael A. Hammer, U.S.M.J.  October 13, 2023
Page 7

2015)). The possibility that asserted claims might be invalidated on appeal is speculative, because "by the time the Federal Circuit reviews an appeal of an FWD, the patent claims at issue have undergone an adversarial process concerning their validity. In other words, all things being equal, the prospect for simplification of patent matters in a case wanes after the PTAB has issued the FWD." *Oyster Optics, LLC v. Ciena Corp.*, 2019 U.S. Dist. LEXIS 171223, *7, 2019 WL 4729468 (N.D. Cal. Sept. 23, 2019).

This case has already been simplified by the Patent Office proceedings. IPR estoppel, codified under 35 U.S.C. § 315(e)(2), states that a "petitioner in a post-grant review of a claim in a patent . . . may not assert . . . in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that post-grant review." The IPR estoppel doctrine prevents LG from making the same invalidity arguments they previously made (or reasonably could have made) in the IPR proceedings. Thus, this case is greatly simplified because LG is estopped from making the arguments it raised or reasonably could have raised in its IPR2022-00092 against claim 4 of the '949 patent and its IPR2021-01255 against claims 1-2, 4, 7-8, 14-15, 18, and 20 of the '530 patent.

The pending appeals are unlikely to simplify the case further, because "an appeal of the USPTO's decisions during re-examination proceedings to the Federal Circuit is less likely to result in any further streamlining of an infringement claim. In fact, 'the mere *possibility* (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal an[d] then result in simplification is too speculative to be given much weight." *Puget BioVentures, LLC*



*v. Med. Device Bus. Servs., Inc.*, No. 3:17-CV-503, 2017 U.S. Dist. LEXIS 221953, 2017 WL 6947786, at *2-3 (N.D. Ind. Sept. 22, 2017) (citation omitted) (emphasis in original).

In addition to claim 4 of the '949 patent, appeals to the CAFC from the IPR and reexam decisions may revive additional asserted patent claims. *See* the charts in the Status of the Appeals section *supra*. Specifically, the following asserted claims may be revived on appeal: 1-4, 6-9, 11-22, 25-27, 28, and 30 of the '431 patent; 1-10, 12, and 14 of the '924 patent; 1-6, 8, 9, 11, 14, 15, 19, 21-25, 28, and 30 of the '079 patent; and 1, 2, 3, 5-9, 11-14, and 16-18 of the '949 patent.

The undue prejudice to GTP from LG's request for another stay is clear. GTP has been litigating with LG since February 2021, and a delay for the sake of the *ex parte* reexamination appeals "would be unduly prejudicial to [patent owner's] interest in the timely enforcement of its patent rights." *Ioengine, LLC*, 2020 U.S. Dist. LEXIS 198388, *18. Furthermore, Dr. Timothy Pryor—the sole inventor of the asserted patents, owner of GTP, and likely GTP's sole fact witness at trial—is 82 years old. The appellate process for the *ex parte* reexamination appeals will take over a year, as the reexamination outcomes will not even be made final until issuance of an *ex parte* reexamination certificate under 35 U.S.C. § 307 and 37 C.F.R. § 1.570 (a), following appeals to the PTAB. That delay would certainly be unduly prejudicial to Dr. Pryor's and GTP's interest in promptly litigating the merits of the claims.

Accordingly, GTP respectfully submits that the stay should be lifted as to claim 4 of the '949 patent and claims 1-2, 4, 7-8, 14-15, 18, and 20 of the '530 patent against LG. GTP proposes that the Parties submit an agreed schedule pursuant to the Local Patent Rules unless the Court orders otherwise.

Honorable Michael A. Hammer, U.S.M.J.                                                                                                                  October 13, 2023
                                                                                                                               Page 9

**<u>LG's Position</u>**

There has been no material change in circumstances since the Court ordered this case to be stayed in April, and for that reason the stay should continue until the appeals of the four patents-in-suit have completed. The Court ordered that "this matter is stayed pending resolution of the appeals of the IPR and reexamination proceedings." Dkt. No. 86. As the charts above demonstrate, appeals to the Federal Circuit are underway in six of the eight proceedings, and the outcomes of the two remaining proceedings—the reexaminations of the '431 and '924 patents—will likely be positioned for appeal soon, given that all four reexaminations concluded at roughly the same time. Because the appeals are not yet resolved, and the underlying facts that justified a stay in the first instance have not changed, LG respectfully requests that the Court continue to keep this case stayed until the IPR and reexamination appeals have concluded.

