Liza M. Walsh
Hector D. Ruiz
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, N.J. 07102
Tel.: (973) 757-1100

*Attorneys for Defendants*
*LG Electronics, Inc.*
*and LG Electronics USA, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS INC., and LG ELECTRONICS U.S.A., INC., <br><br> Defendants. | Honorable Evelyn Padin, U.S.D.J. <br> Honorable Michael A. Hammer, U.S.M.J. <br><br> No.: 21-cv-19234 (EP)(MAH) <br><br> **DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING PATENT INELIGIBILITY UNDER 35 U.S.C. § 101** |

# **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................1

II.    BACKGROUND ..................................................................................3

III.   LEGAL STANDARDS .......................................................................5

     A.     Claims that are Neither a Technological Improvement nor an Abstract Idea Embodying an Inventive Concept are Invalid Under 35 U.S.C. § 101 ...........................................................5

          1.     A Concept that Can Be Performed by the Human Mind is a Patent-Ineligible Abstract Idea Under Alice Step 1 ................6

          2.     Neither Conventional Steps, nor Generic Hardware, Confers an "Inventive Concept" Under Alice Step 2 .................8

          3.     The Inventive Concept Must be Evident in the Claims .............9

     B.     Patent Ineligibility under Section 101 May Be Determined at the Pleading Stage Based on the Intrinsic Record .............................10

IV.   ARGUMENT .....................................................................................11

     A.     Alice Step 1: Claim 4 Covers an Abstract Concept, Not A Particular Improvement in Technology ...............................................11

     B.     Alice Step 2: Claim 4 Does Not Recite an Inventive Concept Conferring Eligibility on the Otherwise Abstract Concept.................13

     C.     The Issue is Ripe for Determination ..................................................16

V.    CONCLUSION..................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
  890 F.3d 1354 (Fed. Cir. 2018) ...................................................................10, 17

*Alice Corp. Pty. v. CLS Bank Int'l*,
  573 U.S. 208 (2014)...................................................................................*passim*

*Berkheimer v. HP Inc.*,
  881 F.3d 1360 (Fed. Cir. 2018) .........................................................................10

*ChargePoint, Inc. v. SemaConnect, Inc.*,
  920 F.3d 759 (Fed. Cir. 2019) ...............................................................9, 15, 17

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
  776 F.3d 1343 (Fed. Cir. 2014) ....................................................................7, 13

*CyberSource Corp. v. Retail Decisions, Inc.*,
  654 F.3d 1366 (Fed. Cir. 2011) ..................................................................1, 6, 12

*ENCO Sys. v. DaVincia, LLC*,
  845 F. App'x 953 (Fed. Cir. 2021) ............................................................*passim*

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
  955 F.3d 1317 (Fed. Cir. 2020) ....................................................................9, 15

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
  850 F.3d 1332 (Fed. Cir. 2017) ....................................................................8, 14

*Intellectual Ventures I LLC v. Erie Indemnity Co.*,
  850 F.3d 1315 (Fed. Cir. 2017) ....................................................................6, 12

*Intellectual Ventures I LLC v. Symantec Corp.*,
  838 F.3d 1307 (Fed. Cir. 2016) .............................................................7, 11, 13

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
  566 U.S. 66 (2012)....................................................................................6, 8, 14

*Mortg. Application Techs., LLC v. MeridianLink, Inc.*,
  839 F. App'x 520 (Fed. Cir. 2021) ..............................................................6, 12

*RecogniCorp, LLC v. Nintendo Co.*,
   855 F.3d 1322 (Fed. Cir. 2017) ...............................................................9, 15, 17

*SAP America, Inc. v. InvestPic*,
   *LLC*, 898 F.3d 1161 (Fed. Cir. 2018)........................................................10, 16

*Secured Mail Sols., LLC v. Universal Wilde, Inc.*,
   873 F.3d 905 (Fed. Cir. 2017) ...............................................................2, 10, 17

