# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ———————————————— x | |
| : | |
| : | Honorable Evelyn Padin, U.S.D.J. |
| GESTURE TECHNOLOGY PARTNERS, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 21 CV 19234 (EP)(MAH) |
| v. : | |
| : | |
| LG ELECTRONICS INC., and LG : | |
| ELECTRONICS U.S.A., INC., : | |
| : | |
| Defendants. : | |
| : | |
| : | |
| : | |
| ———————————————— x | |

---

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS UNDER 35 U.S.C § 101

---

MIDLIGE RICHTER LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
James S. Richter

**OF COUNSEL:**

Fred I. Williams
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX 78701

John Wittenzellner
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103

*Attorneys for Plaintiff,*
*Gesture Technology Partners, LLC*

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     LEGAL STANDARD.......................................................................................... 2

III.    THE '949 PATENT ............................................................................................. 4

IV.     ARGUMENT ...................................................................................................... 5

        A.      *Alice* Step 1:  Claim 4 of the '949 Patent Is Not Directed to an Abstract Idea....... 6

        B.      *Alice* Step 2:  Claim 4 of the '949 Patent Recites an Inventive Concept.............. 13

        C.      There Is a Genuine Dispute Over Facts Material to Patentability. ...................... 15

V.      CONCLUSION.................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Affinity Labs of Texas, LLC v. DIRECTV, LLC,*
  838 F.3d 1253 (Fed. Cir. 2016) ................................................................ 4

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l,*
  134 S.Ct. 2347 (2014)................................................................ 1, 3, 4, 14

*Apple Inc. v. Gesture Technology Partners LLC,*
  No. IPR2021-00921, Paper 1 (P.T.A.B. Jun. 2, 2021) ............................. 5

*Apple Inc. v. Gesture Technology Partners LLC,*
  No. IPR2021-00921, Paper 24, p. 38 (P.T.A.B. Jun. 2, 2021) ................. 5

*Bascom Global Internet Servs. v. AT&T Mobility LLC,*
  827 F.3d 1341 (Fed. Cir. 2016) .............................................................. 13

*CLS Bank Int'l v. Alice Corp. Pty,*
  717 F.3d 1269 (Fed. Cir. 2013) ................................................................ 3

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n,*
  776 F.3d 1343 (Fed. Cir. 2014) ................................................................ 7

*Cooperative Ent., Inc. v. Kollective Tech., Inc.,*
  50 F.4th 127 (Fed. Cir. 2022) ............................................................ 3, 16

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.,*
  Case No. 2:14-cv-911-JRG-RSP, 2016 U.S. Dist. LEXIS 123232. ......................... 6

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.,*
  880 F.3d 1356 (Fed. Cir. 2018) .............................................................. 13

*CyberSource Corp. v. Retail Decisions, Inc.,*
  654 F.3d 1366 (Fed. Cir. 2011) ................................................................ 9

*Dayco Prods., Inc. v. Total Containment, Inc.,*
  329 F.3d 1358 (Fed. Cir. 2003) ................................................................ 3

*Eagle View Techs. Inc. v. GAF Materials, LLC,*
  No. 2:22-CV-215-TS-DAO, 2022 U.S. Dist. LEXIS 224353 (D. Utah Dec. 12, 2022) ........... 9

*Ex parte Gesture Technology Partners, LLC,*
  Appeal 2023-001857, 2023 Pat. App. LEXIS 2536, Reexamination Control No. 90/014,903
  (P.T.A.B. Aug. 8, 2023)................................................................ 5

*Intellectual Ventures I LLC v. Erie Indemnity Co.*,
  850 F.3d 1315 (Fed. Cir. 2017) ........................................................................ 7

*Internet Patents Corp. v. Active Network, Inc.*,
  790 F.3d 1343 (Fed. Cir. 2015) ........................................................................ 4

*KSR Int'l Co. v. Teleflex Inc.*,
  550 U.S. 398 (2007) ........................................................................................... 9

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
  566 U.S. 66 (2012) ........................................................................................... 13

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
  837 F.3d 1299 (Fed. Cir. 2016) ................................................................. passim

