

**JAMES S. RICHTER**
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

June 6, 2024

<u>BY ECF</u>
Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    ***Gesture Technology Partners, LLC v. LG Electronics, Inc.*, et al.***
           ***Civil Action No. 21 CV 19234 (EP) (MAH)***

Dear Judge Hammer:

This firm, along with Williams Simons & Landis PLLC, represents Plaintiff Gesture Technology Partners, LLC ("GTP") in the above-referenced matter. Please accept this letter on GTP's behalf regarding a discovery dispute that has arisen with respect to Defendants, LG Electronics Inc.'s and LG Electronics U.S.A., Inc.'s (collectively "LGE") deficient interrogatory answers and document production, for which GTP requests Your Honor's assistance.

**I.    <u>Preliminary Statement</u>**

GTP is, unfortunately, submitting this letter to Your Honor setting forth only its positions on this discovery dispute. We initially requested that LGE follow the procedures Your Honor typically requires parties to comply with when submitting discovery disputes, i.e., a joint letter protocol with a neutral statement of the dispute and then each parties' positions limited to 3 pages each. After providing LGE with GTP's position and a meet and confer, LGE provided its response which included over 5 pages in the "neutral" statement of the dispute and then over 11 pages of argument, resulting in a submission that was over 22 pages.



T. 908.626.0622
F. 908.626.0322
www.midlige-richter.com
info@midlige-richter.com
645 Martinsville Road
Basking Ridge, NJ 07920

Honorable Michael A. Hammer, U.S.M.J.                              June 6, 2024
                                                                    Page 2

      When the issue of failure to comply with Your Honor's preferred way of addressing discovery disputes was raised, LGE advised that because there was no express Order that provided for the joint letter protocol procedure[1], they did not have to comply with the limitations typically set by Your Honor for this type of submission. LGE advised that GTP could either accept LGE's portion of the joint letter without limitations, or submit its positions and LGE would respond, abandoning Your Honor's preferred procedure.  GTP opted for the latter.

## II.    <u>Background</u>

      On May 2, 2024, GTP sent a letter to LGE that identified certain deficiencies in LGE's interrogatory responses and document production. (Exhibit "A"). The parties originally met and conferred on May 8, 2024 but were unsuccessful in resolving the issues and agreed that they are at an impasse.  After GTP sent a draft joint letter to LGE, the parties met and conferred for a second time on May 23, 2024 where LGE indicated it would provide a response within a day or two.  On June 4, 2024, LGE finally provided its draft of the joint letter.  GTP wishes to resolve the instant dispute within a reasonable time because fact discovery closes on July 30, 2024.

## III.    <u>Neutral Statement of Discovery Dispute</u>

      In accordance with the Court's Order of January 3, 2024 (D.E. 89), this discovery dispute only concerns claim 4 of U.S. Patent No. 8,878,949 patent (the "'949 patent).  Claim 4 of the '949 patent recites:

> 4. The portable device of claim 1 wherein the electro optical sensor is fixed in relation to the digital camera.

> 1. A portable device comprising:

---

[1] This matter was transferred from the Western District of Texas and, thus, there was no formal Rule 16 Conference and no formal Initial Scheduling Order entered.



Honorable Michael A. Hammer, U.S.M.J.                                       June 6, 2024
                                                                             Page 3

> a device housing including a forward facing portion, the forward facing portion of the device housing encompassing an electro-optical sensor having a field of view and including a digital camera separate from the electro-optical sensor; and
>
> a processing unit within the device housing and operatively coupled to an output of the electro-optical sensor, wherein the processing unit is adapted to:
>
>> determine a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output, and control the digital camera in response to the gesture performed in the electro-optical sensor field of view,
>>
>> wherein the gesture corresponds to an image capture command, and wherein the image capture command causes the digital camera to store an image to memory.

**A.      Background on GTP's Infringement Contentions**.

GTP served its infringement contentions on LGE in this case on February 17, 2023.  On March 7, 2023, LGE sent a letter to GTP regarding alleged deficiencies in GTP's infringement contentions, and requesting withdrawal of infringement contentions for certain claims.  On January 26, 2024, GTP filed a motion to amend its infringement contentions (D.E. 93-1), attaching its amended infringement contentions to the motion (D.E. 93-2).  The motion is fully briefed and currently pending before Your Honor. (See, ECF nos. 93, 96 and 97).  On March 12, 2024, LGE served its initial non-infringement contentions on GTP, along with its unenforceability and invalidity contentions.  On March 24, 2024, GTP served on LGE its responses to Defendants' invalidity contentions.

**B.      GTP's Discovery Requests**

On March 20, 2024, GTP served discovery requests, specifically requests for production ("RFPs") nos. 1-45 and interrogatory nos. 1-19.  On April 19, 2024, LGE served its responses and objections. (Exhibits "B" and "C"). On May 2, 2024, GTP sent LGE a letter that set forth a detailed



Honorable Michael A. Hammer, U.S.M.J.                                    June 6, 2024
                                                                         Page 4

explanation of the relevance of the requests, the deficiencies in LGE's responses and requested a

meet and confer to discuss: (1) LGE's answers to interrogatory nos. 1-19; (2) LGE's responses to

RFP nos. 1-4, 6, 8-10, 12-16, 19-21, 23, 24, 26, 27, 29, 32, 34-35, 37-38, and 40-43; (3) LGE's

document production in response to RFP Nos. 5, 7, 11, 17, 18, 22, 25, 28, 30-31, 33, 36, 39, 44-

45 for which LGE responded that it would produce documents; (4) LGE's document production

under Local Patent Rule ("LPR") 3.4(a) and 3.4(d); and (5) documents that are illegible as

produced. (Exhibit "A").  On May 8, 2024, counsel for the parties met and conferred regarding

LGE's responses to GTP's discovery requests, but no progress was made.  To date, LGE has only

produced 550 publicly available documents with no confidentiality designation, denoted as

LGE_GTP_00000001 through LGE_GTP_00047980.

**IV.     The Specific Discovery Sought and Argument for the Requested Discovery**

LGE has refused and failed to provide substantive answers to interrogatory nos. 1-19, and

has failed to state that it will produce documents responsive to RFP nos. 1-4, 6, 8-10, 12-16, 19-

21, 23, 24, 26, 27, 29, 32, 34-35, 37-38, 40-43.  For RFPs nos. 5, 7, 11, 17, 18, 22, 25, 28, 30-31,

33, 36, 39, 44-45, LGE has responded that it will produce documents, but has so far failed to do

so.  LGE has also refused to comply with LPR 3.4(a) and 3.4(d) by producing the required

documents.  LGE's 550 documents produced to date are all publicly available documents, such as

user manuals, with no confidentiality designation.  In addition, most pages of LGE's deficient

document production contain at least some illegible content.  Therefore, GTP requests that LGE

produce legible copies or native copies.

Despite its refusal to engage in the discovery process, LGE expects fact discovery to close

on July 30, 2024, leaving GTP without needed discovery.  LGE's position at the meet and confer

was that it cannot provide fulsome interrogatory answers and the requested documents because it

claims not to understand GTP's infringement theory, and believes that GTP's contentions do not



Honorable Michael A. Hammer, U.S.M.J.                                        June 6, 2024
                                                                             Page 5

comply with LPR 3.1.  LGE stated it will not provide complete answers until GTP provides more

infringement contentions.

        LGE's position is disingenuous because it understands GTP's infringement theory.  GTP

placed LGE on notice of the '949 patent on September 12, 2017, and of its specific infringement

of claim 4 of the '949 patent in compliance with LPR 3.1 on February 17, 2023.  Indeed, LGE was

able to provide GTP with non-infringement contentions and invalidity contentions on March 14,

2024.  In addition, GTP also provided amended infringement contentions on January 26, 2024,

with the pending motion to amend infringement contentions (D.E. 93-1)  In opposing that motion,

LGE made no mention that GTP's infringement contentions for claim 4 of the '949 patent were in

any way deficient, let alone so deficient that to justify LGE refusing to make discovery.  The time

to raise that issue was in response to GTP's motion to amend.  Having failed to do so, LGE waived

the argument, and cannot use it now as an excuse against providing discovery.

### A.  GTP's Interrogatories and LGE's Responses

        GTP's interrogatories are relevant and proportional to the needs of the case, requesting

basic information such as:

1. Describe and identify the devices and applications that detect, identify, or
   interpret gestures. (Interrogatories 1-3)

2. Identify five people knowledgeable about the LGE devices and applications
   that interface with gestures. (Interrogatories 4 & 5)

3. Relevant dates for the devices and applications, including relevant
   agreements that relate to the devices and applications. (Interrogatories 9-11)

4. Non-infringing uses, description of sales, and facts disputing the priority
   dates of the inventions.  This information is necessary for the forthcoming
   export reports on validity and damages. (Interrogatories 13-14, 16)

5. Provide and describe specific financial data for the accused products and
   devices, including the relevant royalty base.  (Interrogatories 6, 12, 17-19)



Honorable Michael A. Hammer, U.S.M.J.                                      June 6, 2024
                                                                              Page 6

These requests seek information directly relevant to GTP's infringement claim and the required

damages analysis.  That information is fundamental to the heart of the case. GTP's May 2, 2024

letter to LGE sets forth in detail the reasons why these requests are relevant and proportional to

the needs of the case. (See Exhibit "A").  LGE has refused to provide any substantive responses to

these requests. (See Exhibit "B").

**B.  GTP's Document Requests and LGE's Responses**

GTP's document requests are also standard in patent cases, and request specific categories

of relevant, nonprivileged documents, including the following:

1. Documentation that identifies the design, manufacture, or operation of the Accused Products.

2. Marketing materials or presentations, cost-benefit analyses, and whitepapers of the Accused Products.

3. Manuals related to the structure, function, and operation of the Accused Products.

4. Documents that reflect LGE's organizational and business departments involved in the development or deployment of the Accused Products.

5. Technical specifications and documentation for each of the Accused Products.

6. Documentation to show a source and basis for revenue of the Accused Products.

7. Documentation concerning any praise or acclaim for functionality in the Accused Products.

8. Documentation related to LGE's efforts to commercialize the technology in the Accused Products.

To date, LGE has not produced any non-public documents responsive to any of RFPs 1-45.



Honorable Michael A. Hammer, U.S.M.J.                                June 6, 2024
                                                                     Page 7

### C.  LGE's L.Pat.R. 3.4(a) and 3.4(d) Production

Besides those production deficiencies, LGE's document production also fails to meet the requirements of LPR 3.4(a) and (d).  In its LPR 3.1(c) chart, GTP identified over 140 Accused Instrumentalities by name.  Unfortunately, contrary to LPR 3.4, LGE has failed to produce any "source code, specifications, schematics, flow charts, artwork, formulas, or other documentation" regarding any of the Accused Instrumentalities.  LGE's production of publicly-available documents, such as user manuals, does not satisfy its obligation to produce "source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation, composition, or structure of any aspects or elements of an Accused Instrumentality." *LPR 3.4(a)*. In addition, LGE has also failed to "separately identify by production number which documents correspond to each category" in correspondence under LPR 3.4(d).

For these reasons, GTP respectfully requests that LGE be compelled to provide the requested discovery.

We thank Your Honor for your continued attention to this matter.  Should Your Honor have any questions, we are available at your convenience.

                                        Respectfully submitted,

                                        s/ James S. Richter

                                        James S. Richter

Cc:     All Counsel of Record (w/encl.)(via ECF and Email)

**EXHIBIT A**



**John Wittenzellner**
Williams Simons & Landis PLLC
Direct: 512.543.1373
johnw@wsltrial.com

May 2, 2024

Matthew Satchwell
DLA Piper LLP (US)
444 W. Lake St.
Suite 900
Chicago, Illinois 60606

Re:    *Gesture Technology Partners LLC v. LG Electronics Inc., et al.*, Civil Action No. 21-
cv-19234-JMV-MAH – Defendants' Deficient Interrogatory Answers and Document Production

Dear Mr. Satchwell,

I am writing about obvious deficiencies in both LG Electronics Inc's and LG Electronics
U.S.A., Inc.'s (collectively, "LG's") Response to Plaintiff Gesture Technology Partners, LLC's
("GTP's") First Set of Interrogatories (Nos. 1–19) and LG's Response to Plaintiff GTP's First Set
of Requests for Production (Nos. 1-45), as well of LG's failure to follow Local Patent Rule 3.4(a)
and 3.4(d).  The majority of LG's interrogatory answers are deficient because they do not include
a substantive answer.  In addition, LG has not produced any non-publicly-available documents to
date, and has not produced any documents to fulfill its obligations under Local Patent Rule 3.4(a).
The close of fact discovery is fast approaching on July 30, 2024.  Therefore, please provide us
with your availability to meet and confer regarding these issues on or before May 10, 2024.

