UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GESTURE TECHNOLOGY PARTNERS, LLC,** | : : : : | Civil Action No. 21-19234 (EP) (MAH) |
| Plaintiff, | : : | |
| v. | : : : | |
| **LG ELECTRONICS INC., AND LG ELECTRONICS U.S.A., INC.,** | : : : : | OPINION |
| Defendants. | : : : | |

I.     **INTRODUCTION**

This matter comes before the Court by way of the motion of Plaintiff Gesture Technology Partners, LLC ("Gesture") to amend its infringement contentions. Mot. to Amend Infringement Contentions, D.E. 93. Defendants LG Electronics, Inc. and LG Electronics, U.S.A., Inc. (collectively "LG") oppose the motion. Opp'n, D.E. 96. Gesture filed a reply in further support of its motion. Reply, D.E. 97. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decides this motion without oral argument. For the reasons below, the Court will grant in part and deny in part Gesture's motion to amend its infringement contentions.

II.     **BACKGROUND**[1]

Gesture owns patents related to cell phone cameras, including technology to unlock the phone using the camera, as well as to take photos and videos. Compl., D.E. 1, at ¶ 17. On February 4, 2021, Gesture filed a Complaint against LG in the United States District Court for the Western

---

[1] Because the Court writes for the parties, the Court briefly summarizes the pertinent facts. The Court also assumes as true the factual allegations in the Amended Complaint for the purpose of these motions. *See Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir. 1992).

District of Texas. Compl., D.E. 1. Gesture alleged that LG infringed five of Gesture's patents, specifically U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), 8,553,079 (the "'079 patent"), and 7,804,530 (the "'530 patent") (collectively, the "Asserted Patents"). *Id.* On July 2, 2021, LG filed an Answer to the Complaint, and a motion to transfer venue. Answer, D.E. 24. The parties engaged in targeted venue and jurisdictional discovery, after which they filed a joint motion to transfer venue to this District on October 21, 2021. Joint Notice, D.E. 26; Joint Motion to Transfer, D.E. 32. On October 21, 2021, the Western District of Texas Court granted the transfer motion. Order Granting Mot. to Transfer, D.E. 33.

While this case was pending in the Western District of Texas, on July 15, 2021, LG filed a petition for *inter partes* review ("IPR") of the '530 patent. The following day, on July 16, 2021, Gesture served its infringement contentions on LG. Ex. A, Initial Infringement Contentions, D.E. 72-1. Gesture did not serve any infringement contentions for the '530 patent. *Id.*

Following transfer, LG moved to stay this action pending *ex parte* reexaminations and *inter partes* reviews of the '924, '431, '949, and '079 patents. Mot. to Stay, D.E. 39. Gesture opposed the stay application. No party mentioned or referred to the '530 patent in the motion papers. *See* Br. in Opp'n, D.E. 46; Reply Br. in Supp. of Mot. to Stay, D.E. 47. Certainly, Gesture did not include the patent in its brief in opposition to the motion. *See* Br. in Opp'n, D.E. 46. In the opposition brief's factual background, Gesture omitted the '530 patent as one of the Asserted Patents in this litigation, and instead listed only the '924, '431, '949, and '079 patents. *Id.* at 6.

On January 13, 2022, the Patent Trial and Appeal Board ("PTAB") denied LG's petition for *inter partes* review of the '530 patent. Opp'n, D.E. 96, at 3 n.1. LG took no further action

with respect to the '530 patent, such as moving the PTAB for reconsideration or filing any further petitions. *Id.* at 3.

On April 4, 2022, the Court stayed this action while IPR and *ex parte* reexamination proceedings of other then-asserted patents proceeded. Opinion, D.E. 50; Order, D.E. 51. Pursuant to the April 4, 2022 Order, on December 23, 2022, the parties filed a joint status report. Joint Status Report, D.E. 57. Neither party referred to the '530 patent in the report; nor did they list it in their joint chart setting forth "the overall status of the asserted claims." *Id.* at 5. Further, LG stated that "only one patent with a single valid claim remains: the '949 patent." *Id.* at 5-6. Gesture did not object to or otherwise challenge that assertion. *See generally* Joint Status Report, D.E. 57.

