**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | Civil Action No. 21-19234 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the appeal of Magistrate Judge Hammer's Order, Docket Entry No. 125, entered August 2, 2024 (hereinafter, the "MJ Order"), by Plaintiff Gesture Technology Partners, LLC ("Gesture.")  Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG") have opposed the appeal.  For the reasons that follow, the Magistrate Judge's Order will be affirmed.

The Opinion which accompanied the MJ Order states that Plaintiff had moved to amend its infringement contentions, and Defendants opposed that motion.  The Magistrate Judge granted in part and denied in part the motion to amend.  Plaintiff appeals the MJ Order insofar as it denied leave to amend the infringement contentions to add various claims of infringement of U.S. Patent No. 7,804,530 (the "'530 patent.")  As the Opinion explained:

> The record reflects that from at least July 2021 through mid-February 2023, Gesture effectively abandoned the '530 patent soon after filing the Complaint (which did include the '530 patent). Specifically, Gesture did not include the '530 patent in the infringement contentions it filed with the Western District of Texas in July 2021. *See* Ex. A, Initial Infringement Contentions, D.E. 72-1. Between November 2021 and April 2022, while litigating the issue of whether to stay this action pending *ex parte* reexaminations and *inter partes* reviews of the other

> patents, Gesture omitted entirely the '530 patent from its briefing and arguments, as well as from its list of Asserted Patents. In a December 23, 2022 joint status report, which included charts identifying the status of the asserted claims, Gesture did not include the '530 patent, even as the charts discussed in detail the pertinent claims of the '431, '949, '079, and '924 patents. Joint Status Report, D.E. 57, at 3-5. Similarly, Gesture did not object to or otherwise challenge LG's assertion that following the conclusion of the PTAB's IPR and reexamination proceedings, only claim 4 of the '949 patent remained at issue in this case. *Id.* at 5-6.
>
> Gesture did not raise the '530 patent until February 17, 2023, when it served the proposed amended infringement contentions. Even then, it offered no reason for the year-and-a-half delay . . .

(Magistrate Judge's Opinion of August 2, 2024 at 8-9.)  The Magistrate Judge found that Plaintiff had provided no justification for the delay in asserting its claims of infringement of the '530 patent, and that Gesture had failed to show good cause for the amendment, as required by L. Pat. R. 3.7, which states:

> Amendment of any contentions, disclosures, or other documents required to be filed or exchanged pursuant to these Local Patent Rules may be made only by order of the Court upon a timely application and showing of good cause.

As to the application to amend the infringement contentions to add claims from the '530 patent, the Magistrate Judge denied the motion.

On appeal, Gesture argues that, as to the denial of the motion to amend, the MJ Order is clearly erroneous and contrary to law.  A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); L. Civ. R. 72.1(c)(1)(A).  In this District, when "the magistrate has ruled on a non dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."  Kresefsky v. Panasonic Communs. & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996).  The burden is on the party filing the appeal to demonstrate that the standard for

2

modifying or setting aside the magistrate judge's ruling has been met.  Cardona v. Gen. Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996).

On appeal, Gesture makes two arguments.  First, Gesture contends that the Magistrate Judge's characterization of the infringement contentions filed February 17, 2023 as "proposed amended infringement contentions" is clearly erroneous.  Gesture argues that those infringement contentions were the first it filed in this case after transfer to the District of New Jersey and, as such, they are "the original" ones.  This Court will not dissect the definition of the word "original" because the record shows – and, indeed, Gesture's appeal brief states this – that the first set of infringement contentions was filed by Gesture while this case was proceeding in the Western District of Texas in July of 2021.  As already quoted, Magistrate Judge Hammer found this fact in the Opinion; Gesture's brief on appeal does not contest the factual determination, but rather admits the fact.  It is thus undisputed that Gesture filed a first set of infringement contentions in the Western District of Texas in July of 2021 – and it is undisputed that these contentions made no mention of any claims of infringement of the '530 patent.  On what basis would this Court determine that the Magistrate Judge's characterization of a subsequent submission of infringement contentions, in the same case, as "proposed amended infringement contentions," is clearly erroneous?  What is the clear error that Gesture believes the Magistrate Judge made?  The Court perceives no clear error in that characterization, nor does Gesture articulate a legal argument for why the 2023 contentions, although not historically first, should nonetheless be treated legally as first.

Second, Gesture argues that, in various ways, the Magistrate Judge's denial of the motion to amend is contrary to law.  Gesture contends:

3

> The Court's analysis of GTP's motion to amend is contrary to law because it mistakenly omits from its analysis and citations to case law that the parties agreed to and Court entered the February 17, 2023 deadline under Local Patent Rule 3.1 in the District of New Jersey that GTP met. See ECF 61 and 63. LG opened the door by agreeing to the Local Patent Rule 3.1 deadline in the District of New Jersey and has provided no legal basis for excluding the '530 patent from the case.

(Pl.'s Mag. Appeal Br. at 7.)  The case documents that Gesture cites are a joint letter from the parties proposing a scheduling order (Docket Entry No. 61), and the Magistrate Judge's entry of that proposed order (Docket Entry No. 63.)  Gesture then points to an argument it made almost a year later, in January of 2024, when Gesture moved to amend the infringement contentions:

> The infringement contentions previously served in the Western District of Texas, which omitted the '530 Patent, are of no consequence here because once a case is transferred, the transferee court's patent local rules govern the case moving forward. *See Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-00852 WHA, 2012 U.S. Dist. LEXIS 69976, 2012 WL 1831595, at *2 (N.D. Cal. May 18, 2012) (applying the Northern District of California's patent local rules to infringement contentions after the case transferred from the Eastern District of Texas). And GTP was not required to serve its infringement contentions in this case until February 17, 2023.

