Liza M. Walsh
Selina Ellis
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, N.J. 07102
Tel.: (973) 757-1100

*Attorneys for Defendants*
*LG Electronics, Inc.*
*and LG Electronics USA, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC., and LG ELECTRONICS U.S.A., INC.,<br><br>Defendants. | Honorable Stanley R. Chesler, U.S.D.J.<br>Honorable Michael A. Hammer, U.S.M.J.<br><br>No.: 21-cv-19234 (SRC)(MAH)<br><br>**DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS** |

## TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ..................................................................................1

    A. Only One Claim Remained After Gesture Failed to Reassert the '530 Patent and Affirmatively Dropped All Other Claims ..................1

    B. The Sole Remaining Claim in This Case Has Been Invalidated by the Federal Circuit, and No Other Issues Remain ............................3

II. LEGAL STANDARD ............................................................................................4

III. ARGUMENT .........................................................................................................5

    A. The Lone Asserted Claim Is Irretrievably Invalidated ..........................5

        1. Claim 4 of the '949 Patent Is the Only Claim in This Case ....................................................................................................5

        2. Because Claim 4 Is Invalid, Gesture Cannot Assert It ...............7

    B. There is No Basis for Continuing to Stay this Case ............................7

IV. CONCLUSION ......................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Angel Techs. Grp., LLC v. Meta Platforms, Inc.*,
  C.A. No. 2022-2100, 2024 WL 4212196 (Fed. Cir. Sept. 17, 2024) ................... 8

*Apple Inc., et al. v. Gesture Technology Partners, LLC*,
  No. 2023-1501 (Fed. Cir. Jan. 27, 2025) ............................................................. 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 4

*Bibbs v Trans Union LLC*,
  43 F.4th 331 (3d Cir. 2022) ................................................................................. 4

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013) ........................................................................... 7

*In re Gesture Technology Partners, LLC*,
  No. 2024-1038 (Fed. Cir. Jan. 27, 2025) ............................................................. 4

*Koss Corp. v. Bose Corp.*,
  107 F.4th 1363 (Fed. Cir. 2024) ........................................................................... 8

*Morse v. Lower Merlon Sch. Dist.*,
  132 F.3d 902 (3d Cir. 1997) ................................................................................ 4

*Packet Intel. LLC v. NetScout Sys. Inc.*,
  100 F.4th 1378 (Fed. Cir. 2024) .......................................................................... 7

*Parkervision, Inc. v. Qualcomm Inc.*,
  116 F.4th 1345 (Fed. Cir 2024) ........................................................................... 7

*Technology Partners, LLC v. Apple Inc.*,
  Case No. 4:22-cv-04806 (N.D. Cal.) ..................................................... 3, 5, 7, 8

*Wilkerson v. New Media Tech. Charter Sch. Inc.*,
  522 F.3d 315 (3d Cir. 2008) ................................................................................ 4

*XY, LLC v. Trans Ova Genetics*,
  890 F.3d 1282 (Fed. Cir. 2018) ........................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................4

Fed. R. Civ. P. 12(c).......................................................................................................4

Following the Federal Circuit's recent invalidation of the sole remaining patent claim in this litigation, Gesture once again attempts to improperly reassert claims that it previously dropped. But this time, Gesture does so after voluntarily *offering* to drop those claims, a move adopted and entered by this Court. The Court has time and again explained that Gesture asserts only claim 4 of the '949 patent. The Federal Circuit has now invalidated that claim, and all relevant appeals have concluded. There is no actual controversy and this case should be dismissed with prejudice.

