# EXHIBIT B

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: GESTURE TECHNOLOGY PARTNERS, LLC,**
*Appellant*

---

2024-1038

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 90/014,903.

---

Decided: January 27, 2025

---

JOHN WITTENZELLNER, Williams Simons & Landis PLLC, Philadelphia, PA, argued for appellant. Also represented by ERIC CARR, MARK JOHN EDWARD MCCARTHY, FRED WILLIAMS, Austin, TX.

SARAH E. CRAVEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Coke Morgan Stewart. Also represented by MARY L. KELLY, AMY J. NELSON, FARHEENA YASMEEN RASHEED, PETER JOHN SAWERT.

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Gesture Technology Partners, LLC ("Gesture") appeals from an *ex parte* reexamination decision of the United States Patent and Trademark Office ("PTO") Patent Trial and Appeal Board ("the Board") holding claims 8–18 of U.S. Patent 8,878,949 ("the '949 patent") unpatentable as obvious. *In re Gesture Tech. Partners*, No. 2023-001857, Reexamination 90/014,903 (P.T.A.B. Aug. 8, 2023) ("*Decision*"), J.A. 1–29. For the reasons provided below, we *affirm*.

## BACKGROUND

The '949 patent is directed to a portable device that uses a sensor to scan a field of vision and detect a user command, *i.e.*, a gesture. When the device detects a gesture, its processing unit controls a digital camera to capture an image.

On appeal, Gesture directs its arguments to claims 13, 15, and 18, stating, as did the Board, that resolution of issues relating to those claims resolves the appeal of claims 8–12, 14, 16, and 17. We therefore also address only those claims.

Independent claim 13 of the '949 patent recites:

13. An image capture device comprising:

> [**13.a**] a device housing including a *forward facing portion*, the forwarding facing portion encompassing a digital camera adapted to capture an image and having a field of view and encompassing a sensor adapted to detect a gesture in the digital camera field of view; and

> [**13.b**] a *processing unit* operatively coupled to the sensor and to the digital camera, wherein the processing unit is adapted to:

>> [**13.b.i**] detect a gesture has been performed in the electro-optical sensor field of view based on an

> output of the electro-optical sensor, and
>
> [**13.b.ii**] correlate the gesture detected by the sensor with an image capture function and *subsequently capture* an image using the digital camera, wherein the detected gesture is identified by the processing unit apart from a plurality of gestures.

'949 patent col. 16, ll. 23–39 (numbering and emphasis added). Claim 15 depends from claim 13 and recites that "the detected gesture includes a pose." *Id.* at col. 16, ll. 42–43. Claim 18 also depends from claim 13 and recites that "the sensor is fixed in relation to the digital camera." *Id.* at col. 16, ll. 49–50.

Samsung Electronics Co., Ltd. filed a request for *ex parte* examination of the '949 patent, contending that U.S. Patent 6,115,482 ("Sears") raises a substantial new question of patentability as to the challenged claims. Sears discloses an electronic reading device that converts text to synthesized speech and allows users to navigate within text and select text using manual command gestures. **[J.A. 391, 398–401]** The PTO granted the request, and an examiner rejected claims 8–18 on the ground that Sears would have rendered the claims obvious. Gesture appealed the rejection to the Board, which affirmed.

Gesture timely appeals to this Court. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

"Obviousness is a mixed question of fact and law." *Novartis AG v. Torrent Pharms. Ltd.*, 853 F.3d 1316, 1327 (Fed. Cir. 2017). We review the Board's legal conclusion of obviousness *de novo* and its factual findings for substantial evidence. *See In re Enhanced Sec. Rsch., LLC*, 739 F.3d

1347, 1351 (Fed. Cir. 2014). Whether a reference qualifies as analogous prior art is also a question of fact that we review for substantial evidence. *Airbus S.A.S. v. Firepass Corp.*, 941 F.3d 1374, 1379 (Fed. Cir. 2019). We interpret claim terms by looking to their ordinary meaning in light of the specification and prosecution history. *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 677 (Fed. Cir. 2015).

The Board determined that Sears teaches claim element 13.a's "forward facing portion [of the device housing] encompassing a digital camera . . . [and] a sensor" limitation. *Decision*, J.A. 16–17. Gesture first argues that Sears is not analogous art because Sears is narrowly directed towards solving problems associated with electronic reading machines. But the Board found that Sears was analogous art because it relates to a processing unit that navigates through a document based on gestures, within the '949 patent's field of endeavor. We agree. Sears is in fact entitled "Voice-Output Reading System with Gesture-Based Navigation." It is analogous art.

