# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | : | Honorable Stanley R. Chesler, U.S.D.J. |
| Plaintiff, | : | |
| v. | : | Civil Action No. 21 CV 19234(SRC)(MAH) |
| LG ELECTRONICS INC., and LG ELECTRONICS U.S.A., INC., | : | |
| Defendants. | : | |

## GESTURE TECHNOLOGY PARTNERS, LLC'S BRIEF IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

**OF COUNSEL:**

Fred I. Williams
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX 78701

John Wittenzellner
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103

MIDLIGE RICHTER LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
James S. Richter

*Attorneys for Plaintiff,*
*Gesture Technology Partners, LLC*

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. The Motion Should Be Denied As Premature Because All Relevant Appeals Have Not Concluded. ................................................................................................ 2

    B. The Motion Should Be Denied Because GTP Did Not Affirmatively "Drop" All Claims Other Than Claim 4 Of The '949 Patent. ............................................. 2

        1. The Motion fails to identify any instance in which GTP affirmatively "dropped" patent claims. .............................................................................. 3

        2. The Motion fails to explain why Defendants agreed to stay the case in view of appeals pertaining to claims other than claim 4 of the '949 Patent if GTP supposedly "dropped" all other claims. ............................... 6

        3. The Motion should be denied because Defendants should not be permitted to renege on their agreement to stay the entire case. .................. 7

III. CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Cordis Corp. v. Bos. Sci. Corp.*,
   No. 03-027-SLR, 2009 U.S. Dist. LEXIS 93403 (D. Del. Sep. 30, 2009) ................................. 8

*Green Pet Shop Enters., LLC v. Telebrands Corp.*,
   Civil Action No. 17-6179 (SRC), 2018 U.S. Dist. LEXIS 11124 (D.N.J. Jan. 24, 2018).......... 3

*M2 Software, Inc. v. M2 Commc'ns, LLC*,
   217 F.R.D. 499 (C.D. Cal. 2003) .......................................................................................... 8

*Prodox, LLC v. Prof'l Document Servs.*,
   341 F.R.D. 679 (D. Nev. 2022) ............................................................................................. 7

Plaintiff, Gesture Technology Partners, LLC ("GTP") submits this response brief in opposition to Defendants' Rule 12(c) Motion for Judgment on the Pleadings (D.E. 166, the "Motion").

## I. INTRODUCTION

The Motion should be denied because it rests on two false premises submitted by Defendants:

1. "The Federal Circuit has now invalidated [claim 4], and all relevant appeals have concluded;" and

2. GTP "voluntarily" offered to "drop" all asserted claims other than claim 4.

Motion at 1.

To Defendants' first false premise, Defendants neglect to mention the Supreme Court of the United States. After receiving an extension from Chief Justice Roberts, GTP's deadline to file its petition for a writ of certiorari is June 11, 2025. All relevant appeals will not have concluded until the Supreme Court either (i) denies GTP's petition for a writ of certiorari or (ii) after granting GTP's petition, issues an opinion on GTP's appeal. Neither of those events has occurred, so the Motion should be denied.

On Defendants' second false premise, one would expect the Motion to include a quote from GTP of its supposed "affirmative" statement in which GTP "dropped" the '431 and '924 Patents from this case. But the Motion fails to identify any such statement because GTP has not affirmatively "dropped" the claims. Accordingly, the Motion should be denied.

## II. ARGUMENT

### A. The Motion Should Be Denied As Premature Because All Relevant Appeals Have Not Concluded.

The Supreme Court of the United States has jurisdiction over appeals from the Federal Circuit pursuant to 28 U.S.C. § 1254(1) ("By writ of certiorari granted upon the petition of any party to any civil or criminal case, before or after rendition of judgment or decree;"). GTP timely filed an Application for an Extension of Time Within Which to File Petition for a Writ of Certiorari to the United States Court of Appeals for the Federal Circuit, for the decision invalidating claim 4 of the '949 Patent[1] on April 17, 2025, four days before Defendants filed the Motion. *See* Exhibit A.[2] The Chief Justice granted the application on April 23, 2025, and extended the time for GTP to file its petition for writ of certiorari to June 11, 2025. *See* Exhibit B. GTP intends to timely file its petition for a writ of certiorari on or before June 11, 2025.

