UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | Civil Action No. 21-19234 (SRC) |
| Plaintiff, | |
| v. | OPINION & ORDER |
| LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion for judgment on the pleadings that "the sole remaining claim in this case has been invalidated by the Federal Circuit, and no other issues remain," by Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"). (Defs.' Br. at 3.) Plaintiff Gesture Technology Partners, LLC ("Gesture") has opposed the motion, and LG filed a reply. For the reasons that follow, the motion will be denied as premature.

As to the Federal Circuit's invalidation of claim 4 of the '949 patent, Gesture contends that the motion should be denied as premature because all relevant appeals have not yet concluded; the deadline for filing a petition for *certiorari* with the Supreme Court was extended until June 11, 2025. The Federal Circuit has not yet issued a final judgment of the invalidity of claim 4. In reply, LG states that it is amenable to this Court withholding a decision on this motion until the finality of the Federal Circuit's decision has been established. (LG Reply Br. at 7 n.3.) This Court finds that the better route is to rule on the motion expediently, denying it as

premature, as Gesture contends, with the understanding that LG may renew it should the appropriate time arrive.

The Third Circuit has stated:

> We analyze a motion for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c) under the same standards that apply to a Rule 12(b)(6) motion. Under Rule 12(c), a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party. A court may grant a Rule 12(c) motion if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law. A plaintiff can survive a Rule 12(c) motion if her complaint contains sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.

Bibbs v. Trans Union LLC, 43 F.4th 331, 339 (3d Cir. 2022) (citations omitted.)

Gesture's Complaint in this case asserts five claims for patent infringement, as to the '924, '431, '949, '079, and '530 patents. Under Third Circuit law, then, the key question at this juncture is whether LG has shown that, as to the four claims for infringement of the '924, '431, '079, and '530 patents, it is entitled to judgment as a matter of law. This Court finds that LG has done so.

As LG states, on January 26, 2024, Gesture moved to amend its infringement contentions, filing a brief that predominantly focused on adding infringement contentions for the '530 patent, but which also stated:

> GTP's amended infringement contentions remove the claims that are not currently active in this case. Specifically, the amended infringement contentions remove claims 1-10, 12, and 14 of the '924 Patent; claims 11 and 13 of the '431 Patent; and claims 11 and 18 of the '949 Patent. See Exhibit 1. The removal of these claims helps to streamline the case going forward. The amended infringement contentions will help focus discovery on claim 4 of the '949 Patent and claims 1-2, 4, 7-8, 14-15, 18, and 20 of the '530 Patent.

(Pl.'s Amend. Br. at 4, Docket Entry No. 93-1.) The motion was fully briefed and, on August 2, 2024, the Magistrate Judge issued an opinion and order which denied the motion in part and granted it in part. As to the application to amend the infringement contentions to add in the '530 patent, the motion was denied. As to the application to remove infringement contentions related to the '924 and '431 patents, the Magistrate Judge's order stated:

> Plaintiff's application to amend its infringement contentions to remove any claims that are no longer active in this litigation following the inter partes review and reexamination proceedings, thereby leaving only claim 4 of the '949 patent is granted.

In its brief in opposition to the instant motion for judgment on the pleadings, Gesture argues that what LG needs, but does not have, is an "affirmative statement" from Gesture that it is removing the claims from the case. (Defs.' Opp. Br. at 2.) This Opinion has just quoted such an affirmative statement, made by Gesture on page 4 of the brief in support of the motion to amend the infringement contentions: Gesture clearly and affirmatively declared its intent to remove certain claims and patents from the infringement contentions and from the "case going forward." (Pl.'s Amend. Br. at 4.) Gesture clearly and affirmatively asked to remove the specified claims and patents from the infringement contentions and from the case going forward, and the Magistrate Judge granted that application. Gesture then appealed the Magistrate Judge's ruling to this Court, but clearly stated that it appealed a particular part of the ruling, "ECF 125 at ¶ 1.b." (Pl.'s MJ Appeal Br. at 3.) In the Magistrate Judge's Order, Docket Entry No. 125, paragraph 1.b is the subsection which denied the motion to add the '530 infringement contentions, while paragraph 1.a, just quoted above, granted the motion to remove claims that are no longer active.

3

The parties have not disputed Gesture's assertion that the law requires only "an affirmative statement" that removes the claims from the case.  This Court finds: 1) Gesture clearly made that affirmative statement and asked the Magistrate Judge to remove the claims from the case; 2) the Magistrate Judge recognized this application and clearly granted it; and 3) Gesture did not appeal the grant of its application to remove the claims, nor did it seek reconsideration of the Magistrate Judge's decision to grant the application.  Gesture sought the removal of all claims in this case except for claim 4 of the '949 patent and the claims at issue from the '530 patent.  The Magistrate Judge denied the application to add the claims from the '530 patent, and this Court affirmed the Magistrate Judge's order on November 13, 2024.  The only claim that remains active in this case is claim 4 of the '949 patent.

For these reasons,

**IT IS** on this 29th day of May, 2025

**ORDERED** that Defendants' motion for judgment on the pleadings (Docket Entry No. 166) is **DENIED** as premature, and may be refiled should the appropriate time arise.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge
