

**JAMES S. RICHTER**
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

December 1, 2025

**BY ECF**

Honorable Michael A. Hammer, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *Gesture Technology Partners, LLC v. LG Electronics, Inc.*, et al.
              Civil Action No. 21 CV 19234 (SRC) (MAH)

Dear Judge Hammer:

      This firm, along with Williams Simons & Landis PC, represents Plaintiff Gesture Technology Partners, LLC ("GTP") in the above-referenced matter. We write jointly with Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LGE") pursuant to Your Honor's September 9, 2025 Text Order requesting a joint status report no later than December 1, 2025 (D.I. 175).

### I.    GTP's Position

      The patents included in GTP's February 27, 2023, L. Pat. R. 3.1 Infringement Contentions were U.S. Patent Nos. 8,194,924 ("the '924 patent"), 7,933,431 ("the '431 patent"), 8,878,949 ("the '949 patent"), and 7,804,530 ("the '530 patent"). *See* D.I. 93-2. On April 13, 2023 the Court "stayed this matter pending resolution of the appeals of the IPR and reexamination proceedings." D.I. 86. On January 3, 2024 the Court lifted the stay as to claim 4 of the '949 patent. D.I. 89. All appeals against the aforementioned patents are now concluded,

      On January 14, 2025, the parties submitted a joint request to stay this case pending the conclusion of (1) seven appeals (involving three patents) before the United States Court of Appeals for the Federal Circuit and (2) *Gesture Technology Partners, LLC v. Apple Inc.,* Case No. 4:22-cv-04806 (N.D. Cal.). D.I. 152. That joint request acknowledged that the stay relates to four patents: U.S. Patent No. 8,194,924 (the "'924 Patent"), U.S. Patent No. 7,933,431 (the "'431 Patent"), U.S. Patent No. 8,878,949 (the "'949 Patent"), and U.S. Patent No. 7,804,530 (the "'530 Patent"). *Id.* at 2-4.

      All of those seven appeals are now concluded,. There are no pending appeals against the '530 patent, and all claims of the '530 patent remain patentable, but the Court has previously ruled that the '530 patent is not live in this case. *See* Dkt Nos. 124, 125, and 144.




Honorable Michael A. Hammer, U.S.M.J.                              December 1, 2025
                                                                            Page 2

The following chart shows the final written decision outcomes from IPRs and *ex parte* reexaminations, and the status of all prior appeals, for the '924 patent, the '431 patent, and the '949 patent:

| Patent-at-Issue | Federal Circuit Appeal Number (IPR or Reexamination Number) | Federal Circuit Status / Outcome | Asserted Claims in this Litigation | Claim Status |
|---|---|---|---|---|
| U.S. 7,933,431 | CAFC 23-1475 (IPR2021-00920) and CAFC 23-1444 (IPR2021-00917) | Affirmed that claims 1–10, 12, and 14–31 are unpatentable. Affirmed that claims 11 and 13 are *not* found unpatentable. | 11 and 13[1] | Petition for *certiorari* denied on November 17, 2025. Supreme Court Docket No. 24-1281. |
| U.S. 7,933,431 | CAFC 25-1075 (90/014,901) | GTP appealing final office action that all claims rejected as unpatentable | 11 and 13 | CAFC Judgment affirming PTAB decision that claims 11 and 13 are unpatentable entered on December 1, 2025. |
| U.S. 8,878,949 | CAFC 23-1501 (IPR2021-00921) | Affirmed that claims 1–3 and 5–7 are unpatentable. Reversed the Board's determination that claim 4 is not unpatentable. | 4, 11, and 18 | Petition for *certiorari* denied on November 17, 2025. Supreme Court Docket No. 24-1280. |

---

[1] *Unified Patents, LLC v. Gesture Technology Partners, LLC*, IPR2021-00917, was also instituted by the PTAB, and challenged asserted claims of the '431 Patent. Claims 10, 11, and 13 were not found unpatentable in that IPR in a Final Written Decision that issued on November 21, 2022.



Honorable Michael A. Hammer, U.S.M.J.                                                        December 1, 2025
                                                                                                                                          Page 3

| U.S. 8,878,949 | CAFC 24-1038 (90/014,903) | Affirmed that claims 8-18 are unpatentable. | 4, 11, and 18 | Petition for *certiorari* denied on November 17, 2025. Supreme Court Docket No. 24-1280. |
|---|---|---|---|---|
| U.S. 8,194,924 | CAFC 23-1494 (IPR2021-00923) | Affirmed that claims 1–14 are ***not*** unpatentable. | 1-10, 12, and 14 | No Appeal pending. |
| U.S. 8,194,924 | CAFC 24-1585 (90/014,902) | Affirmed that claims 1-14 are unpatentable. | 1-10, 12, and 14 | CAFC Judgment affirming PTAB decision entered on October 15, 2025. |

There is another pending, stayed litigation involving GTP's patents, against Apple Inc. in the Northern District of California. *See Gesture Technology Partners, LLC v. Apple Inc.*, Case No. 4:22-cv-04806 (N.D. Cal.).

GTP agrees to dismiss this entire case with prejudice, with each party bearing its own fees and costs.

## II.    <u>LGE's Position</u>

LGE agrees with GTP's position that there is nothing left to litigate in this case or that any pending appeals or other cases will change that fact. Following full appellate proceedings on the '949 patent, GTP and LGE agree that the lone claim at issue in this case—claim 4 of the '949 patent—is irretrievably invalidated. For all the reasons explained in its briefs on LGE's Motion to Dismiss, *see* D.I. 166, 167, 168, and its prior status update to the Court, *see* D.I. 174, LGE agrees that this case is ripe for dismissal now. And as with LGE's prior status update to the Court, *see* D.I. 174 at 4 n.2, LGE objects to GTP's inclusion of information on pending matters and appeals that do not concern the validity of claim 4 of the '949 patent. GTP previously has argued that its inclusion of other appeals supports its position that any patent and claim other than claim 4 of the '949 patent is at issue in this case. *See* D.I. 167 at 8. This Court has held otherwise. *See* D.I. 172.

Accordingly, LGE will not oppose GTP's dismissal of this entire case with prejudice, with each party bearing its own fees and costs.



Honorable Michael A. Hammer, U.S.M.J.            December 1, 2025
Page 4

**III.**     **<u>Conclusion</u>**

      The parties thank Your Honor for Your continued attention to this matter and look forward to discussing this matter with You, should You so request. Should Your Honor have any questions, the parties are available at Your convenience.

Respectfully submitted,

s/ *James S. Richter*

James S. Richter

cc:     All Counsel of Record (via ECF and Email)