As they did in April when the Court entered its order, the factors for staying this case continue to weigh in favor of pausing the litigation. First, the stay will not prejudice GTP to any greater degree than when it was first entered. Although GTP again argues about its interest in timely resolving this litigation, those arguments are belied by the fact that GTP waited until two years after the patents expired to assert them against LG, and that GTP consented to or caused substantial delays during this litigation itself, including extending deadlines and delaying resolution of LG's transfer motion by more than three months. Indeed, GTP's portion of this status report—in which it refers to the dispositions of the *Motorola* case in N.D. Illinois and the *Apple* case in N.D. California and urges the Court to follow suit—demonstrates the same lack of urgency

Honorable Michael A. Hammer, U.S.M.J.  October 13, 2023
Page 10

that GTP has previously exhibited: those cases resumed five months ago and one month ago, respectively, but GTP did not mention it to the Court until now.

Second, continuing the stay will simplify the issues in this case, as the Court previously decided. Although GTP contends otherwise in this status report, the arguments advanced by GTP are again undermined by GTP's actions and representations. For example, GTP argues that this matter is sufficiently simplified to restart, but simultaneously admits that appeals to the Federal Circuit from the IPR and reexam decisions may revive additional asserted patent claims, indicating that GTP intends to shoehorn into this case any claims that survive appeal. GTP has previously posited to this Court that litigation will commence on just claim 4 of the '949 patent, and the Court may recall that it was GTP's improper attempts to revive dropped and/or invalidated patents and claims that prompted LG's request for the April 2023 stay in the first instance. *See* Dkt. No. 72.

GTP's attempt to rewrite the procedural posture of the '530 patent shows why a final resolution of the appeals is necessary to prevent GTP from improperly expanding this litigation. In this status report, GTP describes the '530 patent as an asserted patent that was "properly disclosed in GTP's February 17, 2023 infringement contentions," thereby attempting to restart this litigation not as a case about a single claim of a single patent, but as one involving two patents and ten total claims. LG already briefed this issue to the Court earlier this year—GTP dropped the '530 patent in W.D. Texas, and refrained from identifying the '530 patent as an asserted patent in this Court in order to secure the initial lifted stay order in January. *See* Dkt. No. 72 (recalling the history of the '530 patent). At the hearing in April, the Court indicated that GTP would need to file a motion to amend its contentions to add the '530 patent back into the case, and that LG could file a



Honorable Michael A. Hammer, U.S.M.J.  October 13, 2023
Page 11

motion for judicial estoppel of the same. Dkt. No. 87 at 26-27. GTP omits this entire procedural history and instead treats the '530 patent as a *de facto* part of this dispute, when it most certainly is not. Given GTP's past litigation tactics and improper attempts to revive and reassert patents and claims, a resolution of the appeals for the asserted claims of the four actual patents-in-dispute (the '079, '431, '924, '949 patents) is necessary to achieve full and final simplicity here.

Third, the case status continues to favor a stay, and GTP does not appear to contend otherwise. Discovery has not started and a trial date has not been set. It will conserve the resources of the parties and the Court to continue the stay while the appeals are resolved, so that litigation involving these related patents and the currently invalidated claims does not restart in piecemeal.

In short, the Court considered the factual record and procedural history in April and correctly stayed the case at that time. Nothing has changed in the factual record or the procedural history of this case that should now call the Court's April decision into question or cause it to change course. The Court was right in staying the case and how it treated the '530 patent in April, and nothing in this case has changed in a way that should result in a different outcome now.

We thank Your Honor for your continued attention to this matter. Should Your Honor have any questions, we are available at your convenience.

Respectfully submitted,

s/ James S. Richter

James S. Richter

Cc: All Counsel of Record (via ECF and Email)