*Yu v. Apple Inc.*,
   1 F.4th 1040 (Fed. Cir. 2021) ...................................................................*passim*

**Statutes**

35 U.S.C. § 101 ................................................................................................*passim*

**Other Authorities**

Rule 12 .............................................................................................................*passim*

Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LGE") submit this brief in support of their Rule 12(c) Motion for Judgment on the Pleadings that claim 4 of U.S. Patent No. 8,878,949 ("the '949 patent")—the sole claim asserted by Plaintiff Gesture Technology Partners, LLC's ("GTP") in this case—is patent ineligible under 35 U.S.C. § 101.[1]

## I.    INTRODUCTION

Claim 4 of the '949 patent fails both steps of the Supreme Court's two-step analysis for patent eligibility as set forth in *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014). Claim 4—which claims a "portable device" that captures a photograph in response to an observable cue (like the subject smiling, or saying "cheese")—is directed to mere abstract ideas performed on generic hardware. Because claim 4 is neither a particular improvement in technology nor an abstract idea that embodies an inventive concept, it fails both steps of the *Alice* test for patentability.

First, claim 4 is directed to an abstract concept and *not* a particular improvement in technology. Claim 4 is not "inherently related to any particular computer or other apparatus," and the patent itself acknowledges that taking photographs in response to observable cues—such as a subject posing—has long

---

[1] LGE submits this Motion in accord with the operative January 30, 2024 Amended Scheduling Order.  Dkt. No. 95.

been practiced in the human mind. *See CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372-73 (Fed. Cir. 2011). Thus, claim 4 is an abstract concept under *Alice* Step 1.

Second, claim 4 fails to recite an inventive concept that would render patent eligibility on the otherwise abstract concept under *Alice* Step 2. Claim 4 relies on general-purpose structure (*e.g.*, a housing, sensors, a digital camera) to implement a conventional abstract concept long performed by human mind (initiating a photograph based on observable cues).

This issue is ripe for decision. Patent eligibility under § 101 is an issue of law that may be determined at the pleadings stage based on the intrinsic evidence of the patent alone. *ENCO Sys. v. DaVincia, LLC*, 845 F. App'x 953, 954 (Fed. Cir. 2021); *Secured Mail Sols., LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 912 (Fed. Cir. 2017).

The Federal Circuit regularly deems claims ineligible as a matter of law at the pleadings stage—including in at least one recent case that closely mirrors this case, where the Federal Circuit upheld a Rule 12 motion to dismiss on grounds of invalidity under Section 101 directed to "an improved digital camera" that relied on general-purpose structure (*e.g.*, sensors, lenses, digital processor) to implement a conventional abstract concept long performed by human mind (using multiple pictures to enhance each other). *Yu v. Apple Inc*., 1 F.4th 1040 (Fed. Cir. 2021).

LGE respectfully requests that the Court grant LGE's motion and finds that Claim 4 is invalid under 35 U.S.C. § 101.

## II.   BACKGROUND

This case currently consists of a single asserted claim: claim 4 of the '949 patent. The '949 patent is entitled "Camera Based Interaction and Instruction." Ex. A ('949 patent), Cover. Although the patent was filed in August 2013 and issued in November 2014, because it claims priority to earlier applications—including a provisional application filed in May 1999—the patent has expired. *Id.*

Asserted claim 4 is a dependent claim. *Id.*, Claim 4. It depends from independent claim 1, which the PTAB has previously invalidated. Dkt. No. 88 at 2. The language of claims 1 and 4 is reproduced below.

### **Claim 1**

A portable device comprising:

a device housing including a forward facing portion, the forward facing portion of the device housing encompassing an electro-optical sensor having a field of view and including a digital camera separate from the electro-optical sensor; and

a processing unit within the device housing and operatively coupled to an output of the electro-optical sensor, wherein the processing unit is adapted to:

determine a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output, and

control the digital camera in response to the gesture performed in the electro-optical sensor field of view, wherein the gesture corresponds to an image capture command, and wherein the image capture command causes the digital camera to store an image to memory. '949 Patent, Claims 1 and 4.