*Microsoft Corp. v. i4iLtd. Partnership*,
  564 U.S. 91 (2011) ............................................................................................. 3

*Mortg. Application Techs., LLC v. MeridianLink, Inc.*,
  839 F. App'x 520, 526 (Fed. Cir. 2021) ........................................................... 7

*Perdiemco, LLC v. Industrack LLC*,
  Case No. 2:15- cv-727-JRG-RSP, Dkt. No. 233, (E.D. Tex. Sept. 21, 2016) ........................... 8

*Preferential Networks IP, LLC v. AT&T Mobility, LLC*,
  No. 2:16-cv-01374-JRG-RSP, 2017 U.S. Dist. LEXIS 140979
  (E.D. Tx. July 15, 2017) (Gilstrap, J.) ............................................................... 4

*RecogniCorp, LLC v. Nintendo Co.*,
  855 F.3d 1322 (Fed. Cir. 2017) ....................................................................... 15

*Thales Visionix, Inc. v. United States*,
  850 F.3d 1343 (Fed. Cir. 2017) ......................................................................... 8

*Ultramercial, Inc. v. Hulu, LLC*,
  722 F.3d 1335 (Fed. Cir. 2013) ..................................................................... 3, 6

*Ultramercial, Inc. v. Hulu, LLC*,
  772 F.3d 709 (Fed. Cir. 2014) ...................................................................... 6, 14

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
  No. 2:20-CV-00319-JRG-RSP, 2022 U.S. Dist. LEXIS 83584,
  (E.D. Tex. May 3, 2022) ............................................................................ 10, 12

*Yu v. Apple Inc.*,
  1 F.4th 1040 (Fed. Cir. 2021) ........................................................................... 9

**Statutes**

35 U.S.C. § 282(a)......................................................................................................................... 3

Plaintiff Gesture Technology Partners, LLC submits this opposition to Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG") Rule 12(c) motion under 35 U.S.C. § 101 (the "Motion").

## I.    INTRODUCTION

The Motion should be denied for one overriding and fatal flaw—it fails to analyze the actual language of claim 4. At the core of all § 101 analyses are the claims and the claim language. The Supreme Court, the Federal Circuit, and every district court that has analyzed a § 101 motion has emphasized that the analysis pertains to the claims and the claimed inventions. LG ignores that controlling precedent in favor focusing its entire argument on the specification and other § 101 cases in dissimilar art areas. The Federal Circuit has repeatedly "cautioned that courts 'must be careful to avoid oversimplifying the claims by looking at them generally and failing to account for the specific requirements of the claims." *McRO, Inc. v. Bandai Namco Games Am., Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016) (emphasis added). It is not surprising that the Motion runs afoul of that guidance from the Federal Circuit because analyzing the pertinent claim language reveals the baseless and contrived nature of the Motion.

LG argues that claim 4 of U.S. Patent No. 8,878,949 is unpatentable because claim 4 is both abstract and lacks an inventive concept pursuant to the two-step test set forth in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S.Ct. 2347, 2355 (2014). For the first step of *Alice*, LG argues that claim 4 is directed to the abstract idea of "capturing a photograph based on observable cues." Motion at 13. But the actual language of claim 4 governs, not LG's oversimplification thereof. Claim 4 covers a physical device having a specific combination of non-generic hardware components to create a portable device with a very specific function—namely, the ability to detect gestures and perform image-capture commands in response, as the claim requires:

**1.**  A portable device comprising:

a device housing including a forward facing portion, the forward facing portion of the device housing encompassing an electro-optical sensor having a field of view and including a digital camera separate from the electro-optical sensor; and

a processing unit within the device housing and operatively coupled to an output of the electro-optical sensor, wherein the processing unit is adapted to:

determine a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output, and control the digital camera in response to the gesture performed in the electro-optical sensor field of view,

wherein the gesture corresponds to an image capture command, and wherein the image capture command causes the digital camera to store an image to memory.

**4.** The portable device of claim 1 wherein the electro optical sensor is fixed in relation to the digital camera.

The Motion provides no analysis of the actual language of claim 4 because LG cannot support its argument under the claim language.