**A. LG's Deficient Interrogatory Answers**

GTP is entitled to the requested discovery because the requests are both relevant to GTP's
claim of patent infringement and proportional to the needs of the case.

*i. Interrogatory Nos. 1-5, 10, 13-14, and 16*

LG's responses to Interrogatory Nos. 1-5, 10, 13-14, and 16 are wholly deficient because
LG fails to provide a substantive answer, claiming instead that "LGE is willing to meet and confer
with GTP to discuss a reasonable limitation, to the extent one exists, of the scope of this
interrogatory." LG must amend its interrogatory answers and provide substantive responses to the
questions asked.

Interrogatory Nos. 1-3 are relevant and proportional to the needs of the case because these
interrogatories require LG to describe and identify the devices and applications that detect,

identify, or interpret gestures. This is fundamental information within the scope of claim 4 of the '949 Patent that goes to the heart of the case.

Interrogatory Nos. 4 and 5 are relevant and proportional to the needs of the case because they request LG to identify five people knowledgeable about the devices and applications that interface with gestures; your responses are facially deficient. Please provide the names of five people most knowledgeable on the specific topics identified in Interrogatory Nos. 4 and 5.

Interrogatory Nos. 10 requests information related to license agreements and other agreements related to intellectual property that concern the use of gestures by the accused products. Interrogatory Nos. 13-14 and 16 request alleged non-infringing uses, description of sales, and facts regarding an effort to value, assess demand for, or importance to consumers of the applications or features capable of detecting gestures. The information requested by Interrogatory Nos. 10, 13-14, and 16 is necessary for the forthcoming export reports.

*ii. Interrogatory Nos. 6, 9, 11-12, and 17-19*

LG's responses to Interrogatory Nos. 6, 9, 11-12, and 17-19 are wholly deficient because you elected to respond under Rule 33(d), but LG has only produced 550 publicly-available documents in this case, and wholly failed to identify any documents responsive to these interrogatories.

Interrogatory Nos. 6 and 12 require LG to describe specific financial data of the accused products and devices. Interrogatory Nos. 9 and 11 request the relevant dates of LG's devices and applications, including relevant agreements that concern the devices and applications. Interrogatory No. 19 further requests LG to identify the proper royalty base. Interrogatory Nos. 17 and 18 request information on royalty rate, license offers, and the calculation of damages in this case. These requests are relevant and proportional to the needs of the case because they seek information directly relevant to GTP's damages analysis.

*iii. Interrogatory No. 7*

LG's response to Interrogatory No. 7 is deficient because the only answer it provides is "LGE became aware of the '949 patent, inventor Dr. Timothy Pryor, and Plaintiff no earlier than September 12, 2017." LG states that all other information requested by the interrogatory is "protected by the attorney-client privilege and the attorney work product immunity doctrine." However, a blanket claim of privilege, without more, is not a sufficient response to this interrogatory.

LG's responses fail to identify any "facts regarding how and when You first became aware of the Patents-in-Suit, Dr. Timothy Pryor, or Plaintiff," including, for example, the names of any person or entity involved in responsive communications, the dates thereof, an identification of the three persons most knowledgeable of the foregoing, or an identification of documents reflecting the foregoing.

*iv. Interrogatory No. 15*

LG's response to Interrogatory No. 15 is deficient because it states that it is still investigating and does not provide any factual basis for disputing the priority date or invention date of the '949 patent. Interrogatory No. 15 is relevant to GTP's claims of infringement and damages.

We request that LG provide full and complete, responsive answers to GTP's interrogatories.

### B. LG's Deficient Document Production

LG has only provided a limited document production designated LGE_GTP_00000001 through LGE_GTP_00047980. The documents produced are all publicly available documents, such as user manuals and marketing materials. Indeed, LG provides no confidentiality designation on any these documents. This is appropriate, because these documents are not confidential in any way. They are fully publicly-available documents. However, GTP's Requests for Production ("RFPs") require that LG provide more than just publicly-available documents.

In its responses to GTP's RFPs, LG responded that it will produce documents responsive to GTP's Requests for Production Nos. 5, 7, 11, 17, 18, 22, 25, 28, 30-31, 33, 36, 39, 44-45. But you have not produced documents responsive to those requests. The publicly available documents produced are not documents responsive to those requests. GTP is entitled to the requested discovery because the requests are relevant to GTP's claims of patent infringement and proportional to the needs of the case.

*i.     RFP Nos. 1-4, 6, 8-10, 12, 19-21, 23, 24, 26, 27, 29, 32, 34-35, 38, and 40-43*

LG fails to produce documents in response to RFP Nos. 1-4, 6, 8-10, 12, 19-21, 23, 24, 26, 27, 29, 32, 34-35, 38, and 40-43, claiming that " LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request."

LG has an obligation to produce documents responsive to, for example, RFP Nos. 1-4, 6, 8-10, 12, 20-21, 26, 29, 34-35, 38, and 40-41. The documents requested include:

- documentation that identifies the design, manufacture, or operation of the Accused Products;
- marketing materials or presentations, cost-benefit analyses, and whitepapers of the Accused Products;
- manuals related to the structure, function, and operation of the Accused Products;
- documentation that reflects LG's organizational and business departments involved in the development or deployment of the Accused Products;
- technical specifications and documentation for each of the Accused Products;
- documentation to show the source and basis for the revenue of the Accused Products;

- documentation concerning any praise or acclaim for any functionality in the Accused Products; and
- documentation related to LG's efforts to commercialize the technology in the Accused Products.

LG also has an obligation to produce documents responsive to, as a further example, RFP Nos. 19, 23-24, 27, 32, and 42-43. RFP No. 19 requests documents showing the methodology for determining the value of implementing a new technology. RFP No. 23 requests documents showing the methodology for determining the value of implementing the Accused Products. RFP No. 24 requests documents identifying key performance indicators and metrics used to evaluate the utility of the Accused Products. RFP No. 27 requests documents showing how the design of the Accused Products evolved over time. RFP No. 32 requests documents reflecting payments made or received related to the Accused Products. RFP Nos. 42-43 request documents related to the funding of the Accused Products. The requested documents are relevant to GTP's claims of patent infringement and must be produced.

GTP will meet and confer regarding the scope of these requests but expects LG to produce the relevant documents.

*ii. RFP Nos. 13-16 and 37*

LG purports not to have any non-privileged documents responsive to RFP Nos. 13-16 and 37. LG has an obligation to produce non-privileged documents responsive to these requests. RFP No. 13 requests documents that reflect the date that instructions to preserve evidence was issued. RFP Nos. 14-16 and 37 requests documents between LG and third parties regarding the case and the asserted '949 Patent. Each of the requests are relevant to the GTP's infringement claims and proportional to the needs of the case.

**C. LG's failure to follow Local Patent Rule 3.4**

In addition to LG's document production being deficient with respect to GTP's RFPs, LG deficient document production has also failed to meet the requirements of Local Patent Rule 3.4(a) and (d). Local Patent Rule 3.4 entitled "Document Production Accompanying Invalidity Contentions" in pertinent part states:

> With the "Invalidity Contentions," the party opposing an assertion of patent infringement shall produce or make available for inspection and copying:
> (a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation, composition, or structure of any aspects or elements of an Accused Instrumentality identified by the party asserting patent infringement in its L.Pat.R. 3.1(c) chart; and
> …

(d) With respect to each of the above document productions, the producing party shall separately identify by production number which documents correspond to each category.

In it's L. Pat. R. 3.1(c) chart, GTP has identified at least the following Accused Instrumentalities: LG G3, LG G3 (CDMA), LG Tribute, LG G3 S (LG G3 Beat, LG G3 Vigor), LG G3, S Dual (LG G3 Beat Du-al), LG G Vista, LG G Vista (CDMA), LG Logos, LG Power, LG Destiny, LG Lancet (VS820), LG G  (VS820)Flex2, LG Escape2 (LG Spirit), LG Tribute 2, LG G Stylo, LG Risio, LG Lancet 4G LTE (VW820), LG G Stylo, LG G4, LG V10, LG G5, LG G Vista 2, LG Leon, LG V10 LRA, LG K7, LG Spree, LG Tribute 5, LG Nexus 5X, LG V20, LG K8, LG Phoenix 2, LG Stylo 2, LG Stylo LTE (CDMA)2, LG K3, LG Stylo LTE (GSM)2, LG Premier LTE (CDMA), LG Premier LTE (GSM), LG X style (CDMA), LG X style (GSM), LG Treasure LTE (CDMA), LG Treasure LTE (GSM), LG Rebel LTE (CMDA), LG Rebel LTE (GSM), LG Classic, LG Stylo 2 Plus, LG K10, LG Escape 3, LG X power, LG K4 (2017) (LG Fortune), LG Aristo, LG Harmony, LG X charge (LG X power2), LG K20 V, LG K20 LRA, LG Stylo 2 V, LG K8 (2017), LG K20 Plus, LG Stylo 3 (LG Stylus 3), LG Risio 2, LG Phoenix 3, LG K3, LG Grace LTE (GSM), LG Fiesta LTE (CDMA), LG Fiesta LTE (GSM), LG Rebel 2 LTE (CDMA), LG Rebel 2 LTE (GSM), LG Tribute HD, LG Stylo 3 Plus, LG X venture, LG Fiesta 2 LTE (CDMA), LG Fiesta 2 LTE (GSM), LG Rebel 3 LTE (CDMA), LG Rebel 3 LTE (GSM), LG K30, LG G6/G6+, LG Q6, LG Tribute Dynasty, LG Aristo 2, LG Zone 4, LG V30/V30+, LG Phoenix Plus, LG Aristo 2 Plus, LG Q7+, LG Harmony 2, LG Stylo 4, LG V35 ThinQ, LG V30S ThinQ, LG Tribute Empire, LG G7 ThinQ, LG V40 ThinQ, LG K40, LG K20, LG Fortune 2, LG Risio 3, LG Phoenix 4, LG Xpression Plus, LG Premier Pro LTE, LG Rebel 4 LTE (CDMA), LG Rebel 4 LTE (GSM), LG Aristo 3, LG Stylo 4+, LG K8 S, LG G8 ThinQ, LG G7 Fit, LG Stylo 5, LG V50 ThinQ 5G, LG Escape Plus, LG Aristo 4+, LG Stylo 5+, LG K51, LG Stylo 6, LG Q70, LG Solo LTE, LG Aristo 3+, LG Prime 2, LG Arena 2, LG Harmony 3, LG Xpression Plus 2, LG Journey LTE, LG Tribute Royal, LG G8X ThinQ, LG Stylo 5X, LG Neon Plus, LG V60 ThinQ 5G, LG V60 ThinQ UW, LG Fortune 3, LG Risio 4, LG Reflect, LG G Pad 7.0, LG G Pad 10.1, LG G Pad 7.0 LTE, LG G Pad 8.0 / LG G Pad 8.0 LTE, LG G Pad F7.0, LG G Pad X8.3, LG G Pad F 8.0, LG G Pad II 8.0" HD+ IPS Display WI-FI / LG G Pad 8.0 LTE, LG G Pad  X 10.1, LG G Pad II 10.1 Full HD Display WI-FI, LG G Pad F 8.0 ACG, LG G Pad X 8.0, LG G Pad F 8.0 2nd Gen, LG G Pad  X II 10.1, LG G Pad X II 8.0 Plus, LG G Pad F 8.0 2nd Gen ACG, and LG G Pad  5 10.1 FHD.

However, contrary to Local Patent Rule 3.4, LG has failed to produce any "source code, specifications, schematics, flow charts, artwork, formulas, or other documentation" regarding any of these Accused Instrumentalities. LG's production of publicly-available documents, such as user manuals and marketing materials, does not meet its obligations to produce "source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation, composition, or structure of any aspects or elements of an Accused Instrumentality." *LPR 3.4(a)*. LG has not produced any source code, specifications, schematics, flow charts, or formulas per Local Patent Rule ("LPR") 3.4(a).

In addition, with regard to any documents produced with regard to LPR 3.4(a), LG has also failed to "separately identify by production number which documents correspond to each category" in correspondence to LPR 3.4(d). LG has not identified, per LPR 3.4(d), what

documents correspond to its obligations to produce "source code, specifications, schematics, flow charts, artwork, formulas, or other documentation" regarding the Accused Instrumentalities. The reason LG has not identified any documents, purportedly, is because LG has not produced any documents to satisfy its obligations under LPR 3.4(a).

The time to produce these documents, and to correspondingly identify them, per the local rules, was with the Invalidity Contentions. LG has failed to do so, and is therefore in violation of the Local Patent Rules. The failure to comply with the time schedule provided by the Local Patent Rules has put GTP at a significant disadvantage in being able to review and analyze LG's production.