Relying on the joint status report, on January 18, 2023, this Court entered an Order lifting the stay, noting that "[f]rom a review of the parties' joint status report, it appears that there is only one remaining claim of the seventy-two asserted claims." Order, D.E. 58, at 4 n.4. Gesture did not seek reconsideration of that Order. Yet only a month later, on February 17, 2023, Gesture served a second set of infringement contentions that included the '530 patent. Infringement Contentions, D.E. 72-4. Gesture did not advise the Court of its intention to do so, or seek leave of the Court.

The parties filed competing letters regarding whether the Court should have lifted the stay. D.E. 72-73. On April 13, 2023, following a conference with the parties to address their letters, this Court reinstated the stay of this matter. Order, D.E. 86. During that hearing, the Undersigned required that if Gesture sought to re-assert the '530 patent in this case, despite its exclusion from the original infringement contentions, Gesture would have to make a formal motion to its infringement contentions. Transcript, D.E. 87, 26:19-27:11.

3

On January 3, 2024, this Court lifted the stay. Order, D.E. 89. The Court also reiterated that for Gesture to include the '530 patent in this litigation, it would be necessary to formally move to amend its infringement contentions. *Id.* at 4 n.4. On January 26, 2024, Gesture filed the instant motion to amend its infringement contentions. Gesture seeks to "remove patent claims that are not currently active in this litigation[,]" and "properly focus the case" on claim 4 of the '949 patent and claims 1-2, 7-8, 14-15, 18, and claim 20 of the '530 patent. Memo. of Law in Supp., D.E. 93-1, at 4. Gesture contends that it acted with the requisite diligence, that there is good cause, and that LG will not be prejudiced by the amendment. *Id.*

On February 9, 2024, LG opposed the motion. LG contends that Gesture cannot show good cause for the amendments related to the '530 patent, because Gesture dropped the '530 patent from this litigation more than three years ago. Opp'n, D.E. 96, at 5. LG also asserts that Gesture should be judicially estopped from asserting the '530 patent after making the strategic decision to drop it from the original infringement contentions.[2] *Id.*

On February 16, 2024, Gesture filed a reply brief in further support of its motion. Reply, D.E. 97. Gesture maintains that at no point did it drop the '530 patent, and that judicial estoppel does not apply here because LG has known that Gesture asserts the '530 patent since Gesture filed the Complaint. *Id.* at 4-6.

## III.  DISCUSSION

The Local Patent Rules for the District of New Jersey require early disclosure of the patentee's infringement contentions and the alleged infringer's invalidity contentions. *Sanofi-*

---

[2] LG does not oppose Gesture's request to remove the patent claims that are no longer active in this litigation, following the *inter partes* review and reexamination proceedings. Opp'n, D.E. 96, at 16. There is good cause to permit this application, given the developments during the *inter partes* review and reexamination proceedings, which leave only claim 4 of the '949 patent in issue. Therefore, the Court will grant this application.

4

*Aventis v. Barr Labs., Inc.*, 598 F. Supp. 2d 632, 637 (D.N.J. 2009) (describing the disclosure requirements as something that must be disclosed "*ultra* early" (emphasis in original)).  One salient purpose of such early disclosure is "to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases."  *King Pharm., Inc. v. Sandoz Inc.*, No. 08-5974, 2010 WL 2015258, at *4 (D.N.J. May 20, 2010) (quoting *Computer Accelerations Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex 2007)) (internal quotations omitted).  The rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."  *King Pharm.*, 2010 WL 2015258, at *4 (citing *Atmel Corp. v. Info. Storage Devices, Inc.*, No. 95-1987, 1998 WL 775115, at *2 (N.D. Cal. Nov. 4, 1998)) (internal quotations omitted).  The courts of this District have distinguished this stricter standard from the more liberal standard to amend a pleading.  *See, e.g., Astrazeneca AB v. Dr. Reddy's Labs., Inc.*, No. 11-2317, 2013 WL 1145359, at *2-3 (D.N.J. Mar. 18, 2013).  Nevertheless, Rule 3.7 "is not a straitjacket into which litigants are locked from the moment their contentions are served . . . [a] modest degree of flexibility [exists], at least near the outset."  *Id.* at *2.  Therefore, although "preliminary . . . contentions are still preliminary it is important to recognize that the Local Patent Rules strive to have the parties establish their contentions early on."  *Id.* (internal quotations omitted).