(Pl.'s Opening Br. Mot. To Amend at 8.)

Gesture thus offers two sketches of arguments about how the MJ Order is contrary to law. The first argument seems to rely on the idea that something about the transfer itself to the District of New Jersey nullified or wiped clean the history of the case in Texas, although Gesture cites no law in support.  There is also a suggestion that, by submitting a proposed joint scheduling order, the parties stipulated to an erasure of the preceding case history; if this is indeed what Gesture has in mind, again there are no law or facts cited in support.[1]

---

[1] In opposition, LG argues that Gesture has omitted the full procedural context in which that proposed joint scheduling order appeared, and that the proposed schedule was submitted in response to the Magistrate Judge's order, filed January 18, 2023, which stated: "From a review of the parties' joint status report, it appears that there is only one remaining claim of the seventy-

4

Lastly, there is Gesture's argument based on a district court decision in California, <u>Life Techs.</u>, which it presented to the Magistrate Judge in the brief in support of its original motion to amend. In the opinion appealed from, the Magistrate Judge considered the <u>Life Techs.</u> argument and held that it "is easily distinguished." (Magistrate Judge Opinion of August 2, 2024 at 10.) Gesture's brief in support of its appeal does not mount a challenge to the Magistrate Judge's reasoning about <u>Life Techs.</u> and has not raised this as an issue for appeal.

Gesture has failed to persuade the Court that the Magistrate Judge's decision, denying in part Plaintiff's motion to amend the infringement contentions, is clearly erroneous or contrary to law. Gesture offers nothing more than its unsupported belief that a transfer to a new judicial district with different local patent rules makes the history of litigation in the transferring court "of no consequence." (Pl.'s Opening Br. Mot. To Amend at 8.) Gesture has failed to persuade this Court that what happened in this case in Texas is of no consequence to the ongoing litigation in New Jersey; indeed, that argument is so lacking in support that it is frivolous.[2] In ruling on Plaintiff's motion to amend the infringement contentions, the Magistrate Judge considered the full history of the case, as is proper. Gesture has failed to show that the Magistrate Judge made any error. The Court concludes that the Magistrate Judge, in ruling that Plaintiff's motion to

---

two originally asserted claims." (Docket Entry No. 58 at 3.) The record shows that Gesture did not object to this order and did not appeal it. Rather, Gesture acquiesced to the Magistrate Judge's statement that only one claim remained in the case. This is consistent with the Magistrate Judge's view of Gesture as having "effectively abandoned the '530 patent." (Magistrate Judge Opinion of August 2, 2024 at 8.)

[2] If Gesture's theory of a "clean slate on transfer" were the law, the Court would be forced to conclude that any and all disclosures and representations made by Gesture during the Texas phase of the case are "of no consequence" and could no longer bind the Plaintiff. The suggestion is patently absurd.

amend should be denied in part, made a decision that is not only in accordance with the law and the facts, but also the right decision. The Magistrate Judge did not abuse his discretion.

Furthermore, the Court observes that the Magistrate Judge's decision appealed from is supported by Federal Rule of Civil Procedure 26(e):

(e) Supplementing Disclosures and Responses.

(1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
(B) as ordered by the court.

The applicable local patent rules may have changed when this case was transferred from Texas to New Jersey, but the Federal Rules of Civil Procedure did not change. Gesture provided LG with disclosure of its infringement contentions in July of 2021 in Texas. Rule 26(e)(1)(A) requires a party to supplement or correct such a disclosure "**in a timely manner**" if it learns that the disclosure is incomplete or incorrect. As the Magistrate Judge determined, Gesture waited nineteen months before it attempted to correct its disclosure of infringement contentions. In so doing, Gesture failed to meet its obligation to supplement or correct disclosure under Rule 26.

Gesture has neither offered any justification for the delay in supplementing the prior disclosure, nor shown that the delay did not prejudice LG. In short, Gesture's representation while the case was litigated in Texas clearly indicated that it did not assert infringement of the '530 patent. Gesture has submitted no facts – new or otherwise – to explain why or how that

position changed, or to justify a remarkably blatant effort to resurrect an infringement claim that it had previously indicated had been abandoned.

Moreover, LG has persuasively argued that it did suffer prejudice in two ways: 1) a potentially long delay in the litigation prompted by the discovery process for the proposed amended contentions; and 2) as LG argued in opposition to the original motion to amend (Def.'s Opp. Br. M. to Amend at 13), and the Magistrate Judge agreed (Magistrate Judge Opinion of August 2, 2024 at 11), LG allowed the deadline to seek reconsideration of the PTAB's *inter partes* ruling or otherwise seek review of the '530 patent, to pass.[3]

Rule 37(c) states:

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Magistrate Judge's decision is consistent with Rule 37(c)(1).

Plaintiff's appeal of the Magistrate Judge's order filed August 8, 2024 is denied. The Magistrate Judge's order filed August 8, 2024 will be affirmed.

For these reasons,

**IT IS** on this 13th day of November, 2024

**ORDERED** that Plaintiff's appeal of the Magistrate Judge's Order (Docket Entry No. 127) is **DENIED**; and it is further

---

[3] Gesture's contention that it would have been fruitless for LG to move for reconsideration is irrelevant because Plaintiff's conduct denied LG the opportunity to make an appropriate demonstration.

7

**ORDERED** that the Magistrate Judge's Order filed August 2, 2024 (Docket Entry No. 125) is **AFFIRMED.**

                                                s/ Stanley R. Chesler
                                                STANLEY R. CHESLER
                                               United States District Judge