## I.    FACTUAL BACKGROUND

### A.    Only One Claim Remained After Gesture Failed to Reassert the '530 Patent and Affirmatively Dropped All Other Claims

Gesture Technology Partners, LLC ("Gesture") originally asserted claims from five patents in a predecessor case in the Western District of Texas: U.S. Patent No. 8,878,949 (the "'949 patent"); U.S. Patent No. 8,553,079 (the "'079 patent"); U.S. Patent No. 8,194,924 (the "'924 patent"); U.S. Patent No. 7,933,431 (the "'431 patent"); and U.S. Patent No. 7,804,530 ("the '530 patent"). That case was transferred to this Court, at which time Gesture elected to proceed with only four of those patents, dropping the '530 patent entirely. *See* D.I. 124 at 8. Separately but concurrently, all claims of the four asserted patents—except claim 4 of the '949 patent—were invalidated through various United States Patent and Trademark Office *inter partes* review and *ex parte* reexamination proceedings. *See id.* at 4 n.2.

In January 2024, Gesture moved to amend its operative contentions to reassert the dropped '530 patent and sought to drop all other claims to "properly focus the case on claim 4 of U.S. Patent No. 8,878,949." D.I. 93-1 at 1. The Court denied Gesture's motion to reassert the '530 patent. But the Court *granted* Gesture's motion to drop the remaining claims, "remov[ing] any claims that are no longer active in this litigation following the *inter partes* review and reexamination proceedings, ***thereby leaving only claim 4 of the '949 patent***." D.I. 125 (emphasis added). Accordingly, following the District Court's adoption of that decision, D.I. 144, only claim 4 of the '949 patent remained in this case.

During the course of this litigation, this Court has confirmed at least five times that the parties were litigating only claim 4 of the '949 patent. *See* January 18, 2023 Order, D.I. 58, at 4 n.4 (lifting stay, noting that "[f]rom a review of the parties' joint status report, it appears that there is only one remaining claim of the seventy-two asserted claims."); April 23, 2023 Transcript, D.I. 87, 19:22–20:5 (explaining "all that remained" after the PTAB proceedings was claim 4); January 3, 2024 Order, D.I. 89 at 3–4 n.4 (lifting case stay as to only claim 4 of the '949 patent); August 2, 2024 Order, D.I. 124 at 11 (explaining Gesture sought to improperly "expand this three-year-old case from one claim of one patent (i.e., claim 4 of the '949 patent) to also include claims . . . of the '530 patent."); November 13, 2024 Order, D.I. 144 at

2

4–5 n.1 (reiterating that "Gesture acquiesced to the Magistrate Judge's statement that only one claim remained in the case.").

### B. The Sole Remaining Claim in This Case Has Been Invalidated by the Federal Circuit, and No Other Issues Remain

In the interest of efficiency, on January 14, 2025, the parties jointly requested that the Court again stay this case pending the outcome of (a) the then outstanding Federal Circuit appeals of the PTAB's decisions; and (b) "another pending litigation involving [Gesture]'s patents, **including claim 4 of the '949 patent**, against Apple Inc. in the Northern District of California. *See* Gesture *Technology Partners, LLC v. Apple Inc.*, Case No. 4:22-cv-04806 (N.D. Cal.)." D.I. 152 at 3–4 (emphasis added). The Court held a hearing on this request, and the parties stated that such a request would prevent the parties and Court from duplicative litigation. *See* D.I. 160 at 5:4–13. Specifically, as Gesture's counsel itself stated, the parties sought to determine the Federal Circuit's decisions on claim 4, and "avoid litigating **Claim 4** separately in [the] . . . case against Apple . . . [to] see what, if anything, there is to litigate against LG." *Id.* The Court later stayed the case. *See* D.I. 157 (emphasis added).

Then, on January 27, 2025, sooner than anticipated, the Court of Appeals for the Federal Circuit issued a series of decisions in some of the parties' pending appeals. Relevant here, the Federal Circuit held that claim 4 of the '949 patent—the sole remaining claim in this case—is invalid. *See* Op., *Apple Inc., et al. v. Gesture Technology Partners, LLC*, No. 2023-1501 (Fed. Cir. Jan. 27, 2025), ECF No. 66,

3

attached as Exhibit A. The Federal Circuit did not revive any previously invalidated claims, and all appeals concerning the '949 patent have concluded. *See* Op., *In re Gesture Technology Partners, LLC*, No. 2024-1038 (Fed. Cir. Jan. 27, 2025), ECF No. 49, attached as Exhibit B.