Gesture further argues, assuming that Sears is analogous art, that the Board's finding concerning claim element 13.a was not supported by substantial evidence because claim element 13.a requires: (1) a single portion of the device housing that includes both the sensor and digital camera, and (2) said portion to face horizontally, and Sears does not teach either requirement. We disagree. As the Board explained, Sears primary embodiment discloses a digital camera and sensor next to each other in a "common" device housing—*i.e.*, in a single portion of the device housing. *Id.*, J.A. 17 (citing Sears at Figure 3, col. 18, ll. 15–18). Sears further discloses an embodiment in which the device, including the sensor and digital camera, is worn by a user as glasses that face horizontally on an upright person. *Decision*, J.A. 17 (citing Sears at Figure 4). The Board's finding that Sears teaches claim element 13a was therefore supported by substantial evidence.

Case 2:21-cv-00040-JRG Case: 23-1038 Document 166-5 Filed 01/27/2025 Document: 49 Page: 5 Filed: 01/21/2025 Page 6 of 7 PageID: 3215

IN RE: GESTURE TECHNOLOGY PARTNERS, LLC 5

The Board next determined that Sears teaches claim element 13b.'s "processing unit operatively coupled to the sensor and to the digital camera, wherein the processing unit is adapted to: detect a gesture . . . and subsequently capture an image using the digital camera" limitation. *Id.*, J.A. 19–20. Gesture contends that finding was not supported by substantial evidence because claim element 13b requires: (1) a processing unit, and (2) a digital camera that starts capturing an image after detecting a gesture, and Sears does not teach either requirement. We again disagree because the Board's findings are consistent with Sears. As the Board noted, Sears discloses a computer that is operatively coupled to a digital camera and sensor—*i.e.*, a "processing unit." *Id.*, J.A. 20 (citing Sears at col. 18, ll. 9–13). And for the processing unit's claimed function of taking a picture after a gesture is detected, Sears discloses an embodiment where an image capture only "begin[s]" once a gesture has been identified. *Id.* (citing Sears at col. 18, ll. 35–38).

Next, the Board concluded that Sears teaches or suggests claim 15: "The image capture device of claim 13 wherein the detected gesture includes a pose." *Id.*, J.A. 22. Gesture argues that the Board's finding was not supported by substantial evidence because it was dependent on an erroneous claim construction. According to Gesture, "pose," as used in claim 15, means a gesture that involves a body part other than a hand and, because Sears makes no such disclosure, the Board's finding with respect to claim 15 was not supported by substantial evidence. But the Board considered and rejected Gesture's construction, explaining that the plain and ordinary meaning of "pose" does not reference any specific body part, and therefore can include a hand-only gesture. *Decision*, J.A. 22 (discussing dictionary definitions of "pose"). Because Sears discloses hand-only gestures, *e.g.*, a closed fist, Sears at col. 10, l. 29, the Board's finding was supported by substantial evidence.

The Board finally found that Sears discloses claim 18: "The image capture device of claim 13 wherein the sensor is fixed in relation to the digital camera." '949 patent col. 16, ll. 49–50. Gesture asserts that the Board did not adequately explain its finding as to claim 18. We disagree. Gesture overlooks the Board's well-reasoned explanation which provides that Sears discloses an embodiment where the sensor and digital camera are mounted in immovable positions on the opposite sides of a user's head, and therefore "fixed in relation" to one another. *Decision*, J.A. 23 (citing Sears at col. 11, ll. 1–7).

Because Gesture does not present separate argument regarding the remaining claims of the '949 patent that the Board found obvious, viz., claims 8–12, 14, 16, and 17, we do not disturb those findings. Nor do we need to deal with claims 1–7 of this patent, as we have considered those claims in a separate opinion to be issued simultaneously with this opinion. *See Apple Inc. v. Gesture Tech. Partners, LLC,* No. 23-1501, slip op. at 3 (Fed. Cir. 2025).

Finally, Gesture argues that the Board lacked jurisdiction over this reexamination proceeding because the '949 patent has expired. That issue has been resolved, and rejected, in the separate opinion of *Apple*, No. 23-1501, slip op. at 5–7.

## CONCLUSION

We have considered Gesture's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the decision of the Board.

**AFFIRMED**