All relevant appeals will thus not have concluded until the Supreme Court either (i) denies GTP's petition for a writ of certiorari or (ii) after granting GTP's petition, issues an opinion on GTP's appeal. Neither of those events has occurred, so the Motion should be denied.

### B. The Motion Should Be Denied Because GTP Did Not Affirmatively "Drop" All Claims Other Than Claim 4 Of The '949 Patent.

Through its repeated misrepresentations that GTP affirmatively "dropped" claims, the Motion tacitly concedes that the request to dismiss the '431 and '924 Patents is effective only if GTP makes an affirmative statement doing so. *See generally* Motion. That concession is

---

[1] GTP's application includes the Federal Circuit decision invalidating claim 4 of the '949 Patent (Nos. 2023-1501 and 2023-1554), as well as other decisions regarding the asserted patents. *See* Exhibit A.
[2] All references to Exhibits are to those exhibits attached to the May 12, 2025 Declaration of James S. Richter.

2

consistent with cases in this district, dismissing claims after an affirmative statement by the plaintiff:

> The Court notes that, in fact, the Amended Complaint continues to assert a claim for contributory infringement in paragraphs 27 and 36. <u>Because Plaintiff has affirmatively stated that it removed the contributory infringement claim</u> and that that issue is moot, this Court finds that Plaintiff has abandoned its claims of contributory infringement. To the extent that the Amended Complaint contains any claim for contributory patent infringement, such claims will be dismissed with prejudice.

*Green Pet Shop Enters., LLC v. Telebrands Corp.*, Civil Action No. 17-6179 (SRC), 2018 U.S. Dist. LEXIS 11124, at *3 (D.N.J. Jan. 24, 2018) (emphasis added). The Motion fails to identify any such affirmative statement by GTP. Accordingly, the Motion should be denied.

### 1. The Motion fails to identify <u>any</u> instance in which GTP affirmatively "dropped" patent claims.

The following table contains all of the citations in the Motion that supposedly show that GTP affirmatively "dropped" the '431 and '924 Patents from this case:

| Citation | Document | Where Cited |
|---|---|---|
| D.E. 58 | Court Order denying D.E. 57 | Motion at 2 |
| D.E. 87, 19:22-20:5 | Hearing transcript dated April 13, 2023 (Magistrate Judge Hammer speaking) | Motion at 2 |
| D.E. 89 | Court Order lifting stay as to claim 4 of the '949 Patent | Motion at 2 |
| D.E. 93 | Notice of GTP's motion to amend its infringement contentions | Motion at 2 & 6 |
| D.E. 124 | Court Opinion regarding D.E. 93. | Motion at 1, 2, 6 |
| D.E. 125 | Court Order granting in part and denying in part D.E. 93. | Motion at 2 & 6 |
| D.E. 144 | Court Opinion & Order regarding GTP's appeal of D.E. 125 | Motion at 2, 3, 5, 6 |
| D.E. 157 | Court Order granting joint letter requesting to stay the case in view of pending appellate decisions related to the '431, '949, and 924 Patents | Motion at 3 |
| D.E. 160 at 5:4-13 | Hearing transcript dated January 23, 2025 (GTP discussing claim 4 of the '949 Patent) | Motion at 3 |

3

| Citation | Document | Where Cited |
|---|---|---|
| D.E. 165 at 4:13-20, 9:20-25 | Hearing transcript dated March 28, 2025 (Magistrate Judge Hammer speaking) | Motion at 5 |

Of the 10 documents cited, only three contain a statement from GTP—the majority are Court orders or opinions, or portions of hearing transcripts where Magistrate Judge Hammer is speaking, not GTP. It should go without saying that only GTP can make affirmative statements about whether GTP is or has "dropped" patents from this case. But that did not deter Defendants from seeking to rely on other documents.

None of the three documents that contain statements from GTP contain any affirmative statement that GTP had "dropped" the '431 and '924 Patents. The first document is D.E. 93, which is the Notice of Plaintiff Gesture Technology Partners, LLC's Motion to Amend Infringement Contentions, which was filed on January 26, 2024. The notice does not contain any reference to the '431 and '924 Patents. *See* D.E. 93. The accompanying memorandum (D.E. 93-1) notes that GTP sought leave to amend its infringement contentions in view of the Court's January 3, 2024 Order (D.E. 89 at 3, fn. 4). *See* D.E. 93-1 at 1.