### **Claim 4**

The portable device of claim 1 wherein the electro-optical sensor is fixed in relation to the digital camera.

Ex. A, Claims 1 and 4.

The '949 patent describes the abstract concept captured by claim 4. For example, it explains the "goal of the invention" is "taking pictures when certain poses of objects, sequences of poses, motions of objects, or any other states or relationships of objects are represented." *Id.* at 1:63-66. The patent admits that the concept of initiating a photograph based on a visual cue is a "conventional" concept performed by photographers: "Today, in a conventional context, one can as a photographer, choose to shoot a fashion model or other subject, and when you see a pose you like record the picture." *Id*. at 7:57-59.

In all instances, the claimed structure is nothing more than generic technology, including "housing," "electro-optical sensor," "digital camera" and "processing unit." Claim 4 adds no additional structure, instead merely reciting that one generic structure is "fixed" in relation to another. There is no physical description in the patent of either the claimed "housing" or "digital camera," and the terms "electro-optical sensor" and "processing unit" do not appear in the specification at all.

Moreover, to the extent the patent discusses this technology at all, it concedes that it was all known in the prior art at the time of filing. *See, e.g.*, *id.* at 1:15-18 (describing digital cameras in the "Background" section); *id.* at 1:50-52 (describing sensors, such as "photodetector array chips to scan the image produced by the camera lens"); *id.* at 7:2-8 (explaining that gestures are "easily recognizable with machine vision processing software under uniform background conditions"); *id.* at 6:6-13; 10:40 (describing "conventional" camera image data "processed by visionbloks software from Integral Vision Corp."); *id.* at 1:31-35 (describing devices capable of storing the digital camera image upon detection of certain types of data, such as "a certain wave form signature"). The patent also acknowledges that "a computer based camera's ability to analyze, in real time if desired, the images obtained" was already known. *Id.* at 1:57-62.

## III.  LEGAL STANDARDS

### A.  Claims that are Neither a Technological Improvement nor an Abstract Idea Embodying an Inventive Concept are Invalid Under 35 U.S.C. § 101

Section 101 provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has long held that this provision contains an important implicit exception: "Laws of nature, natural

phenomena, and abstract ideas are not patentable." *See, e.g.*, *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 70 (2012) (quotation marks omitted) (citation omitted).

Determining patent eligibility under Section 101 requires a two-step inquiry. First, the Court must consider "whether the claims at issue are directed to one of those patent-ineligible concepts" instead of a particular "improvement in . . . technology." *Alice*, 573 U.S. at 225. If the claims are a technological improvement, the inquiry stops. *See Id.* ("*Alice* Step 1").

If, however, the claim is directed to patent-ineligible subject matter, the court then looks at the claim elements and their combination to determine if they transform that abstract concept into something "significantly more"; put another way, the court considers whether there is an "inventive concept" that would confer patent eligibility on the otherwise abstract concept. ("*Alice* Step 2"). *Mayo*, 566 U.S. at 72-73, 82.

### 1. A Concept that Can Be Performed by the Human Mind is a Patent-Ineligible Abstract Idea Under *Alice* Step 1

The Federal Circuit has repeatedly held that a concept that "can be performed in the human mind . . . is merely an abstract idea and is not patent-eligible under § 101." *CyberSource Corp.*, 654 F.3d at 1372-73; *see also Mortg. Application Techs., LLC v. MeridianLink, Inc.*, 839 F. App'x 520, 526 (Fed. Cir. 2021) ("[A] process that can be and has been performed by humans without the use of a computer . . . is an abstract idea"); *Intellectual Ventures I LLC v. Erie Indemnity Co.*, 850 F.3d 1315,

1327 (Fed. Cir. 2017) ("[O]rganizing and accessing records through the creation of an index-searchable database[] includes longstanding conduct that existed well before the advent of computers" and is therefore an abstract idea); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) (patent for collecting and processing data was directed to an abstract idea because the process was "undisputedly well-known" and "humans have always performed these functions" even when claim recited "not only a computer but also an additional machine"); *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1318 (Fed. Cir. 2016) ("[W]ith the exception of generic computer-implemented steps, there is nothing in the claims themselves that foreclose them from being performed by a human, mentally or with pen and paper.").