Even if the Court were to conclude that claim 4 were an abstract idea under the first step of *Alice*, the Motion fails under the second step of *Alice*. The Motion fails to address the facts relevant to the step-two analysis pled in the Complaint. LG's assertion that claim 4 is nothing more than a combination of conventional components is not only unsupported by evidence, but it also misses the point, as the law holds that an invention built from conventional components can still be sufficiently inventive to survive a challenge under 35 U.S.C. § 101. Here, claim 4 covers a novel portable device that determines a gesture in the field of view to capture an image. Claim 4, therefore, contains inventive concepts that are significantly more than just a generic computer apparatus. Thus, the Motion should be denied.

## II.    LEGAL STANDARD

"[P]atent eligibility may be resolved at the Rule 12 stage only if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic and Rule 12 record in favor of the non-movant." *Cooperative Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022). The Court must accept the plaintiff's well-pleaded allegations as true with respect to whether its patents function in a way that is plausibly inventive. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1320 (Fed. Cir. 2019).

Claim 4 is entitled to the presumption of validity. *S e e* 35 U.S.C. § 282(a); *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1370-1371 (Fed. Cir. 2003). When the validity of an issued patent is challenged under 35 U.S.C. § 101, the party challenging validity bears the heavy burden of overcoming this presumption by clear and convincing evidence. *See Microsoft Corp. v. i4iLtd. Partnership*, 564 U.S. 91, 96-97, 101 (2011); *CLS Bank Int'l v. Alice Corp. Pty*, 717 F.3d 1269, 1284 (Fed. Cir. 2013) (en banc) ("all issued patent claims receive a statutory presumption of validity… that presumption applies when § 101 is raised as a basis for invalidity in district court proceedings") (Lourie, J., et al., concurring).

In *Alice*, the Supreme Court announced a two-part test to evaluate patent eligibility under 35 U.S.C. § 101. In the first step, the trial court must "determine whether the claims at issue are directed to one of those patent ineligible concepts," namely, a law of nature, physical phenomenon, or abstract idea. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S.Ct. 2347, 2355 (2014). If a claim is not directed to one of these concepts, then the claim meets the patent eligibility requirement, and the analysis ends there. *See McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1312 (Fed. Cir. 2016). The Federal Circuit has been plain: "[T]he question of eligible subject matter must be determined on a claim-by-claim basis." *Ultramercial, Inc. v. Hulu, LLC,* 722 F.3d 1335, 1340 (Fed. Cir. 2013) (emphasis added). When performing this claim-by-claim analysis,

"the court should look at the 'focus of the claimed advance over the prior art' and decide whether the claim's 'character as a whole' is directed to excluded subject matter." *See Preferential Networks IP, LLC v. AT&T Mobility, LLC*, No. 2:16-cv-01374-JRG-RSP, 2017 U.S. Dist. LEXIS 140979, *6 (E.D. Tx. July 15, 2017) (Gilstrap, J.) (citing *Affinity Labs of Texas, LLC v. DIRECTV, LLC,* 838 F.3d 1253, 1257 (Fed. Cir. 2016) (emphasis added); *see also Internet Patents Corp. v. Active Network, Inc.,* 790 F.3d 1343, 1346 (Fed. Cir. 2015) (considering the claims "in their entirety to ascertain whether their character as a whole is directed to excluded subject matter"). But the Federal Circuit has repeatedly "cautioned that courts 'must be careful to avoid oversimplifying the claims' by looking at them generally and failing to account for the specific requirements of the claims." *McRO, Inc.,* 837 F.3d 1299 at 1313 (emphasis added). "If the Court finds an ineligible concept after considering the claims' 'character as a whole,' *Alice*'s second step requires the court to consider the elements of each claim—both individually and together—to determine whether the additional elements beyond the ineligible concept transform the nature of the claim into a patent eligible application." *Preferential Networks IP*, 2017 U.S. Dist. LEXIS 140979 at *7 (*citing Alice,* 134 S. Ct. at 2355) (emphasis added).