### D. LG's Illegible Document Production

LG's limited document production (designated LGE_GTP_00000001 through LGE_GTP_00047980) of publicly-available documents is not only deficient, but also mostly illegible. Therefore, we request that LG supplement its document production to replace all the documents in its production with legible copies or native copies of the documents.

As one of many examples throughout LG's deficient production, the text in the gray box of LGE_GTP_00016646 is mostly illegible:





Please confirm, by no later than May 10, that you will produce legible copies or native copies of your production LGE_GTP_00000001 through LGE_GTP_00047980.

In addition, please provide us with your availability to meet and confer on or before May 10, 2024 regarding all of the issues of this letter.


Sincerely,


John Wittenzellner

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GESTURE TECHNOLOGY PARTNERS, LLC,

              Plaintiff,

    v.

LG ELECTRONICS INC., and LG
ELECTRONICS U.S.A., INC.,

             Defendants.

Civil Action No. 21 CV 19234

(EP)(MAH)

## LG ELECTRONICS INC. AND LG ELECTRONICS U.S.A, INC.'S RESPONSE TO PLAINTIFF GESTURE TECHNOLOGY PARTNERS, LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-19).

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Scheduling Order in this case, Defendants LG Electronics Inc. and LG Electronics U.S.A, Inc. (collectively "LGE") hereby provide responses to Plaintiff Gesture Technology Partners, LLC's ("GTP") First Set of Interrogatories (Nos. 1-19) as follows:

### GENERAL STATEMENT AND OBJECTIONS

1.      LGE objects to each Interrogatory, Definitions and Instructions to the extent they seek to impose duties or obligations on LGE beyond those set forth in the Federal Rules of Evidence, Federal Rules of Civil Procedure, the Local Court Rules, and all applicable Court orders in this case, or any other agreement that the parties have or may enter into in this case. In this regard, to the extent that an interrogatory requires, explicitly or implicitly, the construction of one or more patent claim terms, a comparison of the asserted claims and the prior art, or identification of any advice of counsel, such interrogatory is premature in light of the timetable provided in the Scheduling Order.

2.      LGE objects to these interrogatories as being overbroad because GTP has not

properly put LGE on notice of its infringement theories for the '949 patent. As set forth in LGE's

March 7, 2023 letter, GTP's Disclosure of Asserted Claims and Infringement Contentions do not

satisfy Patent Local Rule 3.1. As LGE explained in its letter, in analyzing an analogous local

patent rule, the Federal Circuit has stated, "[t]he purpose of [Local Patent] rule [3.1], and the

local patent rules in general, is to require parties to crystallize their theories of the case early in

the litigation so as to prevent the shifting sands approach to claim construction." *Keranos, LLC v.

Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (internal quotation marks and

citation omitted). The chart accompanying GTP's Contentions falls far short of this requirement.

For the '949 patent, there are a number of limitations in the asserted claim for which GTP's

Contentions fail to set forth how the accused products purportedly meet those limitations. All

that GTP has done is provide a laundry list of apps and features on the accused devices, without

any explanation whatsoever as to how gestures are used in any of these apps or functions.  GTP's

vague invocation of its omnibus list of nearly 150 LGE devices is insufficient. The functionality

of the listed apps and features can be obtained from publicly-available sources or the accused

devices themselves, so there is no basis for GTP's failure to provide fulsome infringement

contentions. As it currently stands, LGE is left to simply guess as to GTP's infringement

theories.

3.      The following responses are based on information available as of the date of these

responses. Discovery is not yet complete, and these responses are therefore subject to revision. It

is anticipated that further discovery, investigation, and analysis may supply additional facts and

add meaning to known facts, as well as establish entirely new factual conclusions and legal

contentions, all of which may lead to substantial changes, additions, or variations to the information set forth herein.

4.      In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, LGE objects generally to each interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product doctrine, joint defense and/or common interest privilege or other applicable privileges or doctrines.

5.      LGE objects to each interrogatory to the extent that it seeks confidential or proprietary information pertaining to LGE's business, trade secrets and/or economic relationships, or to the extent that it seeks confidential information which would impugn upon any protected right to privacy.

6.      LGE further objects to each interrogatory to the extent that it seeks information that contains confidential, proprietary or trade secret information of third parties. LGE will provide such information in response to such interrogatories subject to all applicable Court orders in this case, and any provision of any such information will be subject to any consent required by third parties.

7.      These responses are made solely for the purpose of discovery in this action. Nothing herein is intended to waive the following objections, which are expressly reserved: all objections as to competency, relevancy, authenticity, propriety, materiality and admissibility of the subject matter of the interrogatories; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any information provided in response to

these interrogatories; all objections on any ground to any interrogatory for further responses to these or other interrogatories; and any and all other objections and ground that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and ground are reserved and may be interposed at the time of trial.

8.     LGE objects generally to the Interrogatories because they seek information concerning products that are not imported into, or made, used, offered for sale, or sold in the United States.

9.     LGE objects to each Interrogatory, Definition, and Instruction to the extent it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case.

10.     LGE objects to each Interrogatory to the extent it requires LGE to search for and reveal privileged information or communications from its or its attorneys' litigation files pertaining to the case.

11.     LGE objects to each interrogatory to the extent that it seeks to impose an obligation to identify or search for documents or information at any location other than that at which they would be stored in the ordinary course of business. LGE further objects to each Interrogatory that seeks to require LGE to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information or an inquiry of those persons who reasonably may be expected to possess responsive information.

12.     LGE objects to each Interrogatory that is cumulative and duplicative of other forms of discovery that are more convenient and less burdensome.

13.     LGE objects to each Interrogatory that includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with F.R.C.P. 33.

14.     LGE objects to the definition of the terms "LG," "Defendant," "You," and "Your" as overly broad and unduly burdensome to the extent that it includes "all other Persons or Entities representing it or acting on its behalf."  LGE will construe these terms to mean Defendants LG Electronics Inc. and LGE Electronics U.S.A., Inc.

15.     LGE objects to the definition of "Patents-in-Suit" as including the '530 patent because that patent presently is not at issue in this case. *See* Dkt. Nos. 89, 95.

16.     LGE objects to the definition of "Asserted Claims" to the extent it covers any claim besides claim 4 of the '949 patent.

17.     LGE objects to the definition of the term "Accused Products" as vague, ambiguous, and overly broad to the extent it purports to include products for which Plaintiff has failed to provide sufficient infringement contentions in this case.  LGE further objects to this definition as the list is incongruous with the list of accused products in GTP's Infringement Contentions served on February 17, 2023.

18.     LGE objects to the definition of "Camera" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards.  LGE further objects to this definition as being dependent on claim construction.

19.     LGE objects to the definition of "Sensor" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards.  LGE further objects to this definition as being dependent on claim construction.

5

20.     LGE objects to the definition of "Light Source" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards.  LGE further objects to this definition as being dependent on claim construction.

21.     LGE objects to the definition of "Components" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards.  LGE further objects to this definition as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information to the extent it includes "all Cameras, Sensors, Light Sources, and processors or systems-on chips that are part of the Accused Products." LGE further objects to this definition as being dependent on claim construction.

22.     LGE objects to the definition of "Gesture" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards and improperly shifting the burden of identifying accused features and products from GTP to LGE.  LGE further objects to this definition as being dependent on claim construction.

23.     LGE objects to the definition of "Applications" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards.

6

24.     LGE objects generally to the temporal scope of the interrogatories as overly broad, unduly burdensome, and disproportionate to the extent that it does not contain any reasonable or appropriate temporal limitation.

25.     LGE objects to the definition of the term "Document(s)" to the extent that it purports to impose burdens on LGE greater than, inconsistent with, or not authorized by, the Federal Rules of Civil Procedure, the New Jersey Local Rules, and any applicable Court orders in this case.

26.     LGE objects generally to each Interrogatory to the extent it seeks a legal conclusion or expert opinion.

27.     LGE objects generally to these interrogatories to the extent that they seek information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.

28.     LGE objects to each interrogatory to the extent that it is cumulative and duplicative of other forms of discovery that are more convenient and less burdensome. LGE further objects to each interrogatory to the extent that it seeks to require LGE to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information or an inquiry of those persons who reasonably may be expected to possess responsive information.

29.     The General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce information contained in any such response is subject to the limitations, objections and exceptions set forth herein.

Subject to the foregoing General Statement and Objections, LGE responds as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe each mobile device, handheld device, mobile phone, cellular phone, smartphone, or tablet ("Devices") and each Accused Product that was made, created, configured, acquired, put into service, used, offered for sale, or sold, within the United States, or imported into the United States by or for Defendants during the Relevant Time Period, including each product's (a) name; (b) model number and product code; (c) wireless carrier (if applicable); (d) all internal names, code names and designations; (e) initial operating system version; (f) any chipset(s) responsible for detection, identification, or interpretation of Gestures; (g) date first sold or offered for sale in the United States. To the extent that any of the Devices and Accused Products have a changed primary operating system and/or version between the time of its introduction and trial in this matter, please Describe any such changes.

**RESPONSE TO INTERROGATORY NO. 1**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to this interrogatory to the extent it seeks information that is neither relevant nor proportional to the needs of the case. LGE objects to this Request because the term "Devices," including the terms comprising that definition, is vague, ambiguous, and overbroad. LGE further objects to the use of "mobile device, handheld device, mobile phone, cellular phone, smartphone, or tablet," "Gestures" as calling for a legal conclusion or expert opinion. LGE objects to this interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with F.R.C.P. 33. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information

without any required third-party consent or permission. LGE objects to this interrogatory to the

extent it seeks to elicit information subject to and protected by the attorney-client privilege, the

attorney work product doctrine, joint defense or common interest privilege and/or any other

applicable privileges, protections, or immunities and will not disclose such privileged

information. LGE further objects to the extent GTP can obtain information relevant to this

inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE

responds as follows: LGE is willing to meet and confer with GTP to discuss a reasonable

limitation, to the extent one exists, of the scope of this interrogatory. LGE reserves the right to

amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 2:**

Identify the following Components for each Accused Product and each Device identified

in response to Interrogatory No. 1 in the format in the table below:

| Accused Product/Device Model | Cameras and/or Sensors | Display | Processors or Systems-On-Chips |
|---|---|---|---|
| | | | |

**RESPONSE TO INTERROGATORY NO. 2**

LGE objects to this interrogatory on the grounds set forth in its General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE

objects to this interrogatory to the extent it seeks information that is neither relevant nor

proportional to the needs of the case. LGE objects to this Request because the term "Device,"

including the terms comprising that definition, is vague, ambiguous, and overbroad. LGE further

objects to the use of "Devices," "Cameras and/or Sensors," "Display," Processors or Systems-

On-Chips" as calling for a legal conclusion or expert opinion. LGE objects to this interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with F.R.C.P. 33. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE further objects to this interrogatory on the grounds that the phrase "[i]dentify the following Components" is vague and ambiguous, overly broad, unduly burdensome, and seeking irrelevant information. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: LGE is willing to meet and confer with GTP to discuss a reasonable limitation, to the extent one exists, of the scope of this interrogatory. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 3:**

For the Accused Products and/or Devices identified in response to Interrogatory No. 1, identify each Application (that can detect, process, interpret, respond to, or be controlled by Gestures) that is (1) preloaded on an Accused Product and/or Device or (2) available for

download on an Accused Product and/or Device, including identification of any Gesture recognized by such Application, using the table below:

| Application | Gesture Recognized by Application |
|---|---|
|  |  |

**RESPONSE TO INTERROGATORY NO. 3**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to this interrogatory to the extent it seeks information that is neither relevant nor proportional to the needs of the case. LGE objects to this Request because the terms "Device," including the terms comprising that definition, "detect, process, interpret, respond to, [] be controlled by," and "available for download" are vague, ambiguous, and overbroad. LGE further objects to the use of "Devices," "Application (that can detect, process, interpret, respond to, or be controlled by Gestures)," "Gesture" as calling for a legal conclusion or expert opinion. LGE objects to this interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with F.R.C.P. 33. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE further objects to this interrogatory to the extent it seeks information that does not exist or is outside the scope of LGE's possession, custody, or control. LGE further objects to this interrogatory as unduly burdensome to the extent it seeks information that is equally available to GTP as it is to LGE. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or

11

common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: LGE is willing to meet and confer with GTP to discuss a reasonable limitation, to the extent one exists, of the scope of this interrogatory. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 4:**

Identify the five people (including if appropriate, but not limited to, third-party persons) with the most knowledge regarding the design and manufacturing of the Accused Products and Devices identified in response to Interrogatory No. 1, including full detail regarding each person's knowledge, role, and responsibility with respect to the design and manufacturing of the Accused Products and Devices identified in response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 4**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to this request as "design and manufacturing of the Accused Products and Devices" is overbroad and is not narrowly tailored to the accused functionality. LGE objects to this interrogatory on the grounds that the phrase "the five people (including if appropriate, but not limited to, third-party persons) with the most knowledge regarding the design and manufacturing of the Accused Products" is vague and ambiguous as to which aspects of the "design and

12

manufacturing" of the accused products it is directed, overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case. LGE further objects to the use of "Devices" as calling for a legal conclusion or expert opinion. LGE further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests "full detail regarding each person's knowledge, role, and responsibility." LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects generally to this interrogatory to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: LGE is willing to meet and confer with GTP to discuss a reasonable

limitation, to the extent one exists, of the scope of this interrogatory. LGE reserves the right to

amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 5:**

Identify the five people (including if appropriate, but not limited to, third-party persons)

with the most knowledge regarding the design of the Applications identified in response to

Interrogatory No. 3, including full detail regarding each person's knowledge, role, and

responsibility with respect to the design of the Applications identified in response to

Interrogatory No. 3.