      Local Patent Rule 3.7 allows for amendment of contentions "only by order of the Court upon a timely application and showing of good cause."  The United States Court of Appeals for the Federal Circuit has established that with respect to "good cause," parties must "proceed with diligence in amending when new information comes to light in the course of discovery."  *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006).  Thus,

good cause "considers first whether the moving party was diligent in amending its contentions." *Dr. Reddy's Labs.*, 2013 WL 1145359, at *3 (citing *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355 (Fed. Cir. 2006)).  The moving party bears the burden of establishing diligence and must prove that it was diligent not only in moving to amend, but also in discovering the grounds for the amendment.  *02 Micro Int'l Ltd.*, 467 F.3d at 1366.  If the court finds diligence, then it must consider whether the non-moving party would suffer prejudice if the court allows the amendment.  *Jazz Pharms., Inc. v. Roxane Labs., Inc.*, No. 10-6108, 2013 WL 785067, at *5 (D.N.J. Feb. 28, 2013).

### A. Whether Gesture Has Established Good Cause

<u>Gesture's Position</u>

Gesture claims that its request to amend to add the '530 patent to its infringement contentions is timely and made with good cause.  Memo. of Law in Supp., D.E. 93-1, at 3-5.  Gesture argues that it acted diligently by making the motion less than a month after the Court instructed it to make any such motion.  *Id.* at 3-4.  Gesture also maintains that its infringement contentions filed on February 17, 2023 were timely because the Local Patent Rules did not require service of those contentions until February 2023.  *Id.*  Gesture also asserts that it will be prejudiced if it is not allowed to amend the contentions.  *Id.*  Gesture also maintains that LG cannot demonstrate that it will be prejudiced because LG will not be required to spend additional resources, the amendments will not delay resolution of the dispute, and no additional discovery will be necessary.  *Id.* at 5.

<u>LG's Position</u>

In opposition, LG argues that Gesture did not act diligently.  Opp'n, D.E. 96, at 14.  LG argues that after LG sought *inter partes* review by the PTAB, Gesture abandoned the '530 patent

6

by not including it in the infringement contentions served on July 16, 2021. *Id.* at 13. Instead, Gesture chose to wait more than two years, and until the one-year statutory time bar for *inter partes* review passed,[3] before adding the '530 patent back into this matter. Given that delay, and the passage of the time bar for inter partes review, LG asserts that Gesture cannot establish good cause. *Id.* at 13-14. LG also asserts that Gesture has introduced no new evidence or changed circumstances to justify its recent request to amend. *Id.* Therefore, LG contends that Gesture cannot demonstrate good cause due to its lack of diligence. *Id.*

LG further asserts that allowing the amendment at this late stage of the litigation would cause it to suffer prejudice. First, as noted above, the one-year window for *inter partes* review has passed. Second, LG has been defending this matter since July 2021 on the premise that the '530 patent was no longer a part of this case. *Id.* at 1. Therefore, LG asserts that if the Court allowed the amendment, it would have to re-open discovery, and LG would have to spend a significant amount of time and resources reviewing and responding to the new infringement contentions and preparing its defenses for trial. *See id.* at 15.

Analysis

In determining whether Gesture has moved to amend its infringement contentions in a timely manner, the Court must examine Gesture's reasons for not seeking leave to amend earlier, to determine whether there is good cause to permit the amendment now. *See* L. Pat. R. 3.7. The Court cannot conclude based on the record that Gesture acted with the requisite degree of

---

[3] Specifically, LG asserts that while its motion for a stay of litigation was pending, the PTAB denied LG's petition for *inter partes* review of the '530 patent. Opp'n, D.E. 96, at 7. Because LG believed by that point that Gesture had excluded the '530 patent from this case, LG did not seek reconsideration of the PTAB's decision on the '530 patent. LG further asserts that by the time Gesture sought to re-introduce the '530 patent in this case, the one-year window for *inter partes* review under 35 U.S.C. § 315(b) had expired. *Id.* & n.1.