## II.   LEGAL STANDARD

A court analyzes a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "under the same standards that apply to a Rule 12(b)(6) motion." *Bibbs v Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022). To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quotation omitted). Courts must accept all well-pleaded factual allegations in the complaint as true, but legal conclusions are not accepted as true. *Id.* A court is not "obligated to accept as true bald assertions or unsupported conclusions and unwarranted inferences." *Morse v. Lower Merlon Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Accordingly, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of each necessary element of the claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008).

## III.   ARGUMENT

Gesture does not assert any valid claim in this case. Nor can it. This Court has time and again explained that Gesture asserts only claim 4 of the '949 patent. The Federal Circuit has now invalidated that claim, and all appeals for that patent have concluded. There is no actual controversy, and the Court should dismiss this case with prejudice.  Moreover, a continued stay of this case while all Federal Circuit appeals or the *Apple* case resolve is a waste of judicial resources as none of the pending cases will have any impact on this case.

### A.   The Lone Asserted Claim Is Irretrievably Invalidated

#### 1.   Claim 4 of the '949 Patent Is the Only Claim in This Case

The Court fully assessed which claims remained in this case when ruling on Gesture's Motion to Amend, and its subsequent appeal of Judge Hammer's decision. The Court concluded that Gesture asserted only claim 4 of the '949 patent in this case because it (a) "effectively abandoned" the '530 patent, D.I. 144 at 5 n.1 (quotation marks and citation omitted), and (b) affirmatively dropped all other claims in its Motion to Amend, D.I. 124 at 11. And as the Court has explained, Gesture did not condition its removal of other claims on any later appellate or other activity. D.I. 165 at 4:13–20, 9:20–25.[1]

---

[1] Indeed, Judge Hammer noted that even if Gesture intended to only remove those claims temporarily, as Gesture seemingly contends, then that was not made clear to

5

In its letter opposing dismissal, Gesture argued that it never actually dropped the claims at issue. D.I. 162. But, in support of its argument, Gesture cites to contentions served in February 2023, which came *before* Gesture explicitly dropped those claims in January 2024 in its Motion to Amend papers, *see* D.I. 93. Then, in the August 2, 2024 Opinion on Gesture's Motion to Amend, Judge Hammer clearly explained that Gesture sought to improperly "expand this three-year-old case from ***one claim of one patent (i.e., claim 4 of the '949 patent)*** to also include claims . . . of the '530 patent," D.I. 124 at 11 (emphasis added), and it accepted Gesture's offer to drop all remaining claims from this case, D.I. 125. The Court affirmed that decision.[2] D.I. 144 at 4–5 n.1.

At bottom, claim 4 was the sole claim in this case and now is invalid.

---

the Court. *See* D.I. 165 at 6:16-21. In any event, Gesture did not clarify its intent once this Court unambiguously ordered it to remove those claims from this case, suggesting that Gesture's current argument was not its previous intent.

[2] In fact, this Court already has confirmed at least five times that the parties were litigating only claim 4 of the '949 patent. *See* January 18, 2023 Order, D.I. 58, at 4 n.4 (lifting stay, noting that "[f]rom a review of the parties' joint status report, it appears that there is only one remaining claim of the seventy-two asserted claims."); April 23, 2023 Transcript, D.I. 87, 19:22–20:5 (explaining "all that remained" after the PTAB proceedings was claim 4); January 3, 2024 Order, D.I. 89 at 3–4 n.4 (lifting case stay as to only claim 4 of the '949 patent); August 2, 2024 Order, D.I. 124 at 11 (explaining Gesture sought to improperly "expand this three-year-old case from one claim of one patent (i.e., claim 4 of the '949 patent) to also include claims . . . of the '530 patent."); November 13, 2024 Order, D.I. 144 at 4–5 n.1 (reiterating that "Gesture acquiesced to the Magistrate Judge's statement that only one claim remained in the case.").