That January 3, 2024, order notes that discovery had been stayed as to all claims "pending resolution of appeals of inter partes review proceedings ('IPR') and reexamination proceedings before the Patent Trial and Appeal Board ('PTAB'). . . ." D.E. 89 at 1. The Court granted GTP's request to lift the stay on discovery as to claim 4 of the '949 Patent: "The Court finds it prudent to proceed with discovery on claim 4, the one remaining claim that has survived both IPR and reexamination proceedings." *Id.* at 3, fn. 4); *see also id.* at 4. GTP moved to amend its infringement contentions "in light of" that order, recognizing that such discovery would be limited to claim 4 of the '949 Patent. *See* D.E. 93-1 at 1; *see also id.* at 4 ("The removal of these claims

4

helps to streamline the case going forward."). Neither the notice nor the memorandum contains an affirmative statement "dropping" the '431 and '924 Patents from the case. Rather, those patents remained stayed in favor of IPR and reexamination proceedings.

The second document is D.E. 157, which is the Court order granting the joint status letter, dated January 14, 2025, which requested to stay the case in view of pending appellate decisions related to the '431, '949, and 924 Patents. Although the Court order itself cannot be an affirmative statement by GTP, the Court's statement does not reference the '431 and '924 Patents. D.E. 157 at 4. The Court order does reference the joint status letter that includes statements by GTP. But in those statements, GTP requests (along with Defendants) a stay pending appellate decisions related to all of the '431, '949, and 924 Patents. It would be nonsensical for GTP to request a stay pending appellate decisions related to the '431 and '924 Patents if GTP had supposedly "dropped" those patents. Thus, the statements by GTP in D.E. 157 confirm that GTP had <u>not</u> affirmatively dropped the '431 and '924 Patents.

The third document is D.E. 160, which is a transcript of the hearing held on January 23, 2025. The entirety of the portion of the hearing transcript cited in the Motion, which contains statements from GTP's counsel, is reproduced below:

> At the same time, to answer the Court's question more directly, I think the benefit to the parties and to the Court of a stay is to get the benefit of those rulings and also, at least from Gesture's perspective, to avoid litigating Claim 4 separately in that the California case against Apple, and in Your Honor's court, just judicial efficiency and party efficiency issue, the parties are -- have, on both of the positions, it will be good to have the Apple case play through, and then we'll see what, if anything, there is to litigate against LG.

D.E. 160 at 5:4-13. Notably, GTP did not make any statements about "dropping" the '431 and '924 Patents. *See id.* To the contrary, counsel for GTP recognized that the Federal Circuit may yet reverse Patent Office decisions that had found invalid other patent claims:

5

> The other -- the other, kind of, shoe out there is there's a possibility that other claims will come back to life from the Federal Circuit. Instead of troubling this Court with expert discovery and everything entailed in getting up to trial on just Claim 4, with a longer stay, we think we can bring the Court a more definite package of what we think needs to be litigated, if anything.

*Id.* at 6:5-11. Far from "dropping" all claims other than claim 4 of the '949 Patent, GTP affirmed that it had not "dropped" the other claims because there was a potential that additional claims from those patents would need to be litigated in this case after completion of the pending appeals. *See id.*

> **2.    The Motion fails to explain why Defendants agreed to stay the case in view of appeals pertaining to claims other than claim 4 of the '949 Patent if GTP supposedly "dropped" all other claims.[3]**

The Motion argues that GTP "dropped" all claims besides claim 4 of the '949 Patent in D.E. 93, which was filed on January 26, 2024. *See* Motion at 2 & 6 (citing D.E. 93). But nearly one year later, Defendants filed a joint letter with GTP on January 14, 2025, requesting that the Court stay the case in view of pending appellate decisions related to the '431, '949, and 924 Patents:

> GTP and LG propose that the matter be stayed until decisions are reached in all of the aforementioned pending proceedings. If this is acceptable to Your Honor, we respectfully request that Your Honor sign the below form of endorsement.