In a recent case that is on all fours with the case at hand, the Federal Circuit found that an apparatus patent claim for "an improved digital camera" was merely a patent-ineligible abstract idea under *Alice* Step 1 because the claimed concept of "using multiple pictures to enhance each other" had long been performed by humans. *Yu*, 1 F.4th at 1043. In making its determination, the Federal Circuit noted, "the idea and practice of using multiple pictures to enhance each other has been known by photographers for over a century." *Id.*

### 2.   Neither Conventional Steps, nor Generic Hardware, Confers an "Inventive Concept" Under *Alice* Step 2

"Simply appending conventional steps, specified at a high level of generality, [is] not enough to supply an inventive concept." *Alice*, 573 U.S. at 222, *quoting Mayo*, 566 U.S. at 82 (internal quotation marks omitted). "[W]ell-understood, routine, conventional" or "purely functional" claim elements cannot confer patent eligibility. *Alice*, 573 U.S. at 225, 228 (quotation marks omitted) (quoting *Mayo*, 566 U.S. at 73).

Similarly, generic hardware, such as "a handful of generic computer components" does not confer patent eligibility. *Alice*, 573 U.S. at 226. Put another way, generic limitations "do not render an otherwise abstract concept any less abstract." *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1340 (Fed. Cir. 2017).

In the recent *Yu* case that invalidated a claim similar to the claim asserted in this case, the "improved digital camera" failed *Alice* Step 2 because the hardware recited were "[o]nly conventional camera components are recited to effectuate the resulting 'enhanced' image—two image sensors, two lenses, an analog-to-digital converting circuitry, an image memory, and a digital image processor." 1 F.4th at 1042-43. The Federal Circuit ultimately concluded that the claim was invalid, noting that "[w]hat is claimed is simply a generic environment in which to carry out the abstract idea" and a claimed configuration of existing, conventional computer

8

hardware is "itself is not an advance" and "does not add sufficient substance to [an] underlying abstract idea" to render it eligible. *Id.* at 1043, 1045; s*ee also, e.g.*, *ENCO Sys., Inc.*, 845 F. App'x 953 (finding both method and apparatus claims ineligible where they were focused on the abstract idea of automating the AV-captioning process and did not incorporate anything more beyond conventional computing hardware and software); *Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd*., 955 F.3d 1317, 1325-26 (Fed. Cir. 2020) (finding claims containing "functional computer components," including an "interface component," "access controller," "interception module," and "decision entity," were directed to the abstract idea of "controlling access to resources by receiving a request and determining if the request for access should be granted" because "the bulk of the claim provides an abstract idea, and the remaining limitations provide only necessary antecedent and subsequent components").

### 3.    The Inventive Concept Must be Evident in the Claims

"To save a patent at step two, an inventive concept must be evident in the claims." *RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017). "[E]ven a specification full of technical details about a physical invention may nonetheless conclude with claims that claim nothing more than the broad law or abstract idea underlying the claims." *Yu*, 1 F.4th at 1044 (quoting *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019)).

**B.     Patent Ineligibility under Section 101 May Be Determined at the Pleading Stage Based on the Intrinsic Record**

Patent ineligibility under Section 101 may be determined at the pleadings stage; the Federal Circuit has held that "[l]ike other legal questions based on underlying facts, this question may be, and frequently has been, resolved on a Rule 12[] . . . motion where the undisputed facts, considered under the standards required by that Rule, require a holding of ineligibility under the substantive standards of law." *ENCO Sys.*, 845 F. App'x at 954 (quoting *SAP America, Inc. v. InvestPic*, LLC, 898 F.3d 1161, 1166 (Fed. Cir. 2018)).