## III.   THE '949 PATENT

U.S. Patent No. 8,878,949 (the "'949 Patent") titled "Camera Based Interaction and Instructions," claims priority to U.S. Provisional Application No. 60/133,671 filed on May 11, 1999. *See* '949 Patent.   The '949 Patent is generally directed to using gestures with digital imaging. '949 Patent, Abstract.   The '949 Patent describes methods and apparatuses "to enhance the quality and usefulness of picture taking for pleasure, commercial, or other business purposes."   '949 Patent, 1:4-6.  Claim 4 of the '949 Patent relates in general to detecting a gesture and performing functions in response to the detected gestures.

The '949 Patent describes improving the process of capturing images by analyzing a field of view and capturing an image when objects or gestures are detected.  '949 Patent, 1:50-2:8.  The patent discloses numerous scenarios that cause an image to be captured when detected, such as: (1) a "[s]ubject in a certain pose," (2) a "[s]ubject in a sequence of poses," (3) a "[p]ortion of [s]ubject in a sequence of poses (e.g., gestures)," (4) a "[s]ubject or portion(s) in a specific location or orientation," (5) a "[s]ubject in position relative to another object or person" such as a "bride and groom kissing in a wedding," and (6) "a subject undertak[ing] a particular signal comprising a position or gesture" such as "raising one's right hand."  '949 Patent, 5:30-49.

The '949 Patent is no stranger to post-grant proceedings before the United States Patent Office.  Apple Inc. filed a petition for *inter partes* review, on June 2, 2021, for all claims of the '949 Patent.  *Apple Inc. v. Gesture Technology Partners LLC*, No. IPR2021-00921, Paper 1 (P.T.A.B. Jun. 2, 2021).  Five months later, LG joined Apple's petition for *inter partes* review. *LG Electronics, Inc., et al.*, No. IPR2022-00092, Paper 3 (P.T.A.B. Nov. 5, 2021).  The Patent Trial and Appeal Board issued a Final Written Decision in that *inter partes* review proceeding confirming the validity of claim 4 of the '949 Patent.  *Apple Inc. v. Gesture Technology Partners LLC*, No. IPR2021-00921, Paper 24, p. 38 (P.T.A.B. Jun. 2, 2021).  Claim 4 of the '949 Patent was also confirmed as valid by the Patent Trial and Appeal Board in *ex parte* reexamination proceedings initiated by Samsung.  *Ex parte Gesture Technology Partners, LLC*, Appeal 2023-001857, 2023 Pat. App. LEXIS 2536, Reexamination Control No. 90/014,903 (P.T.A.B. Aug. 8, 2023).

## IV.   ARGUMENT

The Motion should be denied because (1) claim 4 is not directed to an abstract idea under step one of *Alice*, (2) claim 4 recites an inventive concept under step two of *Alice*, and (3) there is a genuine dispute over material facts related to patentability.

**A.** *Alice* **Step 1:  Claim 4 of the '949 Patent Is Not Directed to an Abstract Idea.**

Claim 4 is not directed to the abstract idea of "capturing an image based on an observed gesture" as LG asserts.  Motion at 13.  Claim 4 is directed to a unique and novel image capture device that is concrete and tangible with particularized electronic components.  *See Ultramercial, Inc.*, 772 F.3d at 715; *see also Core Wireless Licensing S.A.R.L.*, Case No. 2:14-cv-911-JRG-RSP, 2016 U.S. Dist. LEXIS 123232, at *8.

LG concedes that claim 4 of the '949 Patent is directed to a physical device.  Motion at 4 ("claimed structure is nothing more than generic technology, including 'housing,' 'electro-optical sensor,' 'digital camera' and 'processing unit.' ").   The claimed physical device allows for image capture in response to the determination of a gesture.  Yet LG makes the incorrect argument that claim 4 of the '949 Patent is "directed to an abstract concept and *not* a particular improvement in technology."  *Id.* at 1.