**RESPONSE TO INTERROGATORY NO. 5**

LGE objects to this interrogatory on the grounds set forth in its General Statement and

Objections and its objections to Interrogatory Nos. 1 and 3 above, and hereby incorporates these

by reference as if fully set forth herein. LGE objects to this request as "design of the

Applications" is overbroad and is not narrowly tailored to the accused functionality. LGE further

objects to this interrogatory on the grounds that the phrase "the five people (including if

appropriate, but not limited to, third-party persons) with the most knowledge regarding the

design of the Applications" is vague and ambiguous as to which aspects of the "Applications" it

is directed, overly broad, unduly burdensome, seeking irrelevant information, seeking a legal

conclusion or expert opinion, and not proportional to the needs of the case. LGE further objects

to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the

case to the extent it requests "full detail regarding each person's knowledge, role, and

responsibility." LGE objects generally to this interrogatory to the extent it requests LGE create

or produce information that LGE does not maintain in the ordinary course of its business or to

the extent it requests that LGE create or produce information in a particular format or at a

particular level of detail that LGE does not maintain in the ordinary course of its business. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: LGE is willing to meet and confer with GTP to discuss a reasonable limitation, to the extent one exists, of the scope of this interrogatory. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 6:**

On a monthly basis for the Relevant Time Period, Identify and Describe all of Your revenue and expenditures associated with (i) the Accused Products; and (ii) the Devices identified in response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 6**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE

objects to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that GTP has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE further objects to the use of "Devices" as calling for a legal conclusion or expert opinion. LGE will construe this term to mean only those LGE devices that GTP has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to this interrogatory to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE objects to this Request because the terms "revenue and expenditures" are vague, ambiguous, and overbroad. LGE objects to this interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with F.R.C.P. 33. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

16

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), LGE will produce documents sufficient to show the relevant and available financial information kept in the ordinary course of LGE's business as to the LGE products accused of infringing claim 4 of the '949 patent. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 7:**

Identify and Describe all facts regarding how and when You first became aware of the Patents-in-Suit, Dr. Timothy Pryor, or Plaintiff. Your response should include at least (i) the name of all persons or entities involved in all responsive communications, (ii) the dates thereof, (iii) the persons or entities representing You in the communications, and (iv) all third-parties and persons representing any other part(y/ies) to the communications; (v) a description of any analysis performed by You or for You to determine whether You infringe or do not infringe the Patents-In-Suit, whether the Patents-In-Suit are invalid or unenforceable, and/or whether You should seek to obtain a license to the Patents-In-Suit; (vi) a description of when any such analysis was performed, and the persons involved therein; (vii) an identification of the three (3) persons most knowledgeable of the foregoing; and (viii) an identification of documents reflecting the foregoing.

**RESPONSE TO INTERROGATORY NO. 7**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "all facts." LGE objects to this interrogatory on the ground that

17

"aware" is vague and ambiguous and that when LGE "first became aware of the Patents-in-Suit, Dr. Timothy Pryor, or Plaintiff" is not relevant to the claims or defenses in this action. LGE objects to this Request because the terms "became aware" and "analysis" are vague, ambiguous, and overbroad. LGE also objects to this Interrogatory as concerning the '530 patent, which presently is not at issue in this case. *See* Dkt. Nos. 89, 95. LGE objects to this interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with F.R.C.P. 33. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: LGE became aware of the '949 patent, inventor Dr. Timothy Pryor, and Plaintiff no earlier than September 12, 2017. The additional information sought in this Interrogatory is protected by the attorney-client privilege and the attorney work product immunity doctrine. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 8:**

Separately for each Asserted Claim of the Patents-in-Suit, describe any alleged acceptable non-infringing alternative(s), including any valuation, testing, or analysis thereof (including dates thereof), the availability thereof (including dates), the basis for contending that each noninfringing alternative is acceptable, commercially viable, and non-infringing, any documents related thereto, and an identification of the persons knowledgeable thereof.

**RESPONSE TO INTERROGATORY NO. 8**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to this interrogatory to the extent it seeks information that is neither relevant nor proportional to the needs of the case. LGE objects to this Request because the terms "valuation, testing," "analysis," "acceptable," and "commercially viable" are vague, ambiguous, and overbroad. LGE further objects to the use of "non-infringing alternative(s)" as calling for a legal conclusion or expert opinion. LGE also objects to this Interrogatory as concerning the '530 patent, which presently is not at issue in this case.  *See* Dkt. Nos. 89, 95. LGE objects to this interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with F.R.C.P. 33. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product

19

doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE objects to this interrogatory to the extent it prematurely calls for expert analysis, testimony, opinions or documents. LGE further objects to this interrogatory on the grounds that GTP has not properly put LGE on notice of its infringement theories for the '949 patent. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: LGE identifies the following exemplary documents as containing information responsive to this Interrogatory: the '949 patent and its file history, including Patent Office proceedings involving the'949 patent. As another example, none of the Accused Products practice all limitations of the asserted claims, so each of the Accused Products are themselves non-infringing alternatives. LGE also will provide expert disclosures in accordance with the Federal Rules of Civil Procedure and any scheduling order entered by the Court. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 9:**

For each Accused Product and Device that You identified in response to Interrogatory No. 1 and each Application that You identified in response to Interrogatory No. 3, state the date(s) that each was first made, created, configured, acquired, put into service, used, offered for sale, or sold by You, in the United States, including, for each item, the first date of each activity, and, if applicable, the date of termination of each activity.

**RESPONSE TO INTERROGATORY NO. 9**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections and its objections to Interrogatory Nos. 1 and 3 above, and hereby incorporates these by reference as if fully set forth herein. LGE further objects to this interrogatory on the ground that the phrases "made, created, configured, acquired, put into service," "first date of each activity," and "date of termination of each activity" are vague and ambiguous, unintelligible, and render this interrogatory overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case. LGE further objects to the use of "Device," "Application" as calling for a legal conclusion or expert opinion. LGE objects to this interrogatory as unduly burdensome to the extent it seeks information that is equally available to GTP as it is to LGE. LGE objects to this Request because the terms "Device," including the terms comprising that definition, "made, created, configured, acquired, put into service, used, offered for sale, [and] sold" are vague, ambiguous, and overbroad. LGE objects to this interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with F.R.C.P. 33. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), LGE will produce documents sufficient to show when the LGE products accused of infringing claim 4 of the '949 patent were first sold in the United States. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 10:**

Identify all license agreements, indemnification agreements, covenants-not-to-sue, settlement agreements, purchase agreements, product or software development agreements, joint venture agreements, or co-development agreements for intellectual property that Defendants entered into (as licensor or licensee) that concern Applications you identified in Interrogatory No. 3 and/or the use of Gestures by the Accused Products or Devices identified in response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 10**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections and its objections to Interrogatory Nos. 1 and 3 above, and hereby incorporates these by reference as if fully set forth herein. LGE further objects to this interrogatory as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case in that it is requesting information regarding a wide range of agreements regardless of whether those agreements in any way relate to the claims and defenses in this action. LGE objects to this Request because the terms "license agreements, indemnification agreements, covenants-not-to-sue, settlement agreements, purchase agreements, product or software development agreements, joint venture agreements, [] co-development agreements for intellectual property," and "Applications" are vague, ambiguous, and overbroad. LGE further objects to the use of

22

"Applications," "Gestures," "Devices" as calling for a legal conclusion or expert opinion.  LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE objects to this Request as improperly seeking legal contentions. LGE objects to this Request as premature as it seeks information that will be the subject of expert discovery. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this interrogatory. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 11:**

Identify all license agreements, indemnification agreements, covenants-not-to-sue, settlement agreements, purchase agreements, product or software development agreements, joint venture agreements, or co-development agreements for intellectual property that Defendants entered into (as licensor or licensee) that concern or cover Gesture functionality, as incorporated in or provided by the Accused Products or Devices identified in response to Interrogatory No. 1

and each Application that You identified in response to Interrogatory No. 3 during the Relevant Time Period.

**RESPONSE TO INTERROGATORY NO. 11**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections and its objections to Interrogatory Nos. 1 and 3 above, and hereby incorporates these by reference as if fully set forth herein. LGE further objects to this interrogatory as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case in that it is requesting information regarding a wide range of agreements regardless of whether those agreements in any way relate to the claims and defenses in this action. LGE objects to this interrogatory on the grounds that the term "Gesture functionality" is vague, ambiguous, and unintelligible. LGE objects to this Request because the terms "license agreements, indemnification agreements, covenants-not-to-sue, settlement agreements, purchase agreements, product or software development agreements, joint venture agreements, [] co-development agreements for intellectual property," "Gesture functionality," "Devices," and "Application" are vague, ambiguous, and overbroad. LGE further objects to the use of "Gesture functionality," "Devices," "Application" as calling for a legal conclusion or expert opinion. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges,

24

protections, or immunities and will not disclose such privileged information. LGE objects to this Request as improperly seeking legal contentions. LGE objects to this Request as premature as it seeks information that will be the subject of expert discovery. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), LGE will produce executed LGE patent license agreements pertaining to the subject matter of claim 4 of the '949 patent. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 12:**

For each Accused Product and each Device identified in response to Interrogatory No. 1, Describe the financials of commercialization, including an identification on a monthly and quarterly basis, during the Relevant Time Period through the present: (a) the number of units sold, imported into or licensed in the United States net of any returns; (b) the retail sales price associated with the units sold in the United States; (c) the wholesale price associated with the units sold in the United States; (d) the revenues associated with the retail and wholesale of the units sold, imported into or licensed in the United States net of any returns; (e) all costs relating to units sold, imported into or licensed in the United States net of any returns; (f) all other expenses for the units sold, imported into or licensed in the United States net of any returns; (g) the profit margin before taxes for the units sold, imported into or licensed in the United States net of any returns; (h) the date of first usage, sale, offer for sale, or importation into the United States; (i) price charged on date first sold; (j) an identification of all documents related to Your answer; and

25

(k) persons most knowledgeable of the foregoing. If You do not allocate costs and/or profits at the product level, then the costs and/or profits should be identified at the most granular level at which You identify such costs or profits, such as by product category or segment.

**RESPONSE TO INTERROGATORY NO. 12**

      LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to this interrogatory to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE objects to this interrogatory on the grounds that the terms "financials of commercialization" and "all other expenses" are vague, ambiguous, and unintelligible. LGE further objects to the use of "Device" as calling for a legal conclusion or expert opinion. LGE further objects to this interrogatory as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case in that it is requesting an extraordinary range of financial information regardless of whether that information is actually relevant to the claims and defenses in this action. LGE further objects to this interrogatory as duplicative of Interrogatory No. 6. LGE also objects to this Request because the terms "Device" and "product category or segment" are vague, ambiguous, and overbroad. LGE objects to this interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with F.R.C.P. 33. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties

26

that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), LGE will produce documents sufficient to show the relevant and available financial information kept in the ordinary course of LGE's business as to the LGE products accused of infringing claim 4 of the '949 patent. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 13:**

Describe any knowledge You have regarding use or any alleged non-infringing use in the United States of the Accused Products and Devices identified in response to Interrogatory No. 1, and any value attributable thereto. To the extent You contend You have knowledge that the Accused Products and Devices identified in response to Interrogatory No. 1 are not used in the manner accused in Plaintiffs' infringement contentions, Your answer should identify any such knowledge specifically.