diligence in seeking to amend its infringement contentions to add the '530 patent. First, Gesture's argument that its motion to amend is timely because it was filed within a month of the Court directing any such application is entirely unpersuasive. It is true that Gesture filed its motion to amend its infringement contentions less than a month after the Court instructed that any amendments would require a formal motion. But the Court's instruction was not a substantive adjudication of the merits of the application. It merely clarified that Gesture could not amend its contentions as of right, and established a briefing schedule. In fact, the Court noted during a conference on April 23, 2023 that the '530 patent was conspicuously absent from the December 23, 2022 joint letter, and Gesture's opposition to the motion to stay, and that any such amendment would require motion practice. Transcript of April 23, 2023 conference, D.E. 87, at 25:12-27:11. The Court also noted that an application to amend infringement contentions carries "a very high standard . . . ." *Id.* at 27:6. Gesture's position would have the Court ignore the approximately nineteen months between its exclusion of the '530 patent in the July 16, 2021 infringement contentions, and its service of the proposed amended infringement contentions on February 17, 2023.

The record reflects that from at least July 2021 through mid-February 2023, Gesture effectively abandoned the '530 patent soon after filing the Complaint (which did include the '530 patent). Specifically, Gesture did not include the '530 patent in the infringement contentions it filed with the Western District of Texas in July 2021. *See* Ex. A, Initial Infringement Contentions, D.E. 72-1. Between November 2021 and April 2022, while litigating the issue of whether to stay this action pending *ex parte* reexaminations and *inter partes* reviews of the other patents, Gesture omitted entirely the '530 patent from its briefing and arguments, as well as from its list of Asserted Patents. In a December 23, 2022 joint status report, which included charts

8

identifying the status of the asserted claims, Gesture did not include the '530 patent, even as the charts discussed in detail the pertinent claims of the '431, '949, '079, and '924 patents. Joint Status Report, D.E. 57, at 3-5. Similarly, Gesture did not object to or otherwise challenge LG's assertion that following the conclusion of the PTAB's IPR and reexamination proceedings, only claim 4 of the '949 patent remained at issue in this case. *Id.* at 5-6.

Gesture did not raise the '530 patent until February 17, 2023, when it served the proposed amended infringement contentions. Even then, it offered no reason for the year-and-a-half delay, and instead simply stated that it "was not required to" file the contentions until that date. Memo. of Law in Supp., D.E. 93-1, at 4. Similarly, Gesture's reasoning for its failure to include the '530 patent in the original contentions was also that it "was not required to." *Id.* at 1. However, Gesture offers no case law or reasoning supporting this claim. *Id.* Simply stating it was not required to until ordered by this Court does not supply good cause, and is plainly inconsistent with early notice requirements of Local Patent Rule 3.1. Additionally, Gesture's motion papers assert neither a change in circumstances, nor that new information has come to light warranting re-introduction of the '530 patent. *See* Mot. to Amend Infringement Contentions, D.E. 93.

Gesture relies on *TFH Publications, Inc. v. Doskocil Mfg. Co., Inc.*, 705 F. Supp. 2d 361 (D.N.J. 2010), to argue that its amendment is timely. But *TFH* is readily distinguishable. In that case, TFH moved to amend its infringement contentions within two months of serving its initial contentions. Here, Gesture waited approximately nineteen months after filing its initial infringement contentions to serve the proposed amended contentions. Courts have held that far shorter delays, unaccompanied by a sound explanation, reflected a lack of due diligence. *See O2 Micro Int'l, Ltd.*, 467 F.3d at 1367 (holding that a three-month delay in amending infringement contentions without adequate explanation demonstrated a lack of diligence).

9

Rather than provide a justification for belatedly seeking to re-introduce the '530 patent after not including it in its July 2021 infringement contentions, Gesture instead suggests that the Court should not consider its July 2021 infringement contentions. Gesture argues that because the case was transferred, the transferee's local patent rules, and not the transferor's, govern the action. Memo. of Law in Supp., D.E. 93-1, at 4. Gesture argues that once the case was transferred, Gesture was not required to serve infringement contentions in New Jersey until February 17, 2023. Memo. of Law in Supp., D.E. 93-1, at 4. Gesture principally relies on *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. 12-852, 2012 WL 1831595 (N.D. Cal. May 18, 2012). But *Life Techs. Corp.* also is easily distinguished. In that case, the plaintiffs moved to amend their infringement contentions only a month after transfer, and only because the Northern District of California, the transferee district, required more information in the infringement contentions than the transferor district. *Life Techs. Corp.*, 2012 WL 1831595, at *2. Additionally, the defendants in that case were aware of the proposed changes before the amended infringement contentions were filed and thus did not suffer prejudice. *Id.* Even then, the court still analyzed the proposed amendment and basis for it, to determine whether amendment was appropriate. *Id.* By contrast Gesture waited approximately nineteen months after the transfer of the case to this district to serve the proposed amended infringement contentions. Additionally, as discussed more fully below, allowing the amendment to proceed at this late date will cause LG to suffer prejudice, because it has been litigating this case since July 2021 with the reasonable expectation that the '530 patent was no longer in the litigation.