### 2. Because Claim 4 Is Invalid, Gesture Cannot Assert It

On January 27, 2025, the Federal Circuit held that claim 4 of the '949 patent—the sole remaining claim in this case—is invalid. *See* Ex. A. It is well established that, once a claim is affirmed as invalid, the owner cannot assert it. *See, e.g., XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282 (Fed. Cir. 2018) ("an affirmance of an invalidity finding, whether from a district court or the Board, has a collateral estoppel effect on all pending or co-pending actions."); *see also Parkervision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1362 (Fed. Cir 2024); *Packet Intel. LLC v. NetScout Sys. Inc.*, 100 F.4th 1378, 1381 (Fed. Cir. 2024); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1344 (Fed. Cir. 2013). Likewise, now that claim 4 of the '949 patent has been invalidated, Gesture cannot assert it here and the case should be dismissed.

### B. There is No Basis for Continuing to Stay this Case

Nothing in this case, the pending Federal Circuit appeals, or the *Apple* case will change this case's outcome. All asserted claims are invalid or dismissed, with all '949 patent appeals exhausted. Accordingly, the case should end now.

At the January 23, 2025 status conference, the parties agreed that a stay pending the outcome of (1) the Federal Circuit's review of the sole asserted claim in this case; and (2) Plaintiff's co-pending suit against Apple in the Northern District of California would maximize efficiency and decrease burden on this Court. That

was true at that time because *if* Claim 4 survived Federal Circuit scrutiny *then* the outcome of the *Apple* case may well have further narrowed or resolved issues for trial in this Court. Indeed, at that hearing Gesture's counsel explained this reasoning, noting that the parties sought to determine the Federal Circuit's decisions on claim 4, and "avoid litigating Claim 4 separately in [the] . . . case against Apple . . . [to] see what, if anything, there is to litigate against LG." *See* D.I. 160 at 5:4–13. But that is no longer the case because the Federal Circuit invalidated claim 4.

Now that claim 4 is irretrievably invalid, there are no further issues or claims that might be resolved or informed by the outcome of the *Apple* case. And even if other claims on appeal are revived, they are not at issue in *this case* because claim 4 was the only remaining asserted claim. It would be procedurally inefficient for the parties and Court to await now inconsequential decisions before ending this case. This case is complete and no controversy exists. *See Koss Corp. v. Bose Corp.*, 107 F.4th 1363, 1366-67 (Fed. Cir. 2024) (reasoning no case or controversy existed when plaintiff asserted invalid patents, meaning case was moot); *Angel Techs. Grp., LLC v. Meta Platforms, Inc.*, C.A. No. 2022-2100, 2024 WL 4212196, at *3 (Fed. Cir. Sept. 17, 2024) ("Because these claims have been found unpatentable and the time to appeal the Final Written Decisions has expired, there is no longer a case or controversy as to those claims.").

8

## IV. CONCLUSION

For the foregoing reasons, LGE respectfully requests the Court dismiss the Complaint with prejudice.

Dated: April 21, 2025

Respectfully submitted:

/s/ Liza M. Walsh
Liza M. Walsh
Selina Ellis
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Of Counsel:*

Matthew Satchell (*pro hac vice*)
DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606
(312) 368-4000

Martin Ellison (*pro hac vice*)
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
(310) 595-3000

Gregory J. Ferroni
DLA Piper LLP (US)
One Liberty Place
1650 Market Street

9

Suite 5000
Philadelphia, PA 19103
(215) 656-2439

*Attorneys for Defendants
LG Electronics, Inc.
and LG Electronics USA, Inc.*