D.E. 152 at 4. If the other claims had already been irretrievably "dropped" from the case, as Defendants now argue, the appeals pertaining to the '431 and '924 Patents would have been irrelevant to this case. In other words, if the other claims had already been irretrievably "dropped" from the case, the requested stay should and would have been limited to appeals pertaining to claim

---

[3] GTP raised this same issue in its letter to the Court dated March 3, 2025, but Defendants did not have a response. D.E. 162 at 5.

6

4 of the '949 Patent. But that is not what occurred because the parties understood—at least as recently as January 14, 2025, when they requested the current stay—that the claims of the '431 and '924 Patents were to remain stayed because they had not been "dropped" from the case.

The Motion also nonsensically argues that the parties agreed to stay the case as to all pending appeals "[i]n the interest of efficiency." *See* Motion at 3. Staying a case pending the outcome of appellate decisions pertaining to the '431 and '924 Patents, if they had actually been "dropped" as Defendants claim, would be an inefficient waste of Court and party resources, which is the opposite of efficiency. Defendants' argument that "a continued stay of this case while all Federal Circuit appeals . . . resolve is a waste of judicial resources as none of the pending cases will have any impact on this case" (Motion at 5 (emphasis added)) is also nonsensical. If a stay pending the outcome of appellate decisions pertaining to the '431 and '924 Patents is "a waste of judicial resources," as Defendants argue, they should not have sought to stay the case in view of the pending appellate decisions related to the '431 and 924 Patents.

In sum, there is no rational explanation for why Defendants agreed to stay the case in view of appeals other than they understood at the time that GTP had not "dropped" all claims other than claim 4 of the '949 Patent.

### 3. The Motion should be denied because Defendants should not be permitted to renege on their agreement to stay the entire case.

The Court entered the operative stay in this case in response to a joint request to stay the case "until decisions are reached in all of the aforementioned pending proceedings." D.E. 152 at 4. Inherent to that request is the agreement between the parties that the appeals pertaining to the '431 and '924 Patents are relevant. If GTP had already "dropped" those patents from the case, as Defendants now argue, Defendants would not have agreed to stay the case pending the appellate decisions for the '431 and '924 Patents.

7

Courts have recognized that a litigation party should not be permitted to renege on an agreement to gain a litigation advantage. *See, e.g., Prodox, LLC v. Prof'l Document Servs.*, 341 F.R.D. 679, 685-86 (D. Nev. 2022) ("The Court will not countenance an attorney's attempt to renege on his prior agreement as a means to gain a litigation advantage.") (citing *M2 Software, Inc. v. M2 Commc'ns, LLC*, 217 F.R.D. 499, 500 (C.D. Cal. 2003)); *Cordis Corp. v. Bos. Sci. Corp.*, No. 03-027-SLR, 2009 U.S. Dist. LEXIS 93403, at *11 (D. Del. Sep. 30, 2009) ("By this request, BSC seeks to renege on its pretrial stipulation entered into with Cordis whereby the parties agreed to forego such discovery and further agreed that the lost profits recoverable by both BSC and Cordis could include the lost profits of their respective affiliates. Again, there is no basis in law or fact that justifies allowing BSC to withdraw from its agreement."). Unfortunately, however, that is precisely what Defendants seek to do here.

Taking their arguments at face value, Defendants agreed to stay the case pending decisions in appeals pertaining to the '431 and '924 Patents, even though Defendants believed at the time that GTP had already "dropped" the '431 and '924 Patents. By doing so, Defendants concealed their position from GTP—if Defendants agreed to only a narrower stay pending a decision in the appeal related to the '949 Patent, then GTP would have been made aware sooner about the dispute underlying the Motion. As a result, Defendants gained an improper litigation advantage. Accordingly, Defendants should be precluded from reneging on their prior agreement and the Motion should be denied.

### III.  CONCLUSION

For the foregoing reasons, GTP respectfully requests that the Court deny Defendants Motion for Judgment on the Pleadings.

8

Dated: May 12, 2025

By: /s/ James S. Richter
James S. Richter
MIDLIGE RICHTER LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
*Attorneys for Plaintiff,*
*Gesture Technology Partners, LLC*

**OF COUNSEL:**

Fred I. Williams
Texas State Bar No. 00794855
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
106 East Sixth Street, Suite 900-168
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff,*
*Gesture Technology Partners, LLC*