The Federal Circuit has "determined claims to be patent-ineligible at the motion to dismiss stage based on intrinsic evidence from the specification without need for 'extraneous fact finding outside the record.'" *Secured Mail Sols., LLC*, 873 F.3d at 912. While there "may" be facts that underlie some of the subsidiary inquiries at *Alice* Step 2, the Federal Circuit has emphatically reiterated that "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." *Berkheimer v. HP Inc.,* 881 F.3d 1360, 1368 (Fed. Cir. 2018). Moreover, at the pleadings stage, "a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, such as the claims and the patent specification." *Yu*, 1 F.4th at 1046 (quoting *Secured Mail Sols. LLC*, 873 F.3d at 913); *see also Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354, 1356 (Fed. Cir. 2018) ("In a situation where the specification admits the

10

additional claim elements are well-understood, routine, and conventional, it will be difficult, if not impossible, for a patentee to show a genuine dispute."). Similarly, "patent eligibility can be determined at the Rule 12[] stage without the aid of expert testimony." *Yu at 1046.*

## IV.   ARGUMENT

Just like the "improved digital camera" that was found unpatentable under Section 101 at the pleadings stage in the *Yu* case, claim 4 of the '949 patent similarly recites an unpatentable abstract idea long performed by human mind applied on conventional and generic camera components, failing the two-step *Alice* test. *Yu*, 1 F.4th at 1042-43.

This issue is ripe for decision; patent eligibility under § 101 is an issue of law that may be determined at the pleadings stage where, as is the case here, there is no genuinely disputed issue of fact that cannot be resolved by the intrinsic evidence of the patent alone.

### A.   *Alice* Step 1: Claim 4 Covers an Abstract Concept, Not A Particular Improvement in Technology

Claim 4 is not directed to any particular technological improvement; it is not inherently related to any particular computer or other apparatus. *See, e.g., Intellectual Ventures I LLC*, 838 F.3d at 1318. Instead, claim 4 attempts to capture the well-known abstract concept of initiating a photograph ("control the digital

camera") in response to an observable cue ("determine a gesture has been performed").

Much like the abstract concept invalidated by the Federal Circuit in *Yu* ("the idea and practice of using multiple pictures to enhance each other [which] has been known by photographers for over a century," 1 F.4th at 1043), the patent freely acknowledges that the idea of initiating a photograph based on an observable event is a concept long known to photographers and practiced by the human mind: "Today, in a conventional context, one can as a photographer, choose to shoot a fashion model or other subject, and when you see a pose you like record the picture." Ex. A at 7:57-59. Since the invention of the digital camera, photographers have initiated "image capture commands" (pressing the shutter button) when a subject strikes a particular pose (*e.g.*, a smile or other indication that the subject is picture-ready).

Consistent with *Yu*, the Federal Circuit has frequently held that a concept that "can be performed in the human mind . . . is merely an abstract idea and is not patent-eligible under § 101." *CyberSource Corp.*, 654 F.3d at 1372-73; *see also MeridianLink, Inc.*, 839 F. App'x at 526 ("[A] process that can be and has been performed by humans without the use of a computer . . . is an abstract idea"); *Intellectual Ventures I LLC*, 850 F.3d at 1327 ("[O]rganizing and accessing records through the creation of an index-searchable database[] includes longstanding conduct that existed well before the advent of computers" and is therefore an abstract

idea); *Content Extraction & Transmission LLC*, 776 F.3d at 1347 (patent for collecting and processing data was directed to an abstract idea because the process was "undisputedly well-known" and "humans have always performed these functions" even when claim recited "not only a computer but also an additional machine."); *Intellectual Ventures I LLC*, 838 F.3d at 1318 ("[W]ith the exception of generic computer-implemented steps, there is nothing in the claims themselves that foreclose them from being performed by a human, mentally or with pen and paper.").