LG oversimplifies claim 4 and improperly <u>fails to analyze the actual language of the claim</u>. The Motion provides no analysis as to why the particular arrangement of the "electro-optical sensor" and "digital camera" in relation to the "forward facing portion" of the "device housing" is supposedly a directed to an abstract idea, because it is not:

> a device housing including a forward facing portion, the forward facing portion of the device housing encompassing an electro-optical sensor having a field of view and including a digital camera separate from the electro-optical sensor; and

['949 Patent, 15:22-26]

Nor does the Motion provide any analysis about the additional structural limitations recited in claim 4, which depends from claim 1:

> The portable device of claim 1 wherein the electro optical sensor is fixed in relation to the digital camera.

['949 Patent, 15:43-44]

6

The Motion also fails to provide any analysis regarding the interconnections and data required to determine whether a gesture has been performed:

> a processing unit within the device housing and operatively coupled to an output of the electro-optical sensor, wherein the processing unit is adapted to:
>
> determine a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output, and control the digital camera in response to the gesture performed in the electro-optical sensor field of view,
>
> wherein the gesture corresponds to an image capture command, and wherein the image capture command causes the digital camera to store an image to memory.

['949 Patent, 15:27-38].

The cases cited by LG are inapposite. For example, LG cites *Mortg. Application Techs., LLC v. MeridianLink, Inc.*, 839 F. App'x 520, 526 (Fed. Cir. 2021). *See* Motion at 6 and 12. In that case, the Federal Circuit stated "the claims in this case are drawn to an abstract process that is applied to a fundamental economic process." *MeridianLink, Inc.*, 839 F. App'x at 528. That case, which related to an economic process, has no relation to claim 4, which recites, *inter alia*, a portable device that captures an image based on the determination of a gesture performed in the field of view. Similarly, the patent in *Intellectual Ventures I LLC v. Erie Indemnity Co.*, 850 F.3d 1315, 1327 (Fed. Cir. 2017) was related to "organizing and accessing records through the creation of an index-searchable database"—subject matter that has no relation to the improved portable device recited in claim 4. *See* Motion at 7, and 12-13. Likewise, the patent in *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014), was directed to collecting and processing data, not a particular configuration of hardware that takes pictures based on the determination of a gesture. *See* Motion at 6 and 13.

Claim 4 requires a specific sensor configuration adapted to detect a gesture in the digital camera field of view. That sensor configuration is limited to electro-optically sensing, and the

determined gesture is used to capture an image using the hardware on the same device that determines the gesture.   The claimed unique and novel image-capture device is not directed to abstract subject matter.

Claim 4 of the '949 Patent is analogous to the claims at issue in *Thales Visionix, Inc. v. United States*, which related to object tracking.  850 F.3d 1343, 1345 (Fed. Cir. 2017).  The *Thales Visionix* claims involved object tracking using sensors and an element adapted to receive the signals from the sensors and determine the orientation of the object.  *Id*.  The Federal Circuit found that the claims were not directed to an abstract idea, but rather that "[t]he claims specify a particular configuration of inertial sensors and a particular method of using the raw data from the sensors in order to more accurately calculate the position and orientation of an object on a moving platform." *Id*. at 1349.  Claim 4 requires a specific sensor configured to detect a gesture within the field of view of the camera.   Its portable device detects the gesture and correlates the gesture to capture an image.

LG incorrectly argues that claim 4 of the '949 Patent is abstract because the claimed device can be implemented using generic hardware.  B u t that argument fails for several reasons.   First, claim 4 of the '949 Patent requires more than just generic hardware.  LG's argument rests on the false premise that an invention that can be implemented using generic components must be abstract.   As courts have noted, the "presence of computer components in a claim can often be consequential to the outcome of the § 101 analysis—in some circumstances the computer-related limitations of the claim will dispositively render the claim patent-eligible."  *Perdiemco, LLC v. Industrack LLC*, Case No. 2:15- cv-727-JRG-RSP, Dkt. No. 233, at 10 (E.D. Tex. Sept. 21, 2016) (recommending denial of section 101 motion).   In addition, "the mere fact that all the recited computer components are 'conventional' because the applicant did not invent an entirely new kind

8

of computer is not inherently troubling." *Id.*; *see also KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418-19 (2007) ("[I]nventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known."). Instead, the relevant inquiry is "whether the claims in these patents focus on a specific means or method that improves the relevant technology or are instead directed to a result or effect that itself is the abstract idea and merely invoke generic processes and machinery." *McRO*, 837 F.3d at 1314. It is fatal to the Motion that LG fails to analyze the actual language of claim 4—even a cursory analysis of the claim language shows that Claim 4 is directed to a specific type of computer apparatus that uses gesture-detection to control functions of that apparatus in particular ways.