**RESPONSE TO INTERROGATORY NO. 13**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections and its objections to Interrogatory Nos. 1 and 8 above, and hereby incorporates these

27

by reference as if fully set forth herein. LGE further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it requires LGE to "[d]escribe any Knowledge You have regarding use . . . of the Accused Products." LGE objects to this interrogatory on the ground that the phrase "any value attributable thereto" is vague, ambiguous, and unintelligible. LGE further objects to the use of "Devices" as calling for a legal conclusion or expert opinion. LGE objects to this interrogatory to the extent it is duplicative of Interrogatory No. 8. LGE objects to this topic as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case because it seeks information that relates to a legal theory—contributory infringement—that GTP has not asserted and is discoverable by other less burdensome and more efficient means. LGE further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this interrogatory. LGE further objects to this interrogatory on the grounds that it seeks a legal conclusion and calls for expert testimony. LGE further objects to this interrogatory on the grounds that it seeks information outside of LGE's possession, custody, or control. LGE objects to this Request because the terms "Devices" and "value attributable" are vague, ambiguous, and overbroad. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this Request as improperly seeking legal contentions. LGE objects to this Request as premature

as it seeks information that will be the subject of expert discovery. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this interrogatory. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 14:**

Describe with particularity how the Accused Products and Devices identified in response to Interrogatory No. 1 were sold, offered for sale, and distributed in the United States and imported into the United States, including: an identification of each Defendant, affiliate, and third-party entity involved in any of the above activities; a detailed description of the specific activities that each such entity undertakes and the location where those activities occur (including how and where the Accused Products and Devices identified in response to Interrogatory No. 1 entered the United States); a description of which entity any sales of Accused Products and Devices identified in response to Interrogatory No. 1 in or to the United States are attributed, including how proceeds from sales of Accused Products and Devices identified in response to Interrogatory No. 1 in or to the United States are processed and collected; a description of where contracts and other agreements are entered into concerning the sale of Accused Products and Devices identified in response to Interrogatory No. 1 in and to the United States; an identification of three (3) persons most knowledgeable of the foregoing; and an identification of documents reflecting the foregoing.

**RESPONSE TO INTERROGATORY NO. 14**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to this interrogatory as overbroad, unduly burdensome, not relevant, and not proportional to the needs of this case in that it requires that LGE "[d]escribe with particularity how [LGE's products] are sold," including an unlimited array of information regarding every individual and entity involved in the subject activities, and "a detailed description of the specific activities that each such entity undertakes and the location where those activities occur." This information is simply not relevant to any claims or defenses in this action. LGE further objects to this interrogatory to the extent it seeks information that does not exist or is outside the scope of LGE's possession, custody, or control. LGE further objects to this topic as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case because it seeks information discoverable by other less burdensome and more efficient means. LGE objects to this Request because the terms "Devices," "affiliate," "activities," "undertakes," and "proceeds" are vague, ambiguous, and overbroad. LGE further objects to the use of "Devices" as calling for a legal conclusion or expert opinion. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE objects to this Request as improperly seeking legal

30

contentions. LGE objects to this Request as premature as it seeks information that will be the subject of expert discovery. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: LGE is willing to meet and confer with GTP to discuss a reasonable limitation, to the extent one exists, of the scope of this interrogatory. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 15:**

Separately for each Asserted Claim of the Patents-in-Suit, provide all factual bases for disputing the priority and/or invention dates Plaintiff asserts in its disclosures and/or interrogatory answers.

**RESPONSE TO INTERROGATORY NO. 15**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to this interrogatory on the ground that the term "invention dates" is vague, ambiguous, and unintelligible, and that it is unclear which "disclosures and interrogatory responses" this request is referring to. LGE objects to this interrogatory to the extent it prematurely calls for expert analysis, testimony, opinions or documents. LGE further objects to this interrogatory on the grounds that it seeks information outside of LGE's possession, custody, or control, and that it is premature given that GTP has not yet provided any discovery to LGE. LGE objects to this interrogatory to the extent it seeks information that is neither relevant nor proportional to the

needs of the case. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE also objects to this Interrogatory as concerning the '530 patent, which presently is not at issue in this case. *See* Dkt. Nos. 89, 95. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE objects to this Request as improperly seeking legal contentions. LGE objects to this Request as premature as it seeks information that will be the subject of expert discovery. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: GTP bears the burden to demonstrate its entitlement to priority.  LGE incorporates by reference Section I of its Unenforceability and Invalidity Contentions, served on March 12, 2024.  Further, GTP has not provided yet sufficient discovery to LGE, and as such, LGE is still investigating the bases for the claimed priority date for claim 4 of the '949 patent. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 16:**

Explain any effort to value, assess demand for, or importance to consumers of any Application or feature capable of detecting Gestures by any of the Accused Products or Devices

that You identified in response to Interrogatory No. 3, including an identification of any results thereof, the persons involved therein, and any documents reflecting the same.

**RESPONSE TO INTERROGATORY NO. 16**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to the definition of the term "Gesture" as vague, overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case, and improperly shifting the burden of identifying accused features and products from GTP to LGE. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this interrogatory. LGE objects to this interrogatory to the extent it prematurely calls for expert analysis, testimony, opinions or documents. LGE objects to this interrogatory on the grounds that the terms "direct value," "any other values," and "calculation or estimation of that value" are vague, ambiguous, and unintelligible. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks information outside the relevant geographic scope of this action. LGE objects to this Request because the terms "effort to value, assess demand for, or importance to," "Devices," and "results" are vague, ambiguous, and overbroad. LGE further objects to the use of "Application," "Gestures," "Devices" as calling for a legal conclusion or expert opinion. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties

that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: LGE is willing to meet and confer with GTP to discuss a reasonable limitation, to the extent one exists, of the scope of this interrogatory. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 17:**

Separately for each Patent-in-Suit, identify and describe any and all license offers made by or offered to You, whether accepted or not, that You contend involve patents that are comparable to the Patents-in-Suit. Your answer should identify (i) the applicable third party; (ii) the date the offer was made; (iii) the date You accepted/rejected the offer; (iv) the patent number of each patent covered by the offer; (v) the offered royalty rate; (vi) the offered royalty base; (vii) the term of the offered license; (viii) the technology and the products, devices, services, and other activities at issue in the offer; (ix) the total amount of money that was offered; (x) whether the payment was to be paid as a lump-sum or as a running royalty; (xi) whether You assumed that the patents at issue were infringed and valid; (xii) whether there were cross-licenses or non-assertion covenants for any patents and, if so, how each cross-license or non-assertion covenant impacted items (v), (vi), (ix), (x) and (xi); and (xiii) whether there were other license provisions that You contend provided economic value to either party. Your description should also include all grounds for Your contention that the offer involved patents that are comparable to the

34

Patents-in-Suit. Your answer should additionally include an identification of the three (3)

person(s) most knowledgeable of Your answer and an identification of any documents that relate

to Your answer, including any licensing agreements that You entered into.

**RESPONSE TO INTERROGATORY NO. 17**

LGE objects to this interrogatory on the grounds set forth in its General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE

objects to this interrogatory to the extent it seeks information that is neither relevant nor

proportional to the needs of the case. LGE further objects to this interrogatory as overly broad,

unduly burdensome, and neither relevant nor proportional to the needs of the case on the grounds

that it seeks information other than that contained in final, fully-executed license agreements.

LGE objects to this interrogatory to the extent it prematurely calls for expert analysis, testimony,

opinions or documents. LGE objects to this Request because the terms "patents that are

comparable to the Patents-in-Suit," "technology and the products, devices, services, and other

activities," "Devices," and "Application" are vague, ambiguous, and overbroad. LGE objects to

the extent this Request seeks documents regarding products not specifically identified in GTP's

Infringement Contentions served on February 17, 2023. LGE also objects to this Interrogatory as

concerning the '530 patent, which presently is not at issue in this case. *See* Dkt. Nos. 89, 95.

LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information

from third parties that LGE is under an obligation not to disclose. LGE will not disclose such

information without any required third-party consent or permission. LGE objects to this

interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-

client privilege, the attorney work product doctrine, joint defense or common interest privilege

and/or any other applicable privileges, protections, or immunities and will not disclose such

35

privileged information. LGE objects to this Request as improperly seeking legal contentions. LGE objects to this Request as premature as it seeks information that will be the subject of expert discovery. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), and to the extent such documents exist, LGE will produce executed LGE patent license agreements pertaining to the subject matter of claim 4 of the '949 patent. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 18:**

Separately for each Patent-in-Suit, identify and describe any and all documents and/or other information that You intend to or may use to support Your calculation of any reasonable royalty damages in this case and/or that You intend to or may use to refute any calculation of any reasonable royalty damages by Plaintiff in this case, including, but not limited to, any agreements that You contend are comparable to a license that You would have taken in a hypothetical negotiation in this case. Your answer should additionally include an identification of the three (3) person(s) most knowledgeable of Your answer and an identification of any documents that relate to, support, or refute Your answer.

**RESPONSE TO INTERROGATORY NO. 18**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to this topic as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case because it seeks information discoverable by other less burdensome and

more efficient means, such as requests for production of documents, as evidenced by the

interrogatory's request that LGE "identify and describe any and all documents." LGE objects to

this interrogatory to the extent it seeks to elicit information subject to and protected by the

attorney-client privilege, the attorney work-product doctrine, joint defense or common interest

privilege, and/or any other applicable privileges, protections, or immunities and will not produce

privileged information in response to this interrogatory. LGE objects to this interrogatory to the

extent it prematurely calls for expert analysis, testimony, opinions or documents. LGE further

objects to this interrogatory as premature and calling for information that is outside of LGE's

possession, custody, or control. LGE further objects to this interrogatory on the grounds that

GTP has the burden to prove damages and GTP has not yet presented any damages theory or

calculations, and thus this interrogatory represents an improper burden shifting from GTP to

LGE. LGE objects to this Request because the term "agreements that You contend are

comparable to a license" is vague, ambiguous, and overbroad. LGE objects to the extent this

Request seeks documents regarding products not specifically identified in GTP's Infringement

Contentions served on February 17, 2023. LGE also objects to this Interrogatory as concerning

the '530 patent, which presently is not at issue in this case.  *See* Dkt. Nos. 89, 95. LGE objects to

this interrogatory to the extent that it seeks disclosure of confidential information from third

parties that LGE is under an obligation not to disclose. LGE will not disclose such information

without any required third-party consent or permission. LGE objects to this Request as

improperly seeking legal contentions. LGE objects to this Request as premature as it seeks

information that will be the subject of expert discovery. LGE additionally objects to this request

being overbroad to the extent it is untethered from the Relevant Time Period. LGE further

objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: Pursuant to Fed. R. Civ. P. 33(d), and to the extent responsive documents exist, LGE will produce documents on which it intends to rely to rebut GTP's damages calculation. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 19:**

Separately for each Accused Product or Device identified in response to Interrogatory No. 1, to the extent that you contend that the revenue from the entire product should not be included in the royalty base in this case, identify what you contend comprises the royalty base for each such product (including an identification of the smallest saleable patent-practicing product) and identify all legal and factual bases that support your contention.

**RESPONSE TO INTERROGATORY NO. 19**

LGE objects to this interrogatory on the grounds set forth in its General Statement and Objections and its objections to Interrogatory No. 18 above, and hereby incorporates these by reference as if fully set forth herein. LGE objects to this interrogatory to the extent it prematurely calls for expert analysis, testimony, opinions or documents. LGE further objects to this interrogatory as premature and calling for information that is outside of LGE's possession, custody, or control. LGE further objects to this interrogatory on the grounds that GTP has the burden to prove damages and GTP has not yet presented any damages theory or calculations, and thus this interrogatory represents an improper burden shifting from GTP to LGE. LGE objects to this interrogatory to the extent it seeks information that is neither relevant nor proportional to the

needs of the case. LGE objects to this Request because the terms "Device" and "entire product" are vague, ambiguous, and overbroad. LGE further objects to the use of "Devices" as calling for a legal conclusion or expert opinion. LGE objects to the extent this Request seeks documents regarding products not specifically identified in GTP's Infringement Contentions served on February 17, 2023. LGE also objects to this Interrogatory as concerning the '530 patent, which presently is not at issue in this case.  *See* Dkt. Nos. 89, 95. LGE objects to this interrogatory to the extent that it seeks disclosure of confidential information from third parties that LGE is under an obligation not to disclose. LGE will not disclose such information without any required third-party consent or permission. LGE objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not disclose such privileged information. LGE objects to this Request as improperly seeking legal contentions. LGE objects to this Request as premature as it seeks information that will be the subject of expert discovery. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period. LGE further objects to the extent GTP can obtain information relevant to this inquiry from LGE's production of documents pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing general and specific objections, LGE responds as follows: Pursuant to Fed. R. Civ. P. 33(d), and to the extent responsive documents exist, LGE will produce documents on which it intends to rely to rebut GTP's damages calculation. LGE reserves the right to amend or supplement this response as discovery and inquiry continue.