Under Local Patent Rule 3.1, a party must disclose the asserted claims and infringement contentions not later than fourteen days after the initial scheduling conference. The purpose of this disclosure requirement is to put a defendant on early notice of the claims and infringement

10

contentions asserted against it so that discovery can proceed accordingly, and that defendant can prepare a defense. See *Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 12-952, 2012 WL 5818143, at *7 (D.N.J. Nov. 14, 2012) (describing the purpose of Local Patent Rule 3.1 is "to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases"). Local Patent Rule 3.1 requires early disclosure of infringement contentions so that the parties form their theories of the case early on and adhere to those theories, thereby providing "all parties with adequate notice and information to litigate their cases." *King Pharm.*, 2010 WL 2015258, at *4. By excluding any reference to the '530 patent from the original infringement contentions, and then seek to reinsert it nineteen months later, deprived LG of the opportunity to conduct discovery on the '530 patent. Notwithstanding the stay of this litigation due to the proceedings before the PTAB, the parties have completed the bulk of discovery. Fact discovery, which was originally set to close on July 30, 2024, now closes on September 30, 2024. *See* Amended Scheduling Order, D.E. 95, at ¶ 11; Order, D.E. 117. Moreover, the amendment Gesture proposes is not a minor one. It would not merely add an entirely distinct patent. It would expand this three-year-old case from one claim of one patent (*i.e.*, claim 4 of the '949 patent) to also include claims 1-2, 7-8, 14-15, 18, and 20 of the '530 patent. Discovery would have to start anew as to those amendments. Considering that discovery for just claim 4 of the '949 patent required approximately seven months, it appears likely that additional discovery would further protract this case by a factor of many months. Further, the one-year statutory window for LG to seek reconsideration of the PTAB's *inter partes* ruling on the '530 patent, or otherwise seek review of the '530 patent has passed. *Id.* at 13-14; *see Jazz Pharms., Inc.*, 2013 WL 785067, at *5 (discussing that for good cause, there must be diligence in moving to amend and the non-moving party must not suffer prejudice) (citations omitted).

11

Moreover, this is not a situation where Gesture learned of the '530 patent at some point after serving its infringement contentions, thus raising a colorable question of whether Gesture could not have included it sooner. Instead, it is manifest from the Complaint that Gesture has known of the '530 patent since the inception of this matter. Gesture chose to remove the '530 patent by omitting it from the July 16, 2021 infringement contentions and the myriad filings thereafter, and then chose to wait nineteen months to re-introduce it. By any measure, that is not good cause. *See Dr. Reddy's Labs.*, 2013 WL 1145359, at *3 (citing *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355 (Fed. Cir. 2006)); *Informatica Corp. v. Business Objects Data Integration Inc.*, Civ. No. 02-3378, 2006 WL 463549, at *1 (N.D. Cal. Feb, 23, 2006) (striking later added claims from infringement contentions for failure to disclose them in initial disclosures). Gesture, as the moving party, bears the burden of establishing diligence both in moving to amend and in discovering the grounds for the amendment. *02 Micro Int'l Ltd.*, 467 F.3d at 1366. The Court finds that Gesture has not met its burden.[4]

### IV. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Gesture's motion to amend its infringement contentions, D.E. 93. An Order consistent with this Opinion will issue.

*s/ Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE

Dated: August 2, 2024

---

[4] Because the Court concludes that Gesture has not established diligence or good cause under Local Patent Rules 3.1 and 3.7, it need not address LG's argument that Gesture is judicially estopped from amending its contentions.