Because the intrinsic record expressly acknowledges this fact, there can be no genuine dispute that the process of taking a picture could be (and has been) performed by a human. Because claim 4 suffers from the same fatal abstraction flaw as did the claim in *Yu,* it is similarly patent ineligible under *Alice* Step 1.

**B.    *Alice* Step 2: Claim 4 Does Not Recite an Inventive Concept Conferring Eligibility on the Otherwise Abstract Concept**

Claim 4 fails to recite an inventive concept that would render patent eligibility on the otherwise abstract concept. Any purported "inventive concept" is nothing more than the abstract idea itself: the concept of capturing a photograph based on observable cues.

First, as discussed at length in Section II above, this idea has been performed by humans since the advent of the digital camera; indeed, the patent itself admits that the concept of initiating a photograph based on a visual cue is a "conventional" concept performed by photographers: "Today, in a conventional context, one can as

a photographer, choose to shoot a fashion model or other subject, and when you see a pose you like record the picture." Ex. A at 7:57-59. "Well understood, routine, conventional" or "purely functional" claim elements cannot confer patent eligibility. *Alice*, 573 U.S. at 225, 228 (quotation marks omitted) (quoting *Mayo*, 566 U.S. at 73). "Simply appending conventional steps, specified at a high level of generality, [is] not enough to supply an 'inventive concept.'" *Alice*, 573 U.S. at 222 (quoting *Mayo*, 556 U.S. at 77, 82) (internal quotation marks omitted).

Second, the generic structure recited in claim 4 cannot confer patentability; claim 1 recites only general-purpose structure: a "housing," "portable device," "an electro-optical sensor," a "digital camera," and dependent claim 4 adds no additional structure, instead merely noting that one generic structure is "fixed" in relation to another. As with the generic structure of *Yu*—which included two image sensors, two lenses, an analog-to-digital converting circuitry, an image memory, and a digital image processor—the components recited in claim 4 are "simply a generic environment in which to carry out the abstract idea" which "does not add sufficient substance to [an] underlying abstract idea" to render it eligible. 1 F.4th at 1043, 1045. Generic limitations such as this "do not render an otherwise abstract concept any less abstract." *Intellectual Ventures I LLC*, 850 F.3d at 1340; s*ee also, e.g.*, *ENCO Sys., Inc.*, 845 F. App'x 953 (finding both method and apparatus claims ineligible where they were focused on the abstract idea of automating the AV-captioning

process and did not incorporate anything more beyond conventional computing hardware and software); *Ericsson Inc.*, 955 F.3d at 1317, 1325-26 (finding claims containing "functional computer components," including an "interface component," "access controller," "interception module," and "decision entity," were directed to the abstract idea of "controlling access to resources by receiving a request and determining if the request for access should be granted" because "the bulk of the claim provides an abstract idea, and the remaining limitations provide only necessary antecedent and subsequent components").

Notably, in *Yu*, the patent specification contained a plethora of additional physical description, and the Federal Circuit *still* held that the claimed structure was too generic to confer patentability: "Even a specification full of technical details about a physical invention may nonetheless conclude with claims that claim nothing more than the broad law or abstract idea underlying the claims." *Yu*, 1 F.4th at 1044 (quoting *ChargePoint, Inc.*, 920 F.3d at 769). Here, as discussed at length in Section II above, there is no detail of the claimed structure in the patent and to the extent the patent discusses this technology at all, it concedes that it was all known in the prior art at the time of filing. But, even if Plaintiff *were* able to point to additional technical structure in the specification (they cannot), such detail cannot save claim 4. *Id*; *see also RecogniCorp, LLC*, 855 F.3d at 1327 ("To save a patent at step two, an inventive concept must be evident in the claims.")