Finally, when analyzing whether a claim is directed to an abstract idea, some courts have evaluated whether the limitations of the claim "can be performed in the human mind, or by a human using a pen and paper." *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011). Under this "pen-and-paper" test, claim 4 is not directed to an abstract idea. Using a camera and a sensor to detect a gesture is not something that can be performed in the human mind or by a human using a pen and paper.

LG argues that *Yu v. Apple Inc.*, 1 F.4th 1040 (Fed. Cir. 2021) "closely mirrors this case," and relies heavily on that case throughout the Motion. Motion 2. As a preliminary matter, *Yu* is inapposite to the question of whether the subject matter of claim 4 is abstract because the Federal Circuit's decision in that case on the step-one analysis was based, in part, on an <u>undisputed</u> factual finding regarding the abstract idea. *See Yu*, 1 F.4th at 1043-44; *see also Eagle View Techs. Inc. v. GAF Materials, LLC*, No. 2:22-CV-215-TS-DAO, 2022 U.S. Dist. LEXIS 224353, at *5 (D. Utah Dec. 12, 2022) ("However, the Federal Circuit concluded-based on an undisputed factual finding

made by the district court-that the solution was an abstract idea as the practice had been used by photographers for over a century.").

With respect to *Yu*, LG further fails to carry its burden by failing to analyze the language of claim 4, as well as the claims that were at issue in *Yu*. In *Yu*, the "improved digital camera" did not use the determination of a gesture by a processor, sensor, and camera to control image capture. In fact, the patent in *Yu* does not even mention gesture control. Thus, LG's position that the *Yu* case "is on all fours with the case at hand" is false. *See* Motion at 7. To the contrary, courts have rejected arguments similar to the one that LG makes here and found that auto-capture claims similar to claim 4 are, in fact, patent eligible. *See United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG-RSP, 2022 U.S. Dist. LEXIS 83584, at *25 (E.D. Tex. May 3, 2022) holding that *Yu* was inapposite and finding that the claims of the Autocapture Patents were unlike the claims of *Yu* because they "specifically claim the asserted advance over the prior art—the use of monitoring criteria that enable a processor to determine when to automatically capture an image of the check." Just as *Yu* did not apply in the *PNC* case, *Yu* does not apply in the instant case because, *inter alia*, the claims in the *PNC* case involved an ordered combination with a processor to determine when to capture an image and claim 4 uses a processor in an ordered combination to determine when to capture an image.

The *PNC* court analyzed the following three patent claims (the "*PNC Claims*") related to auto capture:

Claim 1 of U.S. Patent 8,977,571 recites:

>A non-transitory computer-readable medium comprising computer-readable instructions for depositing a check that, when executed by a processor, cause the processor to:

> monitor an image of the check in a field of view of a camera of a mobile device with respect to a monitoring criterion using an image monitoring and capture module of the mobile device;
>
> capture the image of the check with the camera when the image of the check passes the monitoring criterion; and
>
> provide the image of the check from the camera to a depository via a communication pathway between the mobile device and the depository.

Claim 9 of U.S. Patent 8,977,571 recites:

> A non-transitory computer-readable medium comprising computer-readable instructions for depositing a check that, when executed by a processor, cause the processor to:
>
> initialize a software object on a mobile device operated by a user, the software object configured to communicate with a camera;
>
> monitor an image of the check in a field of view of the camera with respect to a monitoring criterion using an image monitoring and capture module associated with the camera;
>
> capture the image of the check using the camera when the image of the check in the field of view passes the monitoring criterion; and
>
> transmit the image of the check from the mobile device to a deposit system configured to clear the check and deposit funds of the check into a deposit account of the user.