Dated: April 19, 2024                                        Respectfully submitted,

                                                             */s/ Liza M. Walsh*

Liza M. Walsh
Hector D. Ruiz
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
 (973) 757-1100

*Of Counsel:*

Matthew Satchell (*pro hac vice*)
DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606
(312) 368-4000

Martin Ellison (*pro hac vice*)
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
(310) 595-3000

Gregory J. Ferroni
DLA Piper LLP (US)
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, PA 19103
(215) 656-2439

*Attorneys for Defendants*
*LG Electronics, Inc.*
*and LG Electronics USA, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 19, 2024, the undersigned caused a copy of the foregoing document to be served on all counsel of record via e-mail, pursuant to the Federal Rules of Civil Procedure.

*/s/ Liza M. Walsh*
Liza M. Walsh

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

GESTURE TECHNOLOGY PARTNERS, LLC,

       Plaintiff,

       v.

LG ELECTRONICS INC., and LG
ELECTRONICS U.S.A., INC.,

       Defendants.

Civil Action No. 21 CV 19234 (EP)(MAH)

**DEFENDANTS LG ELECTRONICS INC. AND LG ELECTRONICS U.S.A, INC.'S**
**RESPONSE TOPLAINTIFF GESTURE TECHNOLOGY PARTNERS, LLC'S FIRST**
**SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-45)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Scheduling

Order in this case, Defendants LG Electronics Inc. and LG Electronics U.S.A, Inc. (collectively

"LGE") hereby provide responses to Plaintiff Gesture Technology Partners, LLC's ("GTP") First

Set of Requests for Production of Documents (Nos. 1-45) as follows:

**GENERAL STATEMENT AND OBJECTIONS**

1.      LGE objects to each Interrogatory, Definitions and Instructions to the extent they

seek to impose duties or obligations on LGE beyond those set forth in the Federal Rules of

Evidence, Federal Rules of Civil Procedure, the Local Court Rules, and all applicable Court

orders in this case, or any other agreement that the parties have or may enter into in this case. In

this regard, to the extent that an interrogatory requires, explicitly or implicitly, the construction

of one or more patent claim terms, a comparison of the asserted claims and the prior art, or

identification of any advice of counsel, such interrogatory is premature in light of the timetable

provided in the Scheduling Order.

2.       LGE objects to these interrogatories as being overbroad because GTP has not

properly put LGE on notice of its infringement theories for the '949 patent. As set forth in LGE's

March 7, 2023 letter, GTP's Disclosure of Asserted Claims and Infringement Contentions do not

satisfy Patent Local Rule 3.1. As LGE explained in its letter, in analyzing an analogous local

patent rule, the Federal Circuit has stated, "[t]he purpose of [Local Patent] rule [3.1], and the

local patent rules in general, is to require parties to crystallize their theories of the case early in

the litigation so as to prevent the shifting sands approach to claim construction." *Keranos, LLC v.*

*Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (internal quotation marks and

citation omitted). The chart accompanying GTP's Contentions falls far short of this requirement.

For the '949 patent, there are a number of limitations in the asserted claim for which GTP's

Contentions fail to set forth how the accused products purportedly meet those limitations. All

that GTP has done is provide a laundry list of apps and features on the accused devices, without

any explanation whatsoever as to how gestures are used in any of these apps or functions.  GTP's

vague invocation of its omnibus list of nearly 150 LGE devices is insufficient. The functionality

of the listed apps and features can be obtained from publicly-available sources or the accused

devices themselves, so there is no basis for GTP's failure to provide fulsome infringement

contentions. As it currently stands, LGE is left to simply guess as to GTP's infringement

theories.

3.       The following responses are based on information available as of the date of these

responses. Discovery is not yet complete, and these responses are therefore subject to revision. It

is anticipated that further discovery, investigation, and analysis may supply additional facts and

add meaning to known facts, as well as establish entirely new factual conclusions and legal

contentions, all of which may lead to substantial changes, additions, or variations to the information set forth herein.

4.      In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, LGE objects generally to each interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product doctrine, joint defense and/or common interest privilege or other applicable privileges or doctrines.

5.      LGE objects to each interrogatory to the extent that it seeks confidential or proprietary information pertaining to LGE's business, trade secrets and/or economic relationships, or to the extent that it seeks confidential information which would impugn upon any protected right to privacy.

6.      LGE further objects to each interrogatory to the extent that it seeks information that contains confidential, proprietary or trade secret information of third parties. LGE will provide such information in response to such interrogatories subject to all applicable Court orders in this case, and any provision of any such information will be subject to any consent required by third parties.

7.      These responses are made solely for the purpose of discovery in this action. Nothing herein is intended to waive the following objections, which are expressly reserved: all objections as to competency, relevancy, authenticity, propriety, materiality and admissibility of the subject matter of the interrogatories; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any information provided in response to

these interrogatories; all objections on any ground to any interrogatory for further responses to these or other interrogatories; and any and all other objections and ground that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and ground are reserved and may be interposed at the time of trial.

8.      LGE objects generally to the Interrogatories because they seek information concerning products that are not imported into, or made, used, offered for sale, or sold in the United States.

9.      LGE objects to each Interrogatory, Definition, and Instruction to the extent it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case.

10.      LGE objects to each Interrogatory to the extent it requires LGE to search for and reveal privileged information or communications from its or its attorneys' litigation files pertaining to the case.

11.      LGE objects to each interrogatory to the extent that it seeks to impose an obligation to identify or search for documents or information at any location other than that at which they would be stored in the ordinary course of business. LGE further objects to each Interrogatory that seeks to require LGE to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information or an inquiry of those persons who reasonably may be expected to possess responsive information.

12.      LGE objects to each Interrogatory that is cumulative and duplicative of other forms of discovery that are more convenient and less burdensome.

13.      LGE objects to each Interrogatory that includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with F.R.C.P. 33.

14.     LGE objects to the definition of the terms "LG," "Defendant," "You," and "Your" as overly broad and unduly burdensome to the extent that it includes "all other Persons or Entities representing it or acting on its behalf."  LGE will construe these terms to mean Defendants LG Electronics Inc. and LGE Electronics U.S.A., Inc.

15.     LGE objects to the definition of "Patents-in-Suit" as including the '530 patent because that patent presently is not at issue in this case. *See* Dkt. Nos. 89, 95.

16.     LGE objects to the definition of "Asserted Claims" to the extent it covers any claim besides claim 4 of the '949 patent.

17.     LGE objects to the definition of the term "Accused Products" as vague, ambiguous, and overly broad to the extent it purports to include products for which Plaintiff has failed to provide sufficient infringement contentions in this case.  LGE further objects to this definition as the list is incongruous with the list of accused products in GTP's Infringement Contentions served on February 17, 2023.

18.     LGE objects to the definition of "Camera" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards.  LGE further objects to this definition as being dependent on claim construction.

19.     LGE objects to the definition of "Sensor" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards.  LGE further objects to this definition as being dependent on claim construction.

20.     LGE objects to the definition of "Light Source" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards.  LGE further objects to this definition as being dependent on claim construction.

21.     LGE objects to the definition of "Components" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards.  LGE further objects to this definition as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information to the extent it includes "all Cameras, Sensors, Light Sources, and processors or systems-on chips that are part of the Accused Products." LGE further objects to this definition as being dependent on claim construction.

22.     LGE objects to the definition of "Gesture" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards and improperly shifting the burden of identifying accused features and products from GTP to LGE.  LGE further objects to this definition as being dependent on claim construction.

23.     LGE objects to the definition of "Applications" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information, and further objects to this definition as calling for a legal conclusion as to what Plaintiff may ultimately demonstrate meets the applicable standards.

24.     LGE objects generally to the temporal scope of the interrogatories as overly broad, unduly burdensome, and disproportionate to the extent that it does not contain any reasonable or appropriate temporal limitation.

25.     LGE objects to the definition of the term "Document(s)" to the extent that it purports to impose burdens on LGE greater than, inconsistent with, or not authorized by, the Federal Rules of Civil Procedure, the New Jersey Local Rules, and any applicable Court orders in this case.

26.     LGE objects generally to each Interrogatory to the extent it seeks a legal conclusion or expert opinion.

27.     LGE objects generally to these interrogatories to the extent that they seek information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.

28.     LGE objects to each interrogatory to the extent that it is cumulative and duplicative of other forms of discovery that are more convenient and less burdensome. LGE further objects to each interrogatory to the extent that it seeks to require LGE to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information or an inquiry of those persons who reasonably may be expected to possess responsive information.

29.     The General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce information contained in any such response is subject to the limitations, objections and exceptions set forth herein.

Subject to the foregoing General Statement and Objections, LGE responds as follows

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents used, reviewed, relied upon, or referenced by You in responding to any of Plaintiff's discovery requests.

**RESPONSE TO RFP NO. 1:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically what "discovery requests" Plaintiff is referring to and in its use of the phrase "used, reviewed, relied upon, or referenced." LGE will construe this term to mean Plaintiff's First Set of Interrogatories (Nos. 1-19). LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify all entities involved in or contributing to the design, purchase, installation, manufacture, configuration, or operation of the Accused Products.

**RESPONSE TO RFP NO. 2:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" entities related to the stated subject matter and is not in any way limited to any accused functionality. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the terms "installation" and "configuration" of the Accused Products. LGE objects to this request on the grounds that it seeks information that are outside the scope of LGE's possession, custody, or control.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents related to or constituting Your document preservation policies and/or practices, including but not limited to, Your policies and/or practices in relation to preservation of email and electronically stored documents and communications.

9

**RESPONSE TO RFP NO. 3:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects generally to this request to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE objects to this request as irrelevant, overbroad, and unduly burdensome, and not proportional to the needs of the case. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents used for any training, instructions, and/or use requirements regarding the Accused Products that were provided to employees, agents, contractors, or other personnel of LG, or to any third parties, including customers, dealers, distributors, and resellers.

**RESPONSE TO RFP NO. 4:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of "LG" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter and is not in any way limited to any accused functionality. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically what "training" documents are sought by this request, and the meaning of "use requirements" and "other personnel." LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents showing all Your revenue and expenditures related to the Accused

Products, respectively on a month-by-month, quarterly, and annual basis during the Relevant

Time Period.

**RESPONSE TO RFP NO. 5:**

LGE incorporates by reference its General Statement and Objections as though fully set

forth herein. LGE objects generally to the definition of the term "Accused Products" as overly

broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products

other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4

of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has

specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions.

LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague,

ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries,

predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities

representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG

Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects generally to this request to the

extent it requests LGE create or produce information that LGE does not maintain in the ordinary

course of its business or to the extent it requests that LGE create or produce information in a

particular format or at a particular level of detail that LGE does not maintain in the ordinary

course of its business.

Subject to and without waiving the foregoing objections, LGE responds as follows:  LGE

will produce documents sufficient to show the relevant and available financial information kept

in the ordinary course of LGE's business as to the LGE products accused of infringing claim 4 of the '949 patent.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents pertaining to or discussing the Accused Products, including whitepapers, internal/external studies, internal/external marketing materials or presentations, cost-benefit analyses, or internal correspondence (e.g., emails, memos, meeting minutes, etc.), whether prepared by or on behalf of LG.

**RESPONSE TO RFP NO. 6:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects to the definition of "LG" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter and is not in any way limited to any accused functionality. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other

applicable privileges, protections, or immunities, and will not produce privileged information in response to this request. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 7:**

All license agreements, indemnification agreements, covenants-not-to-sue, settlement agreements, purchase agreements, product or software development agreements, joint venture agreements, or co-development agreements for intellectual property that LG entered into (as licensor or licensee) that concern or cover the Accused Products.

**RESPONSE TO RFP NO. 7:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of "LG" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG

Electronics U.S.A., Inc. LGE objects to this request as irrelevant, overbroad and unduly burdensome, and not proportional to the needs of the case in that it seeks "all" agreements that "concern or cover" the Accused Products. LGE objects to this request to the extent it seeks information containing confidential, proprietary or trade secret information of third parties. If LGE agrees to provide information in response to this Topic, it will only do so under the Discovery Confidentiality Order entered in this case (Dkt. No. 71), and all such responses will be subject to any consent required by third parties. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE will produce executed LGE patent license agreements pertaining to the subject matter of the '949 patent.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents related to the structure, function, and operation of the Accused Products, including but not limited to, source code, software specifications, hardware specifications, technical requirements, design documents, block diagrams, customer guides, drawings, flow charts, manuals, data sheets, marketing literature, and documentation regarding related software, hardware, and firmware including all commented versions of source code for all versions of software used as any part of the Accused Products, including all versions of all applications for browser, PC, Macintosh, or mobile phone platforms.