Like the *Yu* case, here, the structure recited in claim 4 is simply a "generic environment in which to carry out the abstract idea" of initiating a photograph based on an observable cue that "does not add sufficient substance to [an] underlying abstract idea" to render it patent eligible. *Yu*, 1 F.4th at 1045. As in *Yu,* claim 4 fails *Alice* Step 2.

### C.   The Issue is Ripe for Determination

Patent ineligibility under Section 101 may be determined at the pleadings stage; the Federal Circuit has held that "[l]ike other legal questions based on underlying facts, this question may be, and frequently has been, resolved on a Rule 12[] . . . motion where the undisputed facts, considered under the standards required by that Rule, require a holding of ineligibility under the substantive standards of law." *ENCO Sys*., 845 F. App'x at 954 (quoting *SAP*, 898 F.3d at 1166).

There are no facts material to patent eligibility here and, to the extent there are, there can be no genuine dispute over those facts in light of the intrinsic evidence. As discussed in Section IV(A), claim 4 does not disclose an inventive concept that would otherwise confer eligibility on the abstract idea and there are no facts material to eligibility here. The asserted patent expressly acknowledges that each structural component recited in claim 4 was well known technology and that the "inventive concept" was also known. Ex. A at 7:57-59. There can be no genuine dispute over those facts in light of these admissions in the specification.

Here, as in *Yu* and *Secured Mail*, the "intrinsic evidence from the specification" is sufficient to answer any potential fact question because the "fact that many of these technologies were well-known can be discerned from [the patentee's] patents themselves." *Secured Mail*, 873 F.3d at 912; *see also Yu*, 1 F.4th at 1046 ("patent eligibility can be determined at the Rule 12[] stage without the aid of an expert," "a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, such as the claims and the patent specification."); *see also Aatrix Software, Inc.*, 890 F.3d at 1356 ("In a situation where the specification admits the additional claim elements are well-understood, routine, and conventional, it will be difficult, if not impossible, for a patentee to show a genuine dispute.").

To the extent GTP attempts in its response to import unclaimed technological features into the claimed structure, such an attempt by GTP would be improper and cannot save claim 4. *See RecogniCorp, LLC*, 855 F.3d at 1327 ("To save a patent at step two, an inventive concept must be evident in the claims."); *Yu*, 1 F.4th at 1044 ("Even a specification full of technical details about a physical invention may nonetheless conclude with claims that claim nothing more than the broad law or abstract idea underlying the claims.") (quoting *ChargePoint, Inc.*, 920 F.3d at 769)).

To the extent that there are facts material to eligibility here (there are not), there can be no genuine dispute over those facts in light of the intrinsic evidence of the specification. The issue is ripe for determination.

## V.    CONCLUSION

For the foregoing reasons, LGE respectfully requests judgment on the pleadings invalidating claim 4 of the '949 patent.


Dated: March 12, 2024                    Respectfully submitted:

                                         */s/ Liza M. Walsh*_____
                                         Liza M. Walsh
                                         Hector D. Ruiz
                                         Lauren R. Malakoff
                                         WALSH PIZZI O'REILLY FALANGA LLP
                                         Three Gateway Center
                                         100 Mulberry Street, 15th Floor
                                         Newark, NJ 07102
                                          (973) 757-1100

                                         *Of Counsel:*

                                         Matthew Satchell (*pro hac vice*)
                                         DLA Piper LLP (US)
                                         444 West Lake Street
                                         Suite 900
                                         Chicago, IL 60606
                                         (312) 368-4000

                                         Martin Ellison (*pro hac vice*)
                                         DLA Piper LLP (US)
                                         2000 Avenue of the Stars
                                         Suite 400 North Tower
                                         Los Angeles, CA 90067

(310) 595-3000

Gregory J. Ferroni
DLA Piper LLP (US)
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, PA 19103
(215) 656-2439

*Attorneys for Defendants*
*LG Electronics, Inc.*
*and LG Electronics USA, Inc.*