Claim 1 of U.S. Patent 8,699,779 recites:

> A system for depositing a check, comprising:
>
> a mobile device having a camera, a display and a processor, wherein the processor is configured to:
> project an alignment guide in the display of the mobile device, the display of the mobile device displaying a field of view of the camera;
>
> monitor an image of the check that is within the field of view;
>
> determine whether the image of the check aligns with the alignment guide;
>
> automatically capture the image of the check when the image of the check is determined to align with the alignment guide; and

> transmit the captured image of the check from the camera to a depository via a
> communication pathway between the mobile device and the depository.

*See United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG-RSP, 2022 U.S. Dist.

LEXIS 83584, at *21-24 (E.D. Tex. May 3, 2022).

Each of the *PNC Claims* recite: "mobile device," "camera," "field of view," "capture,"

"monitoring criterion"/ "alignment guide," and "depository"/ "deposit system."   Claim 4 has

similar terms: "portable device," "camera," "field of view," "capture," "gesture," and "memory."

Each of the *PNC Claims* and claim 4 use the field of view to capture an image based on the

determination of a criteria (e.g., "monitoring criterion," "alignment guide," or "gesture").   Further,

each claim stores the captured image at either a "depository," "deposit system," or "memory."

Additionally, each of the claims recite an apparatus claim for a portable device.   For similar reasons

that the *PNC Claims* were found to be patentable, claim 4 is patentable.

LG's argument that initiating a photograph based on a "visual cue" is a conventional

concept performed by photographers mischaracterizes the cited portion of the specification.

Motion at 4 (citing '949 Patent, 7:57-59).   To be sure, the cited portion of the '949 Patent states:

"Today, in a conventional context, one can as a photographer, choose to shoot a fashion model or

other subject, and when you see a pose you <u>like</u> record the picture."   '949 Patent, 7:57-59 (emphasis

added).   Photographers have taken pictures of things they "like" by physically touching an object

(e.g., pressing a button) since the camera was invented.   But photographers have not taken pictures

without physically touching an object (i.e., via a gesture) until much more recently.   In fact, the

'949 Patent clearly states:   "There is no known picture taking reference based on object position

and orientation with respect to the camera, or other objects that I am aware of."   '949 Patent, 1:44-

46.   The invention of claim 4 that allows a photographer to capture an image based on a gesture

12

and without pressing a shutter button is not conventional or directed to an abstract idea. Accordingly, there is a factual dispute that requires denial of the Motion.

**B.    *Alice* Step 2:  Claim 4 of the '949 Patent Recites an Inventive Concept.**

Even if the Court were to determine that claim 4 of the '949 Patent were directed to an abstract idea, claim 4 is patent-eligible because it recites a sufficiently inventive concept.    *See Mayo Collaborative Servs.*, 566 U.S. at 79-80.    Claim 4 falls squarely in the class of patents that the Federal Circuit has found eligible because they claim a technological improvement.  *See McRO*, 837 F.3d at 1316; *see also Core Wireless*, 880 F.3d at 1363.  LG fails to consider the claimed components in an ordered combination as required by the *Alice* line of cases.  Claim 4 employs an inventive concept to enable a portable computer apparatus to detect gestures by electro-optically sensing the gestures and correlating them to an image capture command.    Dr. Pryor's unique solution thus enabled users to take photos by making a gesture in the camera's field of view, something that no one else had achieved in May 1999.

LG fails to analyze all of the elements of claim 4 individually and in their ordered combination.    LG's analysis is flawed because it ignores the directive in *Alice* to "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the elements transform the abstract idea such that the subject matter is patentable. *Alice*, 134 S.Ct. at 2355.    LG's analysis fails to recognize Federal Circuit precedent holding that "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces."  *Bascom*, 827 F.3d at 1350.

LG failed to perform the analysis required by the second step of *Alice* and merely cherry-picked some words in the claims that have generic meanings, took them out of context, and declared the claim directed to a combination of well-known components.   Motion at 8, 14-15.    Step two

of *Alice* requires more—it requires an examination of the remaining claim language and the ordered combination of elements.