**RESPONSE TO RFP NO. 8:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds that it seeks "all" documents related to the stated subject matter and is not limited to any accused functionality. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the phrase "commented versions of source code." LGE further objects to the use of "applications" as calling for a legal conclusion or expert opinion. LGE objects to this request on the grounds that it seeks information that are outside the scope of LGE's possession, custody, or control. LGE further objects to this request on the grounds that Plaintiff has not properly set forth what features and functionalities are accused as to claim 4 of the '949 patent. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents related to the design, engineering, testing, configuration, implementation, or development of the Accused Products, including but not limited to, Documents related to

product upgrades, testing documents, the costs of product upgrades and testing, product road
maps, drawings, memoranda, notes, communications including presentations and
correspondence, status reports, modification reports, development reports, flow charts,
schematics, requirements documents, test results, test reports, engineering reports, survey data,
focus group data, and internal ranking data.

**RESPONSE TO RFP NO. 9:**

LGE incorporates by reference its General Statement and Objections as though fully set
forth herein. LGE objects generally to the definition of the term "Accused Products" as overly
broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products
other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4
of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has
specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions.
LGE objects to this request as overbroad and unduly burdensome, and not proportional to the
needs of the case on the grounds it seeks "all" documents related to the stated subject matter and
is not in any way limited to any accused functionality. LGE objects to this request on the grounds
that it is duplicative of Request for Production No. 8. LGE objects to this request on the grounds
that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically
the terms "engineering," configuration," and "implementation" of the Accused Products, as well
as "product road maps," "requirements documents," and "internal ranking data." LGE objects to
this request on the grounds that it seeks information that are outside the scope of LGE's
possession, custody, or control. LGE objects to this request on the grounds that the documents it
seeks are not relevant to the claims or defenses in this action. LGE further objects to this request
on the grounds that Plaintiff has not properly set forth what features and functionalities are

accused as to claim 4 of the '949 patent. LGE additionally objects to this request being

overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE

is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one

exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents related to any research, analyses, reports, or forecasts regarding the

actual, estimated, or projected revenue generated by the Accused Products.

**RESPONSE TO RFP NO. 10:**

LGE incorporates by reference its General Statement and Objections as though fully set

forth herein. LGE objects generally to the definition of the term "Accused Products" as overly

broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products

other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4

of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has

specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions.

LGE objects to this request as overbroad and unduly burdensome, and not proportional to the

needs of the case on the grounds it seeks "all" documents related to the stated subject matter.

LGE objects to this request as overbroad, unduly burdensome, and not proportional to the needs

of this case to the extent it seeks information regarding "forecasts" and "estimate[s]" of revenue.

LGE objects to this request on the grounds that it seeks information that are outside the scope of

LGE's possession, custody, or control. LGE objects to this request on the grounds that the

documents it seeks are not relevant to the claims or defenses in this action. LGE additionally

objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 11:**

Your annual and interim internal (not made available to the public) financial statements, from the date of the first sale of the Accused Products, including but not limited to balance sheets, income statements, cash flow analyses, etc.

**RESPONSE TO RFP NO. 11:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects generally to this request to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a

particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds that it will produce documents sufficient to show the relevant and available financial information kept in the ordinary course of LGE's business as to the LGE products accused of infringing claim 4 of the '949 patent.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show Your organizational structure including the identification of Your corporate and/or business departments, whether formally or informally delineated, that were or are involved in the development or deployment of the Accused Products.

**RESPONSE TO RFP NO. 12:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities

representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects generally to this request to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the phrase "deployment of the Accused Products." LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE objects to this request as irrelevant, overbroad, and unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to indicate the date any litigation hold, or instructions to preserve any type of evidence, was issued with respect to the claims and defenses at issue in this lawsuit, and documents sufficient to identify the persons who were the subject of the litigation hold or instructions to preserve evidence.

**RESPONSE TO RFP NO. 13:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects to this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case because it seeks information discoverable by other less burdensome and more efficient means including, for example, requests for admission

and/or deposition notices. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request. LGE objects generally to this request to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds that after conducting a reasonable search, it has determined that it does not have any non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents constituting, containing, or referencing any communications regarding the Patents-in-Suit, Dr. Timothy Pryor, or Plaintiff, whether internal to You or between You and any third-party.

**RESPONSE TO RFP NO. 14:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this

request as overbroad and unduly burdensome, and not proportional to the needs of the case on

the grounds it seeks "all" documents related to the stated subject matter. LGE objects to this

request to the extent it seeks to elicit information subject to and protected by the attorney-client

privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or

any other applicable privileges, protections, or immunities, and will not produce privileged

information in response to this request.

Subject to and without waiving the foregoing objections, LGE responds that after

conducting a reasonable search, it has determined that it does not have any non-privileged

documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and things produced or provided to You by any third party related to the

lawsuit, whether or not otherwise requested through formal discovery.

**RESPONSE TO RFP NO. 15:**

LGE incorporates by reference its General Statement and Objections as though fully set

forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your"

as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents,

subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other

Persons or Entities representing it or acting on its behalf." LGE will construe these terms to

mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this

request as overbroad and unduly burdensome, and not proportional to the needs of the case on

the grounds it seeks "all" documents related to the stated subject matter. LGE objects to this

request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE

to interpret specifically the meaning of the phrase "whether or not otherwise requested through formal discovery" and "related to the lawsuit."

Subject to and without waiving the foregoing objections, LGE responds that after conducting a reasonable search, it has determined that it does not have any non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and things related to any contract or agreement between You any person or entity that is involved with this lawsuit, including without limitation any witness or consultant.

**RESPONSE TO RFP NO. 16:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request. LGE further objects on the grounds that the phrase "involved with this lawsuit" is vague and ambiguous.

24

Subject to and without waiving the foregoing objections, LGE responds that after conducting a reasonable search, it has determined that it does not have any non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents that You intend to introduce into evidence in this lawsuit.

**RESPONSE TO RFP NO. 17:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request. LGE objects to this request on the grounds that it is premature. LGE objects to this request on the grounds that it seeks documents that are not in its possession, custody, or control. LGE further objects to this request on the grounds that it seeks documents that are publicly available.

Subject to and without waiving the foregoing objections, and to the extent such documents exist and can be located with a reasonable search, LGE responds as follows: LGE will produce relevant, non-privileged documents in its possession, custody, or control, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents showing any exhibit, chart, graph, document, or demonstrative aide that You will or may display, introduce, or rely upon at the trial of this matter and identify the custodian of each such item.

**RESPONSE TO RFP NO. 18:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter. LGE objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks all documents that LGE "may . . . rely upon at the trial of this matter." LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the meaning of "Documents showing . . . document." LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request. LGE objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks the "custodian of each such item." LGE objects to this request on the grounds that it is premature

and to the extent that it conflicts with any pretrial order or other orders of the Court governing

trial procedures. LGE objects to this request on the grounds that it seeks documents that are not

in its possession, custody, or control. LGE further objects to this request on the grounds that it

seeks documents that are publicly available.

Subject to and without waiving the foregoing objections, LGE responds that it will

provide Plaintiff with trial demonstratives in accordance with a schedule and rules set forth in

any pretrial orders or other trial orders from the Court that are later entered in this case.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show Your methodology for determining the value of

implementing a new technology in Your business operations.

**RESPONSE TO RFP NO. 19:**

LGE incorporates by reference its General Statement and Objections as though fully set

forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your"

as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents,

subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other

Persons or Entities representing it or acting on its behalf." LGE will construe these terms to

mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this

request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE

to interpret specifically the phrase "determining the value of implementing a new technology."

LGE objects to this request as irrelevant, overbroad and unduly burdensome, and not

proportional to the needs of the case. LGE objects to this request to the extent it seeks to elicit

information subject to and protected by the attorney-client privilege, the attorney work-product

doctrine, joint defense or common interest privilege, and/or any other applicable privileges,

protections, or immunities, and will not produce privileged information in response to this request. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 20:**

Technical specifications and documentation for each of the Accused Products.

**RESPONSE TO RFP NO. 20:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically what "documentation" aside from "[t]echnical specifications" is requested. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds that it seeks all documents related to the stated subject matter and is not limited to any accused functionality. LGE objects to this request on the grounds that it seeks documents that are not in its possession, custody, or control. LGE further objects to this request on the grounds that it seeks documents that are publicly available. LGE further objects to this request on the grounds that it is duplicative of numerous

other of Plaintiff's requests for production. LGE additionally objects to this request being

overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE

is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one

exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify how You configured, implemented, and used the

Accused Products during the Relevant Time Period.

**RESPONSE TO RFP NO. 21:**

LGE incorporates by reference its General Statement and Objections as though fully set

forth herein. LGE objects generally to the definition of the term "Accused Products" as overly

broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products

other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4

of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has

specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions.

LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague,

ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries,

predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities

representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG

Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request on the grounds that

it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the

phrase "how You configured, implemented, and used the Accused Products." LGE further

objects to this request on the grounds that it is duplicative of numerous other of Plaintiff's

requests for production. LGE objects to this request on the grounds that it seeks documents that are not in its possession, custody, or control. LGE further objects to this request on the grounds that it seeks documents that are publicly available.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show Your expenditures for the Accused Products including, but not limited to, research, development, implementation, production, and maintenance.

**RESPONSE TO RFP NO. 22:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the term "implementation." LGE objects to this request as overbroad and unduly burdensome, and

not proportional to the needs of the case. LGE further objects to this request on the grounds that

it is duplicative of numerous other of Plaintiff's requests for production. LGE additionally

objects to this request being overbroad to the extent it is untethered from the Relevant Time

Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE

will produce documents sufficient to show the relevant and available financial information kept

in the ordinary course of LGE's business as to the LGE products accused of infringing claim 4 of

the '949 patent.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show Your methodology for determining the value of

implementing the Accused Products in Your business operations.

**RESPONSE TO RFP NO. 23:**

LGE incorporates by reference its General Statement and Objections as though fully set

forth herein. LGE objects generally to the definition of the term "Accused Products" as overly

broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products

other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4

of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has

specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions.

LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague,

ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries,

predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities

representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG

Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request on the grounds that

it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the phrase "determining the value of implementing the Accused Products in Your business operations." LGE objects to this request as irrelevant, overbroad and unduly burdensome, and not proportional to the needs of the case. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request. LGE further objects to this request to the extent it is duplicative of Request No. 19. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify all key performance indicators (KPIs) or other metrics You use in the ordinary course of business to evaluate the utility of the Accused Products.

**RESPONSE TO RFP NO. 24:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions.

LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects generally to this request to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the phrase "other metrics You use . . . to evaluate the utility of the Accused Products." LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case, in particular because it is not limited to any accused functionality. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show during the Relevant Time Period, on a monthly basis, how much revenue You earned from the Accused Products.

**RESPONSE TO RFP NO. 25:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects generally to this request to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE will produce documents sufficient to show the relevant and available financial information kept in the ordinary course of LGE's business as to the LGE products accused of infringing claim 4 of the '949 patent.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show the individuals involved in or contributing to the conception, design, development, testing, and implementation of the Accused Products.

**RESPONSE TO RFP NO. 26:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the phrase "implementation of the Accused Products." LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds that it seeks documents showing all individuals and it is not limited to any accused functionality. LGE objects to this request on the grounds that it seeks documents that are not in its possession, custody, or control. LGE further objects to this request on the grounds that it seeks documents that are publicly available. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show how the Accused Products have evolved over time from their inception to present, including without limitation those reflecting Your design of the Accused Products.

**RESPONSE TO RFP NO. 27:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects generally to this request to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the terms "Accused Products" and "how the Accused Products have evolved over time." LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case in that it is not limited to any accused functionality. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to show the date(s) of first release of each of the Accused Products and the date of each subsequent version or release thereof.

**RESPONSE TO RFP NO. 28:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to this request to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE further objects to this request on the grounds that "first release" and "subsequent version or release thereof" are vague and ambiguous, overbroad and unduly burdensome, and not proportional to the needs of the case. LGE further objects to this request as overbroad in that it is not limited in geographic scope. LGE further objects to this request on the grounds that it seeks documents that are publicly available.

Subject to and without waiving the foregoing objections, and to the extent such documents exist and can be located with a reasonable search, LGE responds as follows:  LGE will produce documents sufficient to show when the LGE products accused of infringing claim 4 of the '949 patent were first sold in the United States.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents related to patents and patent applications invented by You, your employees, consultants, contractors, or others associated with You which refer, relate to, or are practiced by the Accused Products.

**RESPONSE TO RFP NO. 29:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter. LGE further objects to this request on the grounds that it seeks documents that are publicly available. LGE objects to this request on the grounds

that the documents it seeks are not relevant to the claims or defenses in this action. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents related to Your licenses, royalty agreements, covenants-not-to-sue, and/or similar agreements that have been offered, considered, or entered into by You, your employees, consultants, contractors, or others associated with You which refer, relate to, or cover the Accused Products, including without limitation any that You contend are comparable to a license for the Asserted Patent that would be contemplated by the *Georgia Pacific* damages analysis in this lawsuit.

**RESPONSE TO RFP NO. 30:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the terms "Accused Products" and "similar agreements." LGE further objects to the use of "*Georgia Pacific* damages analysis" as calling for a legal conclusion or

expert opinion. LGE objects to this request to the extent it prematurely calls for expert analysis,

testimony, opinions or documents. LGE objects to this request as overbroad and unduly

burdensome, and not proportional to the needs of the case in that it seeks "all" documents related

to various agreements and is not limited to the subject matter of the '949 patent. LGE objects to

this request on the grounds that the documents it seeks are not relevant to the claims or defenses

in this action. LGE objects to this request on the grounds that it is duplicative of other Requests

for Production. LGE additionally objects to this request being overbroad to the extent it is

untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds that it will

produce executed LGE patent license agreements pertaining to the subject matter of the '949

patent.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents reflecting Your policies, practices, and procedures for licensing,

protecting, or monetizing intellectual property assets, including patents.

**RESPONSE TO RFP NO. 31:**

LGE incorporates by reference its General Statement and Objections as though fully set

forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your"

as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents,

subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other

Persons or Entities representing it or acting on its behalf." LGE will construe these terms to

mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects generally to

this request to the extent it requests LGE create or produce information that LGE does not

maintain in the ordinary course of its business or to the extent it requests that LGE create or

produce information in a particular format or at a particular level of detail that LGE does not

maintain in the ordinary course of its business. LGE objects to this request to the extent it seeks

to elicit information subject to and protected by the attorney-client privilege, the attorney work-

product doctrine, joint defense or common interest privilege, and/or any other applicable

privileges, protections, or immunities, and will not produce privileged information in response to

this request. LGE objects to this request as overbroad and unduly burdensome, and not

proportional to the needs of the case on the grounds it seeks "all" documents related to the stated

subject matter. LGE additionally objects to this request being overbroad to the extent it is

untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, and to the extent such

documents exist and can be located with a reasonable search, LGE responds as follows: LGE

will produce relevant, non-privileged documents in its possession, custody, or control, sufficient

to show LGE's policies for licensing intellectual property.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to identify, on a quarterly basis, all of the individuals, entities, and/or

service providers (e.g., payment processing services) that made or received payments to or from

You related to the Accused Products.

**RESPONSE TO RFP NO. 32:**

LGE incorporates by reference its General Statement and Objections as though fully set

forth herein. LGE objects generally to the definition of the term "Accused Products" as overly

broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products

other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4

of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has

specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents related to or showing revenue and expenditures associated with the Accused Products, including Your generation of and receipt of revenue from the Accused Products.

**RESPONSE TO RFP NO. 33:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has

42

specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE objects to this request to the extent it is duplicative of other Requests for Production. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE will produce documents sufficient to show the relevant and available financial information kept in the ordinary course of LGE's business as to the LGE products accused of infringing claim 4 of the '949 patent.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents related to any research, analyses, reports, or forecasts regarding the actual, estimated, or projected revenue, profits, or costs of the Accused Products.

**RESPONSE TO RFP NO. 34:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4

of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects to this request on the grounds that it seeks information that are outside the scope of LGE's possession, custody, or control. LGE objects to this request on the grounds that it is duplicative of other Requests for Production. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE objects generally to this request to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and things relied upon, referred to, or consulted in preparing Your responses to any of Plaintiff's Interrogatories, Requests for Admission, Requests for Production, or Deposition Notices pursuant to Federal Rule of Civil Procedure 30(b)(6) in this lawsuit.

**RESPONSE TO RFP NO. 35:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents,

subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter. LGE further objects to this request on the grounds that "relied upon, referred to, or consulted" is vague and ambiguous. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically what "Requests for Admission" and "Deposition Notices" this request is referring to. LGE objects to this request on the grounds that it is duplicative of Request for Production No. 1.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and things produced or provided by LG to any third party, or to LG from any third party, related to this lawsuit or the Patents-in-Suit, whether or not requested through formal discovery.

**RESPONSE TO RFP NO. 36:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request as overbroad, unduly burdensome, vague, and not proportional to the needs of this case on the grounds that it seeks "[a]ll Documents and things produced or provided by LG . . . to any third party . . . whether or not otherwise requested through formal discovery." LGE further objects to this request on the grounds that "related to this lawsuit" is vague and ambiguous. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE objects to this request on the grounds that it is duplicative of other Requests for Production. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE will produce to Plaintiff documents that it receives from third parties in response to any subpoenas issues in the case, to the extent that the third party did not also provide those documents to Plaintiff.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and things related to any contract or agreement between LG and any person or entity that is involved with this lawsuit, including without limitation any witness or consultant.

**RESPONSE TO RFP NO. 37:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc.  LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request. LGE further objects on the grounds that the phrase "involved with this lawsuit" is vague and ambiguous. LGE objects to this request on the grounds that it is duplicative of other Requests for Production.

Subject to and without waiving the foregoing objections, LGE responds that after conducting a reasonable search, it has determined that it does not have any non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and things Describing all bases for Your generation and receipt of revenue from each Accused Products, including without limitation, (i) the source and basis for the revenue; and (ii) the location and identification of all accounts, services, or services through which the revenue flows.

**RESPONSE TO RFP NO. 38:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "[a]ll Documents and things Describing all bases for Your generation and payment of revenue" and information regarding "the location and identification of all accounts, services, or services through which the revenue flows." LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the terms "bases for Your generation and payment of revenue from each Accused Products," "source and

basis for the revenue," and "location and identification of all accounts, services, or services through which revenue flows." LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and things related to any non-infringing alternatives or design-arounds that were, are, or will be available to You for the Patents-in-Suit.

**RESPONSE TO RFP NO. 39:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the terms "Defendant," "You," or "Your" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE further objects to the use of "non-infringing alternatives" as calling for a legal conclusion or expert opinion. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce

privileged information in response to this request. LGE objects to this request to the extent it

prematurely calls for expert analysis, testimony, opinions or documents. LGE objects to this

request as unduly burdensome to the extent it seeks information that is equally available to

Plaintiff as it is to LGE.

Subject to and without waiving the foregoing objections, and to the extent such

documents exist and can be located with a reasonable search, LGE responds as follows: LGE

will produce relevant, non-privileged documents in its possession, custody, or control, sufficient

to show the requested information.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning any praise or acclaim for any functionality in the Accused

Products.

**RESPONSE TO RFP NO. 40:**

LGE incorporates by reference its General Statement and Objections as though fully set

forth herein. LGE objects generally to the definition of the term "Accused Products" as overly

broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products

other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4

of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has

specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions.

LGE objects to this request as overbroad and unduly burdensome, and not proportional to the

needs of the case on the grounds that it seeks "all" documents related to the stated subject matter

and is not limited to any accused functionality. LGE further objects to the use of "functionality in

the Accused Products" as calling for a legal conclusion or expert opinion. LGE objects to this

request as unduly burdensome to the extent it seeks information that is equally available to

Plaintiff as it is to LGE. LGE objects generally to this request to the extent it requests LGE create or produce information that LGE does not maintain in the ordinary course of its business or to the extent it requests that LGE create or produce information in a particular format or at a particular level of detail that LGE does not maintain in the ordinary course of its business. LGE objects to this request on the grounds that it seeks documents that are not in its possession, custody, or control.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents, Communications, and things related to LG's efforts to commercialize the technology in the Accused Products, including but not be limited to communications regarding marketing, sales, the benefits of any feature in the Accused Products, pricing, cost, discounts and rebates, marking, and indemnity concerning the features in the Accused Products.

**RESPONSE TO RFP NO. 41:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of "LG" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns,

employees, agents, attorneys, and all other Persons or Entities representing it or acting on its

behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG

Electronics U.S.A., Inc. LGE further objects to the use of "technology in the Accused Products,"

"features in the Accused Products" as calling for a legal conclusion or expert opinion. LGE

objects to this request as overbroad and unduly burdensome, and not proportional to the needs of

the case on the grounds that it seeks "all" documents related to the stated subject matter and is

not limited to any accused functionality. LGE objects to this request on the grounds that it is

vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the term

"marking . . . concerning the features in the Accused Products." LGE objects to this request on

the grounds that the documents it seeks are not relevant to the claims or defenses in this action.

LGE further objects to this request on the grounds that "efforts to commercialize the technology

in the Accused Products" is vague and ambiguous. LGE additionally objects to this request being

overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE

is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one

exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents, Communications, and things related to funding of the Accused Products.

**RESPONSE TO RFP NO. 42:**

LGE incorporates by reference its General Statement and Objections as though fully set

forth herein. LGE objects generally to the definition of the term "Accused Products" as overly

broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products

other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4

of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the phrase "funding of the Accused Products." LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents, Communications, and things you provided to any entity for the purpose of funding the Accused Products.

**RESPONSE TO RFP NO. 43:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the

53

needs of the case on the grounds it seeks "all" documents related to the stated subject matter. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE objects to this request on the grounds that it is vague and ambiguous, particularly to the extent it requires LGE to interpret specifically the phrase "funding of the Accused Products." LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds as follows: LGE is willing to meet and confer with Plaintiff to discuss a reasonable limitation, to the extent one exists, of the scope of this request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents related to any licenses, settlement agreements, cross-licenses, covenants not-to- sue, technology transfer agreements, or any other agreement or contract relating to rights to the Accused Products entered into by LG, or of which LG is aware, that relate in any way to the Accused Products, any technology embodied in any Accused Product, or are comparable to the facts and technology in the instant litigation, including without limitation all licenses You contend are comparable to a license Plaintiff and LG would have agreed to in a hypothetical negotiation.

**RESPONSE TO RFP NO. 44:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has

specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects generally to the definition of "LG" as vague, ambiguous, and overly broad to the extent it includes "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other Persons or Entities representing it or acting on its behalf." LGE will construe these terms to mean Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. LGE further objects to the use of "technology embodied in any Accused Product," "facts and technology in the instant litigation" as calling for a legal conclusion or expert opinion. LGE objects to this request to the extent it prematurely calls for expert analysis, testimony, opinions or documents. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case in that it seeks "all" documents related to various agreements and is not limited to the subject matter of the '949 patent. LGE objects to this request on the grounds that the documents it seeks are not relevant to the claims or defenses in this action. LGE objects to this request on the grounds that it is duplicative of other Requests for Production. LGE further objects to this request on the grounds that it calls for a legal conclusion or expert opinion. LGE additionally objects to this request being overbroad to the extent it is untethered from the Relevant Time Period.

Subject to and without waiving the foregoing objections, LGE responds that it will produce executed LGE patent license agreements pertaining to the subject matter of claim 4 of the '949 patent.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications related to any proposed or actual settlement of any litigation, prospective litigation, or disputes involving the Accused Products.

**RESPONSE TO RFP NO. 45:**

LGE incorporates by reference its General Statement and Objections as though fully set forth herein. LGE objects generally to the definition of the term "Accused Products" as overly broad, unduly burdensome, and seeking irrelevant information, to the extent it includes products other than those that Plaintiff has accused in its Infringement Contentions of infringing claim 4 of the '949 patent. LGE will construe this term to mean only those LGE devices that Plaintiff has specifically accused of infringing claim 4 of the '949 patent in its Infringement Contentions. LGE objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case on the grounds it seeks "all" documents related to the stated subject matter. LGE objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities, and will not produce privileged information in response to this request. LGE objects to this request on the grounds that it is duplicative of other Requests for Production. LGE further objects to this request on the grounds that it calls for a legal conclusion or expert opinion.

Subject to and without waiving the foregoing objections, LGE responds that it will produce executed LGE patent license agreements pertaining to the subject matter of the '949 patent.

Dated: April 19, 2024                                  Respectfully submitted,

                                                       */s/ Liza M. Walsh*
                                                       Liza M. Walsh
                                                       Hector D. Ruiz
                                                       Lauren R. Malakoff
                                                       WALSH PIZZI O'REILLY FALANGA LLP
                                                       Three Gateway Center
                                                       100 Mulberry Street, 15th Floor
                                                       Newark, NJ 07102
                                                        (973) 757-1100

*Of Counsel:*

Matthew Satchell (*pro hac vice*)
DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606
(312) 368-4000

Martin Ellison (*pro hac vice*)
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
(310) 595-3000

Gregory J. Ferroni
DLA Piper LLP (US)
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, PA 19103
(215) 656-2439

*Attorneys for Defendants*
*LG Electronics, Inc.*
*and LG Electronics USA, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 19, 2024, the undersigned caused a copy of the foregoing document to be served on all counsel of record via e-mail, pursuant to the Federal Rules of Civil Procedure.

*/s/ Liza M. Walsh*
Liza M. Walsh