The claim elements, taken as a whole, would transform the claim from the allegedly abstract to concrete, patent-eligible subject matter.   Claim 4 does not just require a generic device housing—it requires a device housing that specifically includes "a forward facing portion" which encompasses "a digital camera" and an "electro-optical sensor."   The "electro-optical sensor" has "a field of view."   Likewise, the "processing unit" in claim 4 is not just any processor.   Rather, it is a processor that is "operatively coupled to the sensor and to the digital camera."   The processing unit is specifically adapted to "determine a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output, and control the digital camera in response to the gesture performed in the electro-optical sensor field of view, wherein the gesture corresponds to an image capture command, and wherein the image capture command causes the digital camera to store an image to memory."   And claim 4 further limits the physical arrangement to one in which "the electro-optical sensor is fixed in relation to the digital camera." None of these components are generic as claimed, and LG has not performed any analysis of the claim language to show otherwise. Performing this analysis also confirms that claim 4 is tied to a specific device with non-conventional components. *See Ultramercial*, 772 F.3d at 716.  In fact, the repeated confirmation of validity of claim 4 in proceedings before the Patent Office demonstrates that ordered combination of claim 4 is not conventional.

LG argues that "any purported 'inventive concept' is nothing more than the abstract idea itself:  the concept of capturing a photograph based on observable cues."  Motion at 13.  But LG ignores other areas of the specification that describe the inventive concept, for example:  "There

is no known picture taking reference based on object position and orientation with respect to the camera, or other objects that I am aware of." '949 Patent, 1:44-46.

LG's reliance on the *Yu* case is misplaced because LG ignores the fact that claim 4 allows a picture to be taken without physically touching an object (i.e., via a gesture).  Claim 4 recites and incorporates "more beyond conventional computing hardware and software."  Specifically, claim 4 recites in part:

> a processing unit within the device housing and operatively coupled to an output of the electro-optical sensor, wherein the processing unit is adapted to:

> determine a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output, and control the digital camera in response to the gesture performed in the electro-optical sensor field of view,

> wherein the gesture corresponds to an image capture command, and wherein the image capture command causes the digital camera to store an image to memory.

['949 Patent, 15:27-38].

The actual language of claim 4 goes far beyond merely claiming a camera, a sensor, and a processor; it describes specific technical improvements that allow the system to capture an image based on the determination of a gesture that allows a user to capture an image without physically pressing a button.  "To save a patent at step two, an inventive concept must be evident in the claims." *RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017).  Here, the inventive concept is evident in the language of claim 4.  Further, conventional computing hardware and software do not determine a gesture wherein the gesture corresponds to an image capture command as claimed above.  Thus, even if the Court were to determine that claim 4 of the '949 Patent is directed toward an abstract idea, claim 4 of the '949 Patent contains an inventive concept sufficient to transform it into patent-eligible subject matter.

### C.    There Is a Genuine Dispute Over Facts Material to Patentability.

LG asserts that there are no facts material to patent eligibility.  Motion at 16-18.  LG incorrectly argues there cannot be a genuine dispute over facts material to patent eligibility in light of the intrinsic evidence.  *Id*.  Not so.  The intrinsic evidence acknowledges:  "There is no known picture taking reference based on object position and orientation with respect to the camera, or other objects that I am aware of."  '949 Patent, 1:44-46.  Thus, there is a genuine dispute over facts material to patentability.

"[P]atent eligibility may be resolved at the Rule 12 stage only if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic and Rule 12 record in favor of the non-movant."  *Cooperative Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022).  Accordingly, patent eligibility may not be resolved at the Rule 12 stage because a plausible factual dispute exists regarding facts material to patentability.

## V.       CONCLUSION

The Motion should be denied for all of the foregoing reasons.

Dated: April 29, 2024

By:      s/ James S. Richter
James S. Richter
MIDLIGE RICHTER LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
*Attorneys for Plaintiff,*
*Gesture Technology Partners, LLC*

**OF COUNSEL:**

Fred I. Williams
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX 78701

16

Tel: 512-543-1354
fwilliams@wsltrial.com

John Wittenzellner
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff,*
*Gesture Technology